Thomas E. Hill (SBN 100861)
thomas.hill@hklaw.com
Christina T. Tellado (SBN 298597)
christina.tellado@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone:  (213) 896-2400
Facsimile:   (213) 896-2450

Attorneys for Defendant
TESLA, INC.

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>             Plaintiff,<br><br>   vs.<br><br>TESLA, INC.,<br><br>             Defendant. | Case No. 3:23-cv-04984-JSC<br><br>**DECLARATION OF SARA A. BEGLEY IN SUPPORT OF DEFENDANT TESLA, INC.'S MOTION TO STAY ALL PROCEEDINGS IN LIGHT OF LONG-RUNNING, CURRENTLY PENDING AND VIRTUALLY IDENTICAL STATE COURT LITIGATION**<br><br>Hearing Date:  February 1, 2024<br>Time:  10:00 AM<br>Judge:  Hon. Jacqueline Scott Corley<br>Courtroom:  8<br><br>Complaint Filed:  September 28, 2023<br><br>[*Defendant's Notice of Motion and Motion; Declarations of Tiffany Hart, Thomas E. Hill and Jessica Quon-Vaili; Request for Judicial Notice; Exhibits in Support of Motion; and Proposed Order, All Filed Concurrently Herewith*] |

1  Sara A. Begley (*admitted pro hac vice*)
   sara.begley@hklaw.com
2  HOLLAND & KNIGHT LLP
   1650 Market Street, Suite 3300
3  Philadelphia, Pennsylvania  19103
   Telephone:  (215) 252-9600
4  Facsimile:   (215) 867-6070

5  Samuel J. Stone (SBN 317013)
   sam.stone@hklaw.com
6  Mary T. Vu (SBN 323088)
   mary.vu@hklaw.com
7  HOLLAND & KNIGHT LLP
   400 South Hope Street, 8th Floor
8  Los Angeles, California  90071
   Telephone:  (213) 896-2400
9  Facsimile:   (213) 896-2450

10 Raymond A. Cardozo (SBN 173263)
   rcardozo@reedsmith.com
11 REED SMITH LLP
   101 Second Street, Suite 1800
12 San Francisco, California  94105-3659
   Telephone:  (415) 543-8700
13 Facsimile:   (415) 391-8269

14 Tyree P. Jones Jr. (SBN 127631)
   tpjones@reedsmith.com
15 REED SMITH LLP
   1301 K Street, N.W., Suite 1000
16 Washington, DC  20005-3317
   Telephone:  (202) 414-9200
17 Facsimile:   (202) 414-9299

18 Attorneys for Defendant TESLA, INC.

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

## DECLARATION OF SARA A. BEGLEY

I, Sara A. Begley, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts in the State of Pennsylvania, and I am a partner with Holland & Knight LLP, counsel of record for Defendant Tesla, Inc. ("Tesla" or "Defendant") in the above-captioned action. I have personal knowledge of the facts set forth herein, and, if called upon to do so, I could and would competently testify regarding those facts. I make this declaration in support of Defendant's motion to stay all proceedings in this matter.

2. On May 28, 2019, the U.S. Equal Employment Opportunity Commission ("EEOC") filed a Commissioner's Charge of Discrimination (the "Commissioner's Charge"), EEOC Charge No. 555-2019-01273, against Tesla. A true and correct copy of the EEOC Commissioner's Charge is attached as **Exhibit F** to Defendant's Exhibits in Support of Motion to Stay All Proceedings ("Exhibits").

3. On March 3, 2022, Holland & Knight entered its appearance to represent Tesla in connection with the investigation of the Commissioner's Charge.

4. On March 14, 2022, the EEOC informed Tesla via e-mail that it had completed its investigation into the allegations of race discrimination and harassment set forth in the Commissioner's Charge. Before my receipt of this e-mail, the last substantive communication that had occurred between the EEOC and Tesla's prior counsel regarding its investigation was in April 2021, close to one year prior.

