Thomas E. Hill (SBN 100861)
thomas.hill@hklaw.com
Christina T. Tellado (SBN 298597)
christina.tellado@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450

Attorneys for Defendant
TESLA, INC.

(*Additional counsel listed on next page*)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

TESLA, INC.,

Defendant.

Case No. 3:23-cv-4984-JSC

**DEFENDANT TESLA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**

**[Fed. R. Civ. Proc. 12(b)(6)]**

Hearing Date: February 8, 2024
Time: 10:00 AM
Judge: Hon. Jacqueline S. Corley
Courtroom: 8

Complaint Filed: September 28, 2023

Holland & Knight LLP
524 Grand Regency Boulevard
Brandon, FL 33510
Tel: 813.901.4200
Fax: 813.901.4201

Sara A. Begley (*admitted pro hac vice*)
sara.begley@hklaw.com
HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
Facsimile: (215) 867-6070

Samuel J. Stone (SBN 317013)
sam.stone@hklaw.com
Mary T. Vu (SBN 323088)
mary.vu@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450

Raymond A. Cardozo (SBN 173263)
rcardozo@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Tyree P. Jones Jr. (SBN 127631)
tpjones@reedsmith.com
REED SMITH LLP
1301 K Street, N.W., Suite 1000
Washington, DC 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299

Attorneys for Defendant
TESLA, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# TABLE OF CONTENTS

Page

NOTICE OF MOTION & GROUNDS FOR RELIEF SOUGHT ..... 7

MEMORANDUM OF POINTS AND AUTHORITIES ..... 7

I. ISSUE TO BE DECIDED ..... 7

II. INTRODUCTION & STATEMENT OF RELEVANT FACTS ..... 7

III. LEGAL STANDARD ..... 9

IV. ARGUMENT ..... 10

A. EEOC Has Failed To Plead Facts Sufficient To Support Its First Claim For Relief. ..... 10

1. The Elements of a Hostile Work Environment Claim ..... 10

2. The Deficiencies of EEOC's Hostile Work Environment Claim ..... 12

B. EEOC Has Failed To Plead Facts Sufficient To Support Its Second Claim For Relief. ..... 15

1. The Elements of a Retaliation Claim ..... 15

2. The Deficiencies of EEOC's Retaliation Claim ..... 16

V. CONCLUSION ..... 17

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 9, 12, 13

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 9, 12, 13

*Cazorla v. Koch Foods of Miss., LLC*,
CIVIL ACTION NO. 3:10cv135-DPJ-FKB, 2013 U.S. Dist. LEXIS 201174 (S.D. Miss. Aug. 28, 2013) ........ 13, 14

*Clark Cty. Sch. Dist. v. Breeden*,
532 U.S. 268 (2001) ........ 16

*Edmond v. City of Chicago*,
No. 17 C 4858, 2023 U.S. Dist. LEXIS 98174 (N.D. Ill. June 6, 2023) ........ 11

*EEOC v. Bass Pro Outdoor World, LLC*,
884 F. Supp. 2d 499 (S.D. Tex. 2012) ........ 14

*EEOC v. Int'l Profit Assocs*.,
No. 01 C 4427, 2007 U.S. Dist. LEXIS 78378 (N.D. Ill. Oct. 23, 2007) ........ 11

*EEOC v. La Rana Hawaii, LLC*,
888 F. Supp. 2d 1019 (2012) ........ 13, 14, 17

*EEOC v. Pioneer Hotel, Inc*.,
No. 2:11-CV-01588-LRH-RJJ, 2013 U.S. Dist. LEXIS 98350 (D. Nev. July 12, 2013) ........ 14

*EEOC v. Pitre, Inc*.,
908 F. Supp. 2d 1165 (D.N.M. 2012) ........ 12

*EEOC v. Swissport Fueling, Inc*.,
916 F. Supp. 2d 1005 (D. Ariz. 2013) ........ 11

