```
ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER JR, SBN 291836 (CA)
KENA C. CADOR, SBN 321094 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov
```

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.<br><br>Defendant. | Case No.: 3:23-cv-04984-JSC<br><br>**PLAINTIFF EEOC'S OPPOSITION TO DEFENDANT TESLA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS AND [PROPOSED] ORDER** |

Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) submits this Response in opposition to Defendant Tesla, Inc.'s Request for Judicial Notice in Support of Motion to Stay All Proceedings (ECF 22-5) filed on December 18, 2023.  Tesla asks the Court to take judicial notice, pursuant to Fed. R. Evid. 201, of 14 exhibits.  EEOC objects to Tesla's request regarding three of these exhibits:  Exhibit I (Transcript of Proceeding on December 13, 2021, in *U.S. EEOC v. Activision Blizzard, Inc., et al.*, in United States District Court (C.D. Cal), No. 2:21-CV-07682 (Activision Case)); Exhibit Q (Letter from Rosa Viramontes, EEOC Los Angeles District Director, to Activision Blizzard filed in Activision Case on November 8, 2021); Exhibit R (Court Order Denying Motion to Intervene in the Activision Case dated December 20, 2021).  These exhibits are irrelevant to the pending motion.

Defendant ostensibly requests judicial notice of these three documents to support its Motion to Stay. But Tesla fails to articulate how these documents from an unrelated court proceeding to which Tesla was *not* a party are relevant to its Motion to Stay. As such, there is no basis for Defendant's requests and no reason for the Court to grant them. Defendant's requests regarding these three irrelevant exhibits should be denied.

Judicial notice, as a mechanism of the Federal Rules of Evidence, is necessarily subject to the threshold requirement of relevance. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *see also California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, 124 F. Supp. 3d 1007, 1016–17 (E.D. Cal. 2015) ("Government records are susceptible to judicial notice *when relevant* to an issue before the court.") (emphasis added; quotes and brackets omitted), withdrawn by, in part and corrected by, in part on other grounds *Cal. Sportfishing Prot. Alliance v. Chico Scrap Metal, Inc.,* 2016 U.S. Dist. LEXIS 226 (E.D. Cal., Jan. 4, 2016)). The Ninth Circuit has denied requests for judicial notice or affirmed denial of such requests when the documents have no bearing on the underlying action. *See Harris v. Allison*, 2023 U.S. App. LEXIS 27232 at *5-6 (9th Cir. October 13, 2023) (denying request to take judicial notice because the documents are "not relevant to the disposition of this appeal") (*citing Cuellar v. Joyce,* 596 F.3d 505, 512 (9th Cir. 2010)); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000) (denying request for judicial notice, because historical statistics are not relevant to any issue on appeal); *La Mirada Trucking, Inc. v. Teamsters Local Union 166, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 538 F.2d 286, 289 (9th Cir. 1976) (affirming denial of judicial notice request of NLRB factual findings, because those findings "had no relevance to the existence of a potential unfair trade practice or as to the propriety of the award" at issue in the case).

Indeed, Tesla acknowledges the Ninth Circuit's holding that a federal court "may take notice of proceedings in other courts, both within and without the federal judicial system *if those proceedings have a direct relation to the matters at issue*", citing *United States v. Black,* 482 F.3d 1035, 1041 (9th Cir. 2007) (emphasis added). (ECF 22-5, p. 2) Yet confoundingly, Tesla failed to explain how documents from the Activision Case have any relationship, let alone a direct one, to the resolution of Tesla's Motion to Stay. Instead, Tesla's discussion of the Activision Case (ECF 22, pp.

7-8) and Exhibits I, Q and R appears to be proffered solely for the unseemly purpose of casting aspersions, based on unfounded speculation, at the EEOC and CRD. None of this has any connection to the instant case against Tesla and whether this Court should grant Tesla's Motion to Stay. Tesla's request for this Court to take judicial notice of Exhibits I, Q and R should be denied because they are irrelevant.

Dated: January 3, 2024

| | |
|---|---|
| ROBERTA STEELE<br>Regional Attorney | KARLA GILBRIDE<br>General Counsel |
| MARCIA L. MITCHELL<br>Assistant Regional Trial Attorney | CHRISTOPHER LAGE<br>Deputy General Counsel |
| JAMES H. BAKER<br>Senior Trial Attorney | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |
| KENA C. CADOR<br>Trial Attorney | |

BY:  /s/ James H. Baker
       JAMES H. BAKER
       U.S. EQUAL EMPLOYMENT
       OPPORTUNITY COMMISSION
       San Francisco District Office
       450 Golden Gate Ave., 5th Floor West
       P.O. Box 36025
       San Francisco, CA 94102
       Telephone (650) 684-0950
       james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

**[PROPOSED] ORDER**

Pursuant to the foregoing, and with good cause appearing, the Court hereby denies to take judicial notice of Defendant Tesla's Exhibits I, Q and R in support of its Motion to Stay All Proceedings.

IT IS SO ORDERED.

Dated: _____

HON. JACQUELINE SCOTT CORLEY
United States District Court Judge