5. In late March 2022, the EEOC conducted a pre-Determination interview with Tesla. I attended and represented Tesla at that interview. During this meeting, the EEOC advised Tesla that its investigation had uncovered evidence of a facility-wide hostile work environment for Black workers at Tesla's auto manufacturing facility in Fremont, California (the "Fremont Factory"), dating back to 2015.

6. Tesla specifically requested on multiple occasions that the EEOC share factual specifics evidence regarding which departments, managers, or individuals at the Fremont Factory (a facility with more than 20,000 workers) were responsible for the hostile work environment that the EEOC claimed existed at the plant. Tesla made this request to ensure that there was no ongoing

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

misconduct and that no bad actors remained employed at Tesla. Tesla further proposed that the EEOC could anonymize the requested information in order to alleviate concerns of retaliation. Contrary to the EEOC's statement in Paragraph 12 of its Complaint, the EEOC flatly refused Tesla's critical request and never provided factual specifics that would enable Tesla to respond and correct any alleged misconduct.

7.  At my request, the EEOC allowed Tesla to provide the EEOC with an in-depth, in-person presentation on May 24, 2022, regarding Tesla's fair employment culture, practices, policies, and systems. We were grateful for the opportunity to share Tesla's perspective. During the in-person presentation, we identified specific glaring deficiencies in the EEOC's investigation: To Tesla's knowledge, in the nearly three years since the EEOC initiated its investigation into the Commissioner's Charge, the EEOC (1) had never visited or inspected the Fremont Factory, despite receiving multiple invitations to do so, (2) had never requested or conducted a single interview of any member of Tesla's management, Human Resources ("HR"), or Employee Relations ("ER") teams, despite concluding that such personnel systemically failed to properly address complaints of racial discrimination from Tesla employees, and despite Tesla's ardent requests that the EEOC meet with its leadership team, and (3) had never made any inquiries to learn about Tesla's robust anti-graffiti and graffiti-remediation processes.

8.  Without conducting a single Tesla management, HR, or ER interview or inspecting the Fremont Factory, on June 1, 2022, the EEOC issued a Determination Letter in which it advised Tesla that the EEOC had reasonable cause to believe that Tesla had violated Title VII by subjecting Black employees to a hostile work environment and by retaliating against Black employees who complained of race discrimination and harassment. A true and correct copy of the EEOC's Determination Letter is attached as **Exhibit M** to the Exhibits.

9.  Suffice it to say that the EEOC never displayed any sense of urgency to address or potentially remedy the issues identified in the Commissioner's Charge or the Determination Letter during the prolonged period of delay between issuing its Commissioner's Charge on May 28, 2019 and its determination on June 1, 2022.

10. On June 21, 2023, the EEOC issued a notice of conciliation failure to Tesla, and the above-captioned action was thereafter filed in September 2023, accompanied that day by the EEOC's issuance of a splashy press release, a true and correct copy of which is attached as **Exhibit N** to the Exhibits.

11. It appears that the EEOC's litigation strategy mirrors that of the CRD, but several paces and more than a year behind. A true and correct copy of CRD's Director's Complaint in *Kish v. Tesla, Inc.*, DFEH Administrative Case No. 202906-06540918, dated June 21, 2019, is attached as **Exhibit G** to the Exhibits. In January 2022, and despite having never visited the Fremont Factory or requested to speak to any Tesla managers or HR or ER representatives in connection with its investigation, CRD abruptly informed Tesla that it had completed its administrative investigation. CRD then pushed for a statutorily-mandated mediation within a few weeks, and only on condition that Tesla agree not to have any settlement discussions with EEOC prior to the mediation. A true and correct copy of an e-mail exchange between counsel for CRD and me reflecting CRD's condition for mediation is attached as **Exhibit L** to the Exhibits. On February 9, 2022, CRD filed its lawsuit against Tesla, asserting the same allegations of race harassment and discrimination at the Fremont Factory, that the EEOC similarly alleges in this case. Tesla first learned of CRD's lawsuit via media reports and not via CRD's service of the complaint.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on December 14, 2023, at Philadelphia, Pennsylvania.

          */s/ Sara A. Begley*
          Sara A. Begley