*Gleason v. Mesirow Financial, Inc*.,
118 F.3d 1134 (7th Cir. 1997) ........ 11

*Harris v. Forklift Sys*.,
510 U.S. 17 (1993) ........ 10

*Arizona ex rel. Horne v. Geo Grp., Inc*.,
816 F.3d 1189 (9th Cir. 2016) ........ 12

*Kremer v. Zillow, Inc.*,
No. SACV 14-1889 DOC(DFMx), 2015 U.S. Dist. LEXIS 12791 (C.D. Cal. Feb. 3, 2015) ....15, 16, 17

*Lacayo v. Donahoe*,
No. 14-cv-04077-JSC, 2015 U.S. Dist. LEXIS 80706 (N.D. Cal. June 22, 2015) ....15, 17

*Martinez v. City & Cnty. of Denver*,
Civil Action No. 08-CV-01503-PAB-MJW, 2010 U.S. Dist. LEXIS 133866 (D. Colo. Dec. 8, 2010) ....11

*Mohamed v. Potter*,
No. C 05-02194 CRB, 2007 U.S. Dist. LEXIS 78517 (N.D. Cal. Oct. 23, 2007) ....11

*Patane v. Clark*,
508 F.3d 106 (2d Cir. 2007) ....10

*Petzschke v. Century Aluminum Co.*,
729 F.3d 1104 (9th Cir. 2013) ....9

*Reid v. Lockheed Martin Aero. Co.*,
205 F.R.D. 655 (N.D. Ga. 2001) ....10, 11

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) ....9

*Sharp v. Activewear, L.L.C.*,
69 F.4th 974 (9th Cir. 2023) ....10

*Sheehan v. Purolator, Inc.*,
103 F.R.D. 641 (E.D.N.Y. 1984) ....15, 16

*Shields v. Frontier Tech., LLC*,
No. CV 11-1159-PHX-SRB, 2012 U.S. Dist. LEXIS 191296 (D. Ariz. Jan. 30, 2012) ....15, 16, 17

*Stout v. United Air Lines, Inc.*,
No. C07-0682-JCC, 2008 U.S. Dist. LEXIS 133966 (W.D. Wash. Nov. 4, 2008) ....10

*Surrell v. Cal. Water Serv.*,
518 F.3d 1097 (9th Cir. 2008) ....10

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*,
570 U.S. 338 (2013) ....15

*Vance v. Ball State Univ.*,
570 U.S. 421 (2013) ....11

*Villiarimo v. Aloha Island Air, Inc.*,
281 F.3d 1054 (9th Cir. 2002) ....15

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Washington v. Certainteed Gypsum, Inc.*, No. 2:10-cv-00204-GMN-LRL, 2011 U.S. Dist. LEXIS 94920 (D. Nev. Aug. 24, 2011) ....16

*West Penn Allegheny Health Syst., Inc. v. UPMC*, 627 F.3d 85 (3rd Cir. 2010) ....9

*Zetwick v. County of Yolo*, 850 F.3d 436 (9th Cir. 2017) ....10

**Statutes**

42 U.S.C. § 2000e-5 ....12

42 U.S.C. § 2000e-6(a) ....14

**Other Authorities**

Fed. R. Civ. Proc. 8 ....9

Fed. R. Civ. Proc. 12(b)(6) .... *passim*

Fed. R. Civ. Proc. 23 ....11

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

**NOTICE OF MOTION & GROUNDS FOR RELIEF SOUGHT**

TO PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 8, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jacqueline S. Corley in Courtroom 8 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Tesla, Inc. will and hereby does move the Court for an order dismissing the complaint of Plaintiff EEOC.

This motion is brought on the grounds that the complaint fails to allege facts sufficient to state a claim for relief. *See* Fed. R. Civ. Proc. 12(b)(6).

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. ISSUE TO BE DECIDED

Whether the EEOC's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for either (1) hostile work environment or (2) retaliation, on a class-wide or other group basis.

## II. INTRODUCTION & STATEMENT OF RELEVANT FACTS

As Tesla explains in its motion to stay all proceedings (Dkt. 22, "Motion to Stay"), this action results from the run-amok competition between two headline-chasing government agencies, the U.S. Equal Employment Opportunity Commission and the California Civil Rights Department. It lacks any sound factual basis and appears to arise from "unseemly" political ambitions. Because Rule 12(b)(6) requires Tesla to accept EEOC's baseless allegations of fact as true, Tesla does not repeat the sad saga of EEOC's toxic turf war with CRD in this motion. Instead, Tesla focuses on EEOC's complete failure to allege facts sufficient to state a claim for relief.

EEOC has filed a conclusory and almost entirely fact-free complaint, alleging racial harassment at Tesla's auto manufacturing plant in Fremont, California. Based on this complaint, EEOC seeks broad injunctive and individual relief for an unidentified group of workers. According to EEOC, these anonymous and unquantified individuals each experienced a hostile work environment sometime between May 2015 and the present, while working on unspecified dates at

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

unspecified locations within Tesla's huge auto assembly facility. The complaint also fails to reveal which of the tens of thousands of individuals who have worked at that facility since May 2015 committed the acts that produced the supposedly hostile environment.

EEOC's complaint asserts two claims for group relief under Title VII: (1) "Harassment/Hostile Work Environment Because of Race"; and (2) "Retaliation." But again, the complaint does not allege facts sufficient to support these claims. Rather, the complaint relies on bare conclusions and factually-hollow descriptors (*e.g.*, "racial misconduct," "unlawful employment practices," "severe and/or pervasive," *etc.*). EEOC fails to name a single victim or perpetrator of harassment or retaliation. EEOC fails to provide an actual date, location or context for any instance of alleged harassment or retaliation—in fact, the incidents it alleges may well be completely time-barred. And EEOC fails to allege how Tesla was made aware of any instance of harassment or retaliation, or identify any Tesla policies, procedures or practices that have promoted or condoned a racially-hostile work environment at the Fremont factory.

This failure to identify any factual particulars is the antithesis of Title VII, which requires EEOC to promptly advise the employer of such specifics before filing suit so that the employer can promptly rectify problems without the need for litigation. But not only did EEOC fail to meet its mandatory pre-suit obligation—as explained in Tesla's Motion to Stay—EEOC's hide-the-ball pleading continues to do violence to the statute upon which EEOC bases its claims.

This sort of vacuous pleading is not new to EEOC and has been disapproved by other federal courts when challenged under Rule 12(b)(6). If EEOC wishes to pursue a massive group action that amalgamates one-off claims of racial harassment arising over the past 8+ years—then it is incumbent upon EEOC to plead facts sufficient to support such an action. EEOC does not even attempt to do so because any such effort would reveal the agency's inability to plead what Title VII requires. Instead, EEOC alleges a random collection of disconnected incidents involving anonymous individuals interacting at unspecified times in undisclosed locations. Why would EEOC rely on such an empty pleading to bring such a massive lawsuit against Tesla? The answer is that any effort by EEOC to plead the required "particularized facts" would expose the agency's inability to state a viable group claim. Consequently, EEOC simply omits all particulars from its pleading.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

As explained below, EEOC's complaint fails to state a claim, and Tesla's motion to dismiss should therefore be granted.[1]

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A complaint's legal sufficiency turns (in part) on whether the complaint meets the pleading requirements of Fed. R. Civ. Proc. 8, as construed by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The primary requirement of Rule 8 is that a complaint allege "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This plausibility requirement means that mere "labels and conclusions" and/or "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. Something "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" is necessary. *Iqbal*, 556 U.S. at 678. Allegations that only raise the "possibility" that a defendant acted unlawfully are not enough. *Id*. Put another way, factual allegations that are "merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. As such, some claims for relief and theories of recovery will "require more factual explication than others to state a plausible claim for relief." *West Penn Allegheny Health Syst., Inc. v. UPMC*, 627 F.3d 85, 98 (3rd Cir. 2010); *see Petzschke v. Century Aluminum Co.*, 729 F.3d 1104, 1108 (9th Cir. 2013). It follows that a court must first "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. The court must then sift out and disregard any legal conclusions that are pled as factual allegations in determining whether the elements necessary to the claim have been plausibly established. *Id*. at 681 ("It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth.").

[1] Tesla previously filed a motion to stay all proceedings in this case which is currently set for hearing on February 1, 2024. (Dkt. 22) If the Court grants the Motion to Stay, it need not consider and decide Tesla's motion to dismiss.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## IV. ARGUMENT

### A. EEOC Has Failed To Plead Facts Sufficient To Support Its First Claim For Relief.

#### 1. The Elements of a Hostile Work Environment Claim

EEOC's first claim for group relief is premised on Tesla's having "subjected Black employees at its [Fremont plant] to severe or pervasive racial harassment and created and maintained a hostile work environment because of their race," all since May 2015 and to the present. (Dkt. 1 at ECF pp. 1–2; *id.* ¶ 45) The elements of a hostile work environment claim based on race include an employee who experienced intentional race discrimination (which might include racially-motivated harassment), that was severe or pervasive, and that adversely impacted the employee and would have adversely impacted a reasonable person in like circumstances. *See, e.g.*, *Sharp v. Activewear, L.L.C.*, 69 F.4th 974, 978, 981 (9th Cir. 2023); *see also Harris v. Forklift Sys*., 510 U.S. 17, 21–22 (1993) ("[I]f the victim does not subjectively perceive the environment to be abusive, the conduct has not actually altered the conditions of the victim's employment[.]").

Whether a work environment qualifies as hostile for purposes of Title VII is a highly-individualized inquiry, and can be determined only by a review of all the circumstances relevant to a particular employee. *See, e.g.*, *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1109 (9th Cir. 2008) (on a hostile work environment claim, "courts consider all the circumstances"); *Reid v. Lockheed Martin Aero. Co*., 205 F.R.D. 655, 684 (N.D. Ga. 2001) ("[P]laintiffs' claims involve allegations of . . . hostile work environment, which are by their very nature extremely individualized and fact-intensive claims."); *Stout v. United Air Lines, Inc*., No. C07-0682-JCC, 2008 U.S. Dist. LEXIS 133966, at *17 (W.D. Wash. Nov. 4, 2008) ("[W]hether a particular work environment is objectively hostile is necessarily a fact-intensive inquiry[.]" (quoting *Patane v. Clark*, 508 F.3d 106, 114 (2d Cir. 2007))).

This inquiry includes the frequency of the alleged misconduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *See, e.g.*, *Zetwick v. County of Yolo*, 850 F.3d 436, 444 (9th Cir. 2017); *Surrell*, 518 F.3d at 1109. The relevant inquiry must also consider the source and context of the alleged harassment. *See Sharp*, 69 F.4th at 978 ("Context matters."). For example,

a claim based on harassment directed at another (*i.e.*, second-hand harassment) will require a greater showing of severity or pervasiveness than will a claim based on direct harassment. *See, e.g.*, *Mohamed v. Potter*, No. C 05-02194 CRB, 2007 U.S. Dist. LEXIS 78517, at *37 (N.D. Cal. Oct. 23, 2007) (quoting *Gleason v. Mesirow Financial, Inc.*, 118 F.3d 1134, 1144 (7th Cir. 1997) ("[T]he impact of 'second-hand harassment' is obviously not as great as the impact of harassment directed at the plaintiff.")). Similarly, courts distinguish harassment by a co-worker from harassment by a supervisor in evaluating hostile work environment claims. *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013) ("Under Title VII . . . it matters whether a harasser is a 'supervisor' or simply a co-worker.").

The highly-individualized nature of the proof necessary to establish an employer's liability for a hostile work environment explains why federal courts have resisted efforts by EEOC and private litigants to pursue such claims on a class basis. *See, e.g.*, *Reid*, 205 F.R.D. at 675–76 (denying Rule 23 class certification in part because "the actions constituting the alleged hostile environment occurred with varying frequency and possessed varying degrees of severity"); *Martinez v. City & Cnty. of Denver*, Civil Action No. 08-CV-01503-PAB-MJW, 2010 U.S. Dist. LEXIS 133866, at *6 (D. Colo. Dec. 8, 2010) (denying Rule 23 class certification on hostile work environment claim and noting, "In employment discrimination cases, courts have been wary to find the commonality requirement satisfied where a group of plaintiffs allege individualized and unique incidents of discrimination."); *EEOC v. Swissport Fueling, Inc.*, 916 F. Supp. 2d 1005, 1020–21 (D. Ariz. 2013) (denying EEOC's attempt to present evidence of hostile work environment in the aggregate, and analyzing the evidence "claimant-by-claimant" instead); *EEOC v. Int'l Profit Assocs.*, No. 01 C 4427, 2007 U.S. Dist. LEXIS 78378, at *37–48 (N.D. Ill. Oct. 23, 2007) (requiring EEOC to prove the objective severity or pervasiveness of the alleged hostile work environment on an individual basis as to every aggrieved employee).

Absent the existence of a primary bad actor (*i.e.*, harasser) or a clear corporate policy promoting or condoning harassment, hostile work environment claims brought on a class or other group basis are notoriously hard to sustain, and have not found judicial favor. *See, e.g.*, *Edmond v. City of Chicago*, No. 17 C 4858, 2023 U.S. Dist. LEXIS 98174, at *11–18 (N.D. Ill. June 6, 2023);

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*cf., e.g.*, *EEOC v. Pitre, Inc.*, 908 F. Supp. 2d 1165, 1177–78 (D.N.M. 2012) (noting that some group-wide proof is appropriate where all the alleged misconduct stems from one manager at one location).

**2. The Deficiencies of EEOC's Hostile Work Environment Claim**

Despite the highly-individualized nature of a hostile work environment claim, EEOC's complaint fails to identify a single individual who was actually victimized by race harassment during the 8+ years that EEOC defines as the "Relevant Period." (Dkt. 1 ¶ 16) Nor does the complaint identify a single individual who actually perpetrated race harassment during the Relevant Period. Although the complaint alleges various incidents involving racial slurs and other potentially offensive remarks, graffiti and images at the Fremont plant, no dates or specific locations are given for these incidents.

It is entirely possible from the manner in which the complaint is pled that the incidents upon which EEOC relies to state a claim may have involved as few as two "victimized" employees, and that all of those incidents occurred outside the governing statute of limitations. But EEOC may only predicate a lawsuit such as this one on unlawful conduct that occurred within 300 days prior to the charge of discrimination that initiated the pre-suit administrative proceedings before the agency. *See Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1203 (9th Cir. 2016); 42 U.S.C. § 2000e-5 ("Section 706"). Incidents alleged in the complaint may serve as the basis of a Section 706 claim only if they occurred within this 300-day limitations period. Because EEOC fails to provide a date for *any* of the incidents alleged in the complaint, those incidents are legally insufficient to state a claim for relief under Section 706.

EEOC's complaint, in short, fails to allege facts sufficient to establish the severity and pervasiveness elements necessary to state a hostile work environment claim on behalf of even one person, much less an aggrieved group of thousands of individuals.[2] And, as *Twombly* and *Iqbal* make clear, this fatal factual deficiency cannot be remedied by EEOC's ubiquitous reliance on conclusory

[2] EEOC conspicuously fails to quantify exactly how many aggrieved employees it purports to represent, but the motion for class certification filed in *Vaughn et al. v. Tesla, Inc. et al*., Alameda County Superior Court No. RG17882082 (the "Vaughn Case"), referred to and discussed in Tesla's Motion to Stay, seeks to certify a class of more than 6,000 current and former Black workers at the Fremont plant. (*See* Motion to Stay, Dkt. 22 at ECF p. 18 n.3)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

legal terms ("unlawful employment practices"; "severe or pervasive"; "racial misconduct"; "racial harassment;" *etc*.), or on factually unsupported assertions that Tesla's conduct "adversely affected Black employees and altered the terms and conditions of their employment" (*id*. ¶ 31), and that Tesla "knew or should have known" of the alleged harassment (*id*. ¶ 32).[3]

The deficiencies of EEOC's complaint mirror those found by other federal courts to exist in similar lawsuits filed by the agency. For example, in *EEOC v. La Rana Hawaii, LLC*, 888 F. Supp. 2d 1019 (2012), the court addressed the legal sufficiency of an EEOC complaint alleging group claims for hostile work environment based on sex and retaliation in violation of Title VII. Unlike here, the complaint in *La Rana Hawaii* did identify by name at least one alleged victim of the harassment, and, albeit indirectly, at least one specific harasser. Nonetheless, and based on *Iqbal* and *Twombly*, the *La Rana Hawaii* court noted that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Id*. at 1038. The court then held that the EEOC's complaint failed to "allege facts sufficient to state a claim for relief that is plausible on its face." *Id*. at 1046. The court explained its holding as follows:

> "[T]he Complaint . . . *fails to identify dates* of the alleged harassment and discrimination. Other than to allege that the relevant events took place '[s]ince at least in or about 2007,' . . . the EEOC does not identify when the acts allegedly occurred. . . .
>
> The Complaint also offers *little information regarding the identity* of the alleged harasser. Other than references to 'the owner,'…the remainder of the Complaint refers collectively to…'management officials,' and 'employees.' Again, *the EEOC cannot offer broad generalizations and must allege specifics with regard to the identities of the alleged harassers*."

*Id*. at 1046–47 (emphasis added).

Similarly, in *Cazorla v. Koch Foods of Mississippi, LLC*, CIVIL ACTION NO. 3:10cv135-DPJ-FKB, 2013 U.S. Dist. LEXIS 201174 (S.D. Miss. Aug. 28, 2013), EEOC asserted class claims

[3] As Tesla explains in its Motion to Stay, Title VII required EEOC to conduct a neutral investigation and attempt to conciliate with Tesla prior to filing this lawsuit, neither of which occurred. Nonetheless, Tesla did detail for EEOC pre-suit the Company's robust policies prohibiting harassment and discrimination, and prescribing disciplinary consequences for the use of racial slurs. Tesla also provides multiple avenues for employees to report claims of harassment, and has developed an efficient, effective graffiti remediation program. It is thus not surprising that more than 200 Black employees who work at the Fremont plant have signed declarations in connection with the Vaughn Case that attest to a work environment at Tesla that is free of harassment, discrimination and retaliation. (*See* Motion to Stay, Dkt. 22 at ECF p. 11)

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

for hostile work environment based on sex and race and for retaliation under Title VII. Because EEOC's original complaint failed to name any members of the alleged class of victims, the agency was required to file an amended complaint to rectify that omission. *Id.* at *8. EEOC's amended pleading identified 111 class members by name, but "did not . . . provide particularized facts regarding these persons or their claims." *Id.* at *9. The district court granted the defendant's Rule 12(b)(6) motion, concluding that "absent *any* particularized facts, the SAC fails to state a claim for hostile-work environment or retaliation . . . as to the 111 newly added class members." *Id.* at *24.

Here, the fact-free nature of EEOC's complaint is only exacerbated by EEOC's failure to identify a single victim or perpetrator of the alleged harassment. If a complaint that identifies 111 victims of harassment, but otherwise fails to allege "particularized facts," cannot pass muster under the plausibility standard for a hostile work environment or retaliation claim, then certainly a like complaint such as the one EEOC has filed against Tesla, but which fails to identify any member of the alleged group of victims, cannot do so. *See EEOC v. Pioneer Hotel, Inc.*, No. 2:11-CV-01588-LRH-RJJ, 2013 U.S. Dist. LEXIS 98350, at *6–7 (D. Nev. July 12, 2013) ("[A]n action pursuant to Section 706 without a single identified plaintiff will not lie[.]"). But the deficiencies of the complaint go far beyond EEOC's reliance on anonymity, as the *La Rana Hawaii* and *Cazorla* cases make clear. Even when the identities of victims or perpetrators of harassment *are* disclosed in the context of a hostile work environment complaint, the pleading will *still* fail to state a cause of action unless "particularized facts" are alleged to establish the elements of such a claim.

Finally, it bears noting that EEOC cannot justify the deficiencies of its complaint by invoking its ability to prove liability under Title VII based on an employer's unlawful "pattern or practice." *See* 42 U.S.C. § 2000e-6(a) ("Section 707"). EEOC's complaint does not cite to Section 707, nor does it contain allegations of, *or even the words*, "pattern or practice." Moreover, EEOC fails to allege facts sufficient to establish a plant-wide policy of promoting or condoning harassment by Tesla, which is required to support liability on a "pattern and practice" theory of recovery. *See EEOC v. Bass Pro Outdoor World, LLC*, 884 F. Supp. 2d 499, 517 (S.D. Tex. 2012) (dismissing alleged pattern or practice claim resting on a "handful of racist incidents," which "however disturbing, fail even to render the EEOC's allegations of a company-wide pattern or practice plausible"), *recons. granted on*

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*other grounds by EEOC v. Bass Pro Outdoor World, LLC*, 35 F. Supp. 3d 836 (S.D. Tex. 2014). In fact, had the EEOC conducted the type of thorough investigation Title VII mandates, it would have known Tesla's numerous and effective policies and procedures prohibiting workplace harassment and retaliation, and the multiple avenues—well-communicated and easily accessible—to report and remedy such misconduct.

**B. EEOC Has Failed To Plead Facts Sufficient To Support Its Second Claim For Relief.**

**1. The Elements of a Retaliation Claim**

To make a prima facie showing of retaliation under Title VII, a claimant must establish that "1) he engaged in a protected activity; 2) he suffered an adverse employment decision; and 3) there was a causal link between the protected activity and the adverse employment decision." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). As to the third element, "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). Simply alleging this causal link in conclusory fashion does not suffice—rather, specific facts from which causation can reasonably be inferred are required. *See, e.g.*, *Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 U.S. Dist. LEXIS 80706, at *38–39 (N.D. Cal. June 22, 2015) ("The mere conclusory allegation that the failure to rehire was unlawful retaliation for earlier protected activity is not enough [to state a claim]."); *Kremer v. Zillow, Inc.*, No. SACV 14-1889 DOC(DFMx), 2015 U.S. Dist. LEXIS 12791, at *16 (C.D. Cal. Feb. 3, 2015) ("Without more specifics about when she reported the offensive conduct and to whom, the Court cannot determine whether it is plausible that [defendant] terminated [plaintiff] because of her reporting sexual harassment."); *Shields v. Frontier Tech., LLC*, No. CV 11-1159-PHX-SRB, 2012 U.S. Dist. LEXIS 191296, at *12 (D. Ariz. Jan. 30, 2012) ("Because Plaintiff does not allege when the alleged protected activity occurred, the Court cannot evaluate the timing between the alleged protected activity and the alleged adverse employment action."). Moreover, that fact that courts are reluctant to resolve retaliation claims on a group basis should impose an even higher pleading standard on EEOC in this case. *See, e.g.*, *Sheehan v.*

*Purolator, Inc.*, 103 F.R.D. 641, 654 (E.D.N.Y. 1984) ("[C]laims of retaliatory treatment, which require proof of highly individualized facts, generally do not present suitable issues for class actions.") (collecting cases).

**2. The Deficiencies of EEOC's Retaliation Claim**

EEOC's second claim for relief is for retaliation in violation of Title VII, and it is derivative of EEOC's hostile work environment claim. Specifically, EEOC alleges that Tesla has retaliated against Black employees for their opposition to the misconduct alleged in support of EEOC's first claim for relief. (Dkt. 1 ¶ 53) Not only does EEOC allege insufficient facts to support its hostile work environment claim, EEOC alleges **zero** facts to support the "protected activity" element of its retaliation claim. Again, Rule 12(b)(6) requires the plaintiff to plead facts, not "threadbare conclusions." It is thus not enough for EEOC to allege that Tesla "subject[ed] Black employees to adverse employment actions . . . in retaliation for their opposition to the unlawful practices described above" (*id.*). EEOC must plead particularized facts to support its conclusory use of the terms "opposition" and "adverse employment action," as well as specific facts to permit a reasonable inference of causation. Because all three elements are required to state a claim, the failure to plead facts sufficient to establish just one of these elements is all that is necessary to support dismissal under Rule 12(b)(6). But here, EEOC's allegations are inadequate to establish any of the three required elements for a retaliation claim. (*Cf. id.* ¶¶ 53–57)

Specifically, EEOC does not identify any victim or perpetrator of retaliation, and fails to describe any "opposition" that purportedly provoked Tesla's retaliatory treatment. Nor has EEOC alleged any specific facts from which to infer causation. The complaint includes vague assertions that supervisors and human resources personnel "retaliated" against Black employees "after" they complained to "Tesla" about harassment. (*Id.* ¶¶ 42–43) But without alleging *either* who complained, to whom, on what date, *or* who then took what employment action, and when that action was taken, this Court "cannot evaluate the timing between the alleged protected activity and the alleged adverse employment," and whether the temporal proximity implies a causal link. *See Shields*, 2012 U.S. Dist. LEXIS 191296, at *12; *see also Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("temporal

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

proximity between an employer's knowledge of protected activity and an adverse employment action" must be "very close" to serve "as sufficient evidence of causality").

Likewise, without any specifics as to who at Tesla knew about the employees' alleged complaints and were thus in position to have a retaliatory motive, EEOC fails to state a prima facie case of retaliation. *See, e.g.*, *Kremer*, 2015 U.S. Dist. LEXIS 12791, at *16; *Washington v. Certainteed Gypsum, Inc.*, No. 2:10-cv-00204-GMN-LRL, 2011 U.S. Dist. LEXIS 94920, at *25–26 (D. Nev. Aug. 24, 2011) (dismissing Title VII retaliation claim where "[p]laintiff fails to allege that the two people responsible for the retaliation . . . knew that Plaintiff filed a complaint with the NERC").

Taken together or separately, these deficiencies more than justify the dismissal of EEOC's second claim for relief. *See La Rana Hawaii*, 888 F. Supp. 2d at 1046–47 (dismissing EEOC's class claims for harassment and retaliation for failure to state a plausible claim for relief); *Lacayo*, 2015 U.S. Dist. LEXIS 80706, at *38–39 (dismissing retaliation claim for failure to plead facts implying causation); *Kremer*, 2015 U.S. Dist. LEXIS 12791, at *16 (same); *Shields*, 2012 U.S. Dist. LEXIS 191296, at *13–14 (same).

## V. CONCLUSION

For all the foregoing reasons, Tesla's motion to dismiss should be granted.

Respectfully submitted,

Dated: December 26, 2023

HOLLAND & KNIGHT LLP

By: */s/ Thomas E. Hill*
Thomas E. Hill

*Attorneys for Defendant*
TESLA, INC.