1  Thomas E. Hill (SBN 100861)
   thomas.hill@hklaw.com
2  Christina T. Tellado (SBN 298597)
   christina.tellado@hklaw.com
3  HOLLAND & KNIGHT LLP
   400 South Hope Street, 8th Floor
4  Los Angeles, California  90071
   Telephone:  (213) 896-2400
5  Facsimile:   (213) 896-2450

6  Attorneys for Defendant
   TESLA, INC.

7  (*Additional counsel listed on next page*)

8                    **UNITED STATES DISTRICT COURT**

9                    **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN FRANCISCO DIVISION**

11

12  U.S. EQUAL EMPLOYMENT                    Case No. 3:23-cv-4984-JSC
    OPPORTUNITY COMMISSION,
13                                           **DEFENDANT TESLA, INC.'S REPLY**
                        Plaintiff,           **MEMORANDUM OF POINTS AND**
14                                           **AUTHORITIES IN SUPPORT OF**
              v.                             **MOTION TO STAY ALL**
15                                           **PROCEEDINGS IN LIGHT OF LONG-**
                                             **RUNNING, CURRENTLY PENDING**
    TESLA, INC.,                             **AND VIRTUALLY IDENTICAL STATE**
16                                           **COURT LITIGATION**
                        Defendant.
17                                           Hearing Date:  February 22, 2024
                                             Time:  10:00 AM
18                                           Judge:  Hon. Jacqueline Scott Corey
                                             Courtroom:  8
19
                                             Complaint Filed:  September 28, 2023
20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

---

1    Sara A. Begley (*admitted pro hac vice*)
     sara.begley@hklaw.com
2    HOLLAND & KNIGHT LLP
     1650 Market Street, Suite 3300
3    Philadelphia, Pennsylvania  19103
     Telephone:  (215) 252-9600
4    Facsimile:  (215) 867-6070

5    Samuel J. Stone (SBN 317013)
     sam.stone@hklaw.com
6    Mary T. Vu (SBN 323088)
     mary.vu@hklaw.com
7    HOLLAND & KNIGHT LLP
     400 South Hope Street, 8th Floor
8    Los Angeles, California  90071
     Telephone:  (213) 896-2400
9    Facsimile:  (213) 896-2450

10   Raymond A. Cardozo (SBN 173263)
     rcardozo@reedsmith.com
11   REED SMITH LLP
     101 Second Street, Suite 1800
12   San Francisco, California  94105-3659
     Telephone:  (415) 543-8700
13   Facsimile:  (415) 391-8269

14   Tyree P. Jones Jr. (SBN 127631)
     tpjones@reedsmith.com
15   REED SMITH LLP
     1301 K Street, N.W., Suite 1000
16   Washington, DC  20005-3317
     Telephone:  (202) 414-9200
17   Facsimile:  (202) 414-9299

18   Attorneys for Defendant TESLA, INC.

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

1

**TABLE OF CONTENTS**

2

**Page**

3
MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

4
I.   INTRODUCTION ......................................................................................................... 1

5
II.   ARGUMENT ................................................................................................................. 2

6
     A.   The Settled *Colorado River* Principles Support A Stay .................................... 2

7
          1.   EEOC's "Same Parties" Requirement For A *Colorado River* Stay Is
               Unsupported By Ninth Circuit Authority .................................................... 4

8
          2.   EEOC's And CRD's Interests Are Congruent And The Claims They
               Assert Are Substantially Similar ................................................................. 6

9
          3.   EEOC Has No Answer To The Eight Factor Test Under *Colorado
               River*, Which Overwhelmingly Favors A Stay In This Case ...................... 8

10
               i.    The Risk of Piecemeal Litigation .................................................... 9

11
               ii.   The Order in Which the Forums Obtained Jurisdiction ................. 10

12
               iii.  Whether Federal or State Law Provides the Rules of Decision
                     on the Merits .................................................................................. 10

13
               iv.   Whether the State Court Proceedings Can Adequately Protect
                     the Rights of the Federal Litigants ................................................ 11

14
               v.    Whether the State Court Proceedings Will Resolve the Issues
                     Before the Federal Court ............................................................... 11

15
     B.   EEOC's Failure To Engage In Pre-Suit Conciliation With Tesla Independently
          Mandates A Stay Of This Case ........................................................................ 12

16
III.  CONCLUSION ........................................................................................................... 15

17

18

19

20

21

22

23

24

25

26

27

28

*Holland & Knight LLP*
*400 South Hope Street, 8th Floor*
*Los Angeles, CA 90071*
*Tel: 213.896.2400*
*Fax: 213.896.2450*

DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO STAY          Case No.: 3:23-CV-4984-JSC

1

<strong><u>TABLE OF AUTHORITIES</u></strong>

2

<strong>Page(s)</strong>

3

**Cases**

4

*1-800 Remodel, Inc. v. Bodor*,
   CV 18-472-DMG (Ex), 2019 WL 856399 (C.D. Cal. Jan. 28, 2019)......................................5

5

6

*Brito v. New United Motor Mfg., Inc.*,
   No. C 06-06424-JF, 2007 WL 1345197 (N.D. Cal. May 8, 2007)............................................4

7

*Canady v. Koch*,
   608 F. Supp. 1460 (S.D.N.Y. 1985), *aff'd sub nom Cannady v. Valentin*, 768
   F.2d 501 (2d Cir. 1985)...........................................................................................................4

8

9

*D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*,
   705 F.3d 1223 (10th Cir. 2013) .........................................................................................3, 10

10

*Dep't of Fair Employment & Housing v. Law Sch. Admission Council, Inc.*,
   941 F. Supp. 2d 1159 (N.D. Cal. 2013) ...................................................................................6

11

12

*Driftless Area Land Conservancy v. Valca*,
   16 F.4th 508 (7th Cir. 2021) ....................................................................................................3

13

14

*EEOC v. Amsted Rail Co.*,
   169 F. Supp. 3d 877 (S.D. Ill. 2016)......................................................................................15

15

*EEOC v. Lawler Foods, Inc.*,
   No. 4:14-CV-03588, 2015 U.S. Dist. LEXIS 167178 (S.D. Tex. Dec. 4, 2015)...................15

16

17

*EEOC v. MJC, Inc.*,
   400 F. Supp. 3d 1023 (D. Haw. 2019) ...................................................................................15

18

19

*Ernest Bock, LLC v. Steelman*,
   76 F.4th 827 (9th Cir. 2023) ............................................................................................ *passim*

20

*Freed v. J.P. Morgan Chase Bank, N.A.*,
   756 F.3d 1013 (7th Cir. 2014) ..................................................................................................4

21

22

*Gallagher v. Dillon Grp.*,
   No. CV–09–2135–SBA, 2010 WL 890056 (N.D. Cal. Mar. 8, 2010) .....................................6

23

24

*Goodin v. Vendley*,
   356 F. Supp. 3d 935 (N.D. Cal. 2018) .....................................................................................6

25

*Interstate Material Corp. v. Chicago*,
   847 F.2d 1285 (7th Cir. 1988) ..................................................................................................3

26

27

*James v. San Diego Christian College*,
   No. 14cv314 BEN (DHB), 2015 WL 915366 (S.D. Cal. Mar. 3, 2015)......................... *passim*

28

ii

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

*Kelly v. Maxum Specialty Ins. Grp.*,
   868 F.3d 274 (3d Cir. 2017)..................................................................................5

*Kremer v. Chemical Const. Corp.*,
   456 U.S. 461 (1982)............................................................................................12

*Mach Mining, LLC v. EEOC*,
   575 U.S. 480 (2015)..............................................................................2, 13, 14, 15

*Marcus v. Abington*,
   38 F.3d 1367 (3d Cir. 1994).................................................................................5

*Montanore Minerals Corp. v. Bakie*,
   867 F.3d 1160 (9th Cir. 2017) .........................................................................6, 8

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.*,
   460 U.S. 1 (1983)..................................................................................................9

*Nakash v. Marciano*,
   882 F.2d 1411 (9th Cir. 1989) .....................................................................3, 4, 9

*R.R. St. & Co. v. Transp. Ins. Co.*,
   656 F.3d 966 (9th Cir. 2011) ...............................................................................9

*Riley v. City of Richmond*,
   No. C–13–4752 MMC, 2014 WL 5073804 (N.D. Cal. Oct. 9, 2014) ............ *passim*

*Romine v. Compuserve Corp.*,
   160 F.3d 337 (6th Cir. 1998) ...............................................................................4

*Saddler v. AMEC Foster Wheeler Env't & Infrastructure, Inc.*,
   253 F. Supp. 3d 210 (D.D.C 2017) .....................................................................5

*Scottsdale Ins. Co. v. Parmalee*,
   Case No. 19-mc-80298-JSC, 2020 WL 1332146 (N.D. Cal. Mar. 23 2020)............5

*Sonoma Springs Ltd. P'ship v. Fid. & Deposit Co. of Maryland*,
   Case No. 3:18-cv-00021-LRH-VPC, 2018 WL 4038110 (D. Nev. Aug. 23, 2018)............5, 12

*Tarin v. County of Los Angeles*,
   123 F.3d 1259 ........................................................................................................9

*United States v. Waupaca Cnty.*,
   No. 11–C–589, 2011 WL 6202809 (E.D. Wisc. Dec. 13, 2011) ......................9

*United States v. State Water Res. Control Bd.*,
   988 F.3d 1194 (9th Cir. 2021) ............................................................................12

DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO STAY                    Case No.: 3:23-CV-4984-JSC

**CALIFORNIA CASES**

*Acuna v. Regents of Univ. of Cal.*,
    56 Cal. App. 4th 639 ...................................................................................................12

*Flait v. North Am. Watch Corp.*,
    3 Cal. App. 4th 467 (1992) ...........................................................................................9

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO STAY      Case No.: 3:23-CV-4984-JSC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.       INTRODUCTION

EEOC insists that this Court should retread for now a third time allegations indistinguishable from those a state court has been examining for years in two long-pending lawsuits seeking the same relief sought here.  EEOC cannot justify this request under *Colorado River*, which mandates wise judicial administration, conservation of judicial resources, and the public's interest in consistent rulings.  Nor can EEOC justify this suit on the facts: It still has not identified a ***single*** incident, time, or shift where Tesla was aware of a violation of its anti-discrimination and harassment policy and failed to act.  Finally, as a matter of common sense, EEOC cannot justify its harassment of a company that has demonstrated its leadership in equal employment opportunity by employing a majority-minority workforce and adopting robust anti-discrimination and harassment policies.  EEOC's fundamental inability to ground this ill-conceived action in any demonstrable facts or under the settled *Colorado River* criteria underscores that this case is a politically driven power grab and has nothing to do with any merit or legitimate remedial purpose.

EEOC's opposition confirms a stay is warranted for two independent reasons.  First, this Court should grant a stay under the *Colorado River* doctrine.  EEOC fails to address or even acknowledge the doctrine's core principles.  *Colorado River* seeks to promote efficient judicial administration, conserve judicial resources, avoid duplicative litigation, and prevent inconsistent rulings that might jeopardize the appearance and delivery of justice.  Similar principles underlie the Worksharing Agreement between EEOC and CRD, whereby the agencies have agreed to cooperate and coordinate their efforts in light of the comprehensive overlap in the discrimination laws they enforce and the public interests they serve.  And yet, EEOC filed a lawsuit that mirrors the CRD Case—one brought on behalf of (as far as both sets of meager allegations reveal) the ***same*** group of aggrieved employees, alleging the ***same*** race harassment and retaliation claims based on the ***same*** alleged facts, and seeking the ***same*** group and public interest relief.

This type of duplicative litigation by EEOC appears unprecedented, and EEOC conspicuously fails to say otherwise.  Rather, EEOC primarily argues that because it is not CRD or the private litigants in the Vaughn Case, and because it asserts claims under Title VII and not the FEHA, this

1

Court *must* take on a third duplicative lawsuit—period.   EEOC supports this conclusion by misquoting and misrepresenting the holdings of the cases it relies on, and dismissing the key cases Tesla cites.

Second, this Court should grant a stay because EEOC failed to engage Tesla in the pre-suit conciliation required by Title VII and the Supreme Court's decision in *Mach Mining*.  On this issue, EEOC simply ducks the key point that Tesla raised:  EEOC never actually provided Tesla sufficient and mandatory pre-suit notice of (1) what Tesla allegedly did wrong and (2) which group of employees allegedly suffered harm as a result of that misconduct.  Absent notice containing both elements, the conciliation Title VII and *Mach Mining* require did not occur.  In its opposition, EEOC discusses a variety of communications and conferences with Tesla's counsel, but fails to show that any of those events accomplished what Title VII requires—pre-suit identification of the problem and a pre-suit dialogue attempting to conciliate.  Put simply, there can be no statutorily sufficient dialogue unless EEOC reveals what it is talking about.  Under *Mach Mining*, this fact requires a stay until EEOC has complied with its pre-suit conciliation obligation.

This case is an unprecedented and unnecessary pile-on against an employer that has done much to advance the opportunities and lives of its minority-majority workforce in Fremont. Common sense shouts out that there is no reason for this lawsuit to have been filed other than some unspoken political agenda or the continuing toxic turf war between EEOC and CRD.  As a matter of "[w]ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation," this Court should leave Tesla out of that inter-governmental feud and grant a stay.

## II.   ARGUMENT

### A.   The Settled *Colorado River* Principles Support A Stay

EEOC fails to address the core principles animating the *Colorado River* doctrine, and instead relies primarily on a misstatement of the law:  that the Ninth Circuit precludes a *Colorado River* stay unless the state court litigation has exactly the same parties bringing exactly the same causes of action. It should come as no surprise that the Ninth Circuit has not adopted such an inflexible and impractical rule and instead simply requires a pragmatic assessment that focuses on conservation of judicial

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1    resources and avoidance of inconsistent adjudications.  Although EEOC invokes the "unflagging

2    obligation" of federal courts to exercise their jurisdiction, and suggests a *Colorado River* stay would

3    constitute a "surrender" of such jurisdiction (Dkt. No. 31 at 10–11), these statements "overstate[] the

4    law" according to the Ninth Circuit.  *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989).

5    Rather, the prudent and "wise" application of federal jurisdiction may require a stay "in deference to

6    pending state proceedings." *Id.*

7        What EEOC conspicuously fails to acknowledge or address is that "*the avoidance of*

8    *duplicative litigation is at the core of the* Colorado River *doctrine.  Colorado River* concerns itself

9    with efficiency and economy.  Its goal is 'to preserve judicial resources'." *D.A. Osguthorpe Family*

10   *P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013) (emphasis added).  Application of

11   the doctrine "requires a practical judgment informed by principles of comity, federalism, and sound

12   judicial administration." *Driftless Area Land Conservancy v. Valca*, 16 F.4th 508, 526–27 (7th Cir.

13   2021).  The exercise of "practical judgment" requires a recognition that "duplicative lawsuits are

14   *often commenced for unworthy reasons*, not only jeopardizing judicial economy but also the

15   legitimacy of the court system and possibly resulting in conflicting adjudications." *Interstate*

16   *Material Corp. v. Chicago*, 847 F.2d 1285, 1290 (7th Cir. 1988) (emphasis added).[1]

17       For these reasons, determining whether a stay should issue under *Colorado River* does not

18   involve the application of rigid rules or a "mechanical checklist."  Rather, *Colorado River* is to be

19   applied "in a pragmatic and flexible way, as part of a balancing process," and "with a view to the

20   realities of the case at hand." *Nakash*, 882 F.2d at 1415; *Ernest Bock, LLC v. Steelman*, 76 F.4th 827,

21   837 (9th Cir. 2023); *see also Driftless*, 16 F.4th at 526–27 ("We have cautioned that [the multi-factor

22   test for *Colorado River* stays] 'is designed to be helpful, not a straightjacket.  Different considerations

23   may be more pertinent to some cases, and one or more of these factors will be irrelevant in other

24   cases.' Nor does [a] list [of factors] 'preclude the district court from taking into account a special

25   characteristic of the case before it'.").

26

27   _____
     [1] *See Intersystemic Redundancy and Federal Court Power: Proposing a Zero Tolerance Solution to*

28   *the Duplicative Litigation Problem*, 75 Notre Dame L. Rev. 1347, 1375 (2000) ("[D]uplicative
     litigation is wasteful, burdensome, inefficient, and often harassing. . . . No considerations of litigant
     choice or of judicial federalism should be allowed to outweigh this overriding interest.").

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1

2

       **1.**        **EEOC's "Same Parties" Requirement For A *Colorado River* Stay Is Unsupported By Ninth Circuit Authority**

3

         EEOC's primary argument in opposition to Tesla's motion is that a *Colorado River* stay can

4

only be granted where the concurrent federal and state actions involve the "same parties." According

5

to EEOC, the Ninth Circuit "makes clear that [the] Colorado River . . . doctrine will only apply when

6

*the same parties* are concurrently litigating in a parallel state action . . . ." (Dkt. No. 31 at 12) EEOC

7

thus concludes that its "absence from the State Cases precludes Tesla from establishing that [this]

8

case and [the] State Cases are parallel actions under the Colorado River doctrine." (*Id*. at 13) The

9

primary case that EEOC cites in support of its "same parties" rule is *Ernest Bock*, which EEOC

10

describes as "controlling and dispositive" authority, dictating the denial of Tesla's motion. (*Id*. at 1)

11

         EEOC's "same parties" rule is an invention of the agency that finds no support in the *Ernest*

12

*Bock* decision or any of EEOC's other cited authorities. This rigid rule is the antithesis of the

13

"flexible" and "pragmatic" analysis required under well-established *Colorado River* jurisprudence.

14

It is axiomatic that concurrent state and federal cases are sufficiently parallel to justify a stay if they

15

are "substantially similar." *Nakash*, 882 F.2d at 1416. Substantial similarity does not turn on whether

16

the concurrent cases have the same parties, but rather on whether the respective litigants (even if

17

different) have "congruent interests." *See, e.g.*, *Canady v. Koch*, 608 F. Supp. 1460, 1475 (S.D.N.Y.

18

1985), *aff'd sub nom Cannady v. Valentin*, 768 F.2d 501 (2d Cir. 1985) (finding that "[w]here the

19

interests of the plaintiffs in each of the suits are congruent, *Colorado River* abstention may be

20

appropriate notwithstanding the nonidentity of the parties"); *Romine v. Compuserve Corp*., 160 F.3d

21

337, 340 (6th Cir. 1998) (finding *Colorado River* stay appropriate due to the "congruent" interests of

22

the litigants, "notwithstanding the nonidentity of the named parties"); *Freed v. J.P. Morgan Chase*

23

*Bank, N.A.*, 756 F.3d 1013, 1021 (7th Cir. 2014) (finding two actions sufficiently similar under

24

*Colorado River* despite the non-identity of the parties).

25

         The rule is no different in the Ninth Circuit. Consistent with the holdings of other federal

26

circuits, courts in this Circuit apply the *Colorado River* doctrine to substantially similar concurrent

27

cases, even in the absence of identical litigants. *See, e.g.*, *Nakash*, 882 F.2d at 1416 (stay upheld

28

notwithstanding non-identity of the plaintiffs); *Brito v. New United Motor Mfg., Inc*., No. C 06-

4

1   06424-JF, 2007 WL 1345197, at * 1 (N.D. Cal. May 8, 2007) (same); *1-800 Remodel, Inc. v. Bodor*,

2   CV 18-472-DMG (Ex), 2019 WL 856399, at *3 (C.D. Cal. Jan. 28, 2019) (same); *Riley v. City of*

3   *Richmond*, No. C–13–4752 MMC, 2014 WL 5073804, at *2 (N.D. Cal. Oct. 9, 2014) (same);

4   *Scottsdale Ins. Co. v. Parmalee*, Case No. 19-mc-80298-JSC, 2020 WL 1332146, at *1 (N.D. Cal.

5   Mar. 23 2020) (same).[2]

6          The case on which EEOC primarily relies, *Ernest Bock*, does not say otherwise.  The Ninth

7   Circuit there confirmed that "[t]he issues *and parties* in parallel state proceedings *need not be*

8   *identical* so long as they are 'substantially similar'."  *Ernest Bock*, 76 F.4th at 841 n. 20  (emphasis

9   added).[3]  EEOC misleadingly quotes a portion of *Ernest Bock* in which the Ninth Circuit quoted a

10  Third Circuit decision noting the general rule that a *Colorado River* stay requires a parallel state

11  action between the "same parties" that will resolve the issues between them in the federal action.  *See*

12  *id.* at 840 (quoting *Marcus v. Abington*, 38 F.3d 1367, 1371–72 (3d Cir. 1994)).  Although the Ninth

13  Circuit expressed approval of the Third Circuit's general approach to applying *Colorado River* only

14  when state-court proceedings would effectively resolve parallel federal proceedings, the court did *not*

15  adopt a Third Circuit rule requiring identical parties because the Third Circuit does not have one.

16  *See, e.g.*, *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 285 (3d Cir. 2017) ("[U]nder *Colorado*

17  *River* . . . [t]he proceedings must involve *substantially* similar parties and claims . . . .").[4]  Instead,

18  the Court dropped a footnote to make the limits of its endorsement clear:  It observed that its holding

19  was "consistent with the general rule" in the Ninth Circuit "that 'exact parallelism is not required,'"

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

---

20  [2] EEOC inaccurately suggests that multiple courts recognize its purported "same parties" rule.  (Dkt.

21  No. 31, EDF pp. 11–12)  For example, the *Saddler* case EEOC cites expressly acknowledges that the governing standard is "substantial similarity," rather than the "same parties."  *Saddler v. AMEC*

22  *Foster Wheeler Env't & Infrastructure, Inc.*, 253 F. Supp. 3d 210, 220 (D.D.C 2017) (finding that *Colorado River* does not require "identical" parties).  EEOC's reliance on the *Sonoma Springs*

23  decision, in which concurrent cases were found dissimilar for reasons beyond the mere fact that the parties in the two actions were different, is also misplaced.  *Sonoma Springs Ltd. P'ship v. Fid. &*

24  *Deposit Co. of Maryland*, Case No. 3:18-cv-00021-LRH-VPC, 2018 WL 4038110, at *4 (D. Nev. Aug. 23, 2018) (concurrent cases involved two distinct albeit related contractual relationships

25  between different parties, thus preventing a *Colorado River* stay)

26  [3] In fact, the decision in *Ernest Bock* did not turn in any way on the "non-identity" of the parties; the parties were the same in that case.

27  [4] Indeed, as *Ernest Bock* notes, *Marcus v. Abington* dismissed an appeal of a *Colorado River* stay on

28  *jurisdictional* grounds, without evaluating the underlying merits or factors for a stay.  *See Marcus*, 38 F.3d at 1371; *see also Ernest Bock*, 76 F.4th at 841 n. 18.  So *Marcus* certainly cannot be the source of EEOC's made up "same parties" rule.

DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO STAY       Case No.: 3:23-CV-4984-JSC

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

and that "[t]he issues and parties in parallel state proceedings need *not be identical* so long as they are 'substantially similar.'" *Ernest Bock,* 76 F.4th at 841 n.20 (quoting *Nakash,* 882 F.2d at 1416) (emphasis added).[5]

## 2.   EEOC's And CRD's Interests Are Congruent And The Claims They Assert Are Substantially Similar

Tellingly, EEOC does not (and cannot) dispute that the *legitimate* interests of EEOC and CRD (as opposed to their "unseemly" desire to compete for splashy headlines) are congruent.  EEOC does not (and cannot) dispute that EEOC and CRD seek like relief for a like group of aggrieved employees based on like allegations of discriminatory misconduct.  Moreover, EEOC does not (and cannot) dispute that the overlapping nature of the laws EEOC and CRD enforce and the public interests they serve are well-established.  *See Dep't of Fair Employment & Housing v. Law Sch. Admission Council, Inc.,* 941 F. Supp. 2d 1159, 1167–68 (N.D. Cal. 2013).  CRD, like EEOC, "has the authority to investigate complaints on behalf of a group or class and to bring enforcement actions seeking group or class type relief."  *Id.* at 1168.  And although civil actions filed by CRD are brought "in the name of the department on behalf of the person claiming to be aggrieved," *id.* (quoting Cal. Gov't Code § 12965(a)), CRD "does not represent the complaining party but rather the interests of the state" in "'safeguard[ing] the right and opportunity of all persons to seek, obtain, and hold employment without discrimination'." *Id.* (quoting Cal. Gov't Code § 12920).  Thus, like EEOC, CRD acts "not merely [as] a proxy for the victims of discrimination," but also "to vindicate the public interest in preventing [certain forms of] discrimination."  *Id*. at 1169 (quoting *General Telephone Co. v. Equal Employment Opportunity Comm'n,* 446 U.S. 318, 326 (1980).  Not surprisingly, state and federal courts in California have repeatedly "recognized the similarities between Title VII and [the] FEHA . . ., and have relied on Title VII jurisprudence when interpreting [the] FEHA's provision." *Id*. at 1168 (citations omitted).

---

[5] All of the additional cases cited by EEOC in support of its "same parties" rule are also inapposite. (Dkt. No. 31 at 11–12)  None of the *Colorado River* stay determinations in these cases turns on whether the "same parties" were involved in the concurrent litigation at issue.  *See Montanore Minerals Corp. v. Bakie,* 867 F.3d 1160 (9th Cir. 2017) (although the parties were the same, this fact was not dispositive but only one factor to be considered in applying *Colorado River*); *Goodin v. Vendley,* 356 F. Supp. 3d 935 (N.D. Cal. 2018) (same); *Gallagher v. Dillon Grp.,* No. CV–09–2135–SBA, 2010 WL 890056 (N.D. Cal. Mar. 8, 2010) (parties need only be substantially similar).

DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO STAY          Case No.: 3:23-CV-4984-JSC

In its opposition, EEOC argues it is not a "proxy" for the individuals within the aggrieved group it represents, and that it seeks to vindicate "public interests" through this lawsuit in a manner unavailable to the private plaintiffs in the Vaughn Case.  Even if that were correct, the same considerations clearly do not apply to the CRD Case.  And on the CRD case, EEOC has remarkably little to say.  It notes that CRD's claims are broader, but the fact that CRD's claims include but are not limited to EEOC's claims has no bearing on whether resolving CRD's claims would effectively resolve EEOC's claims.  It would.  The public missions of EEOC and CRD are substantially the same, and the public interests they seek to vindicate and the public interest relief they seek to obtain through their concurrent lawsuits are substantially the same.  That is enough for application of the *Colorado River* doctrine, as confirmed by cases in which federal district courts have stayed Title VII lawsuits in deference to concurrent state court cases involving like claims under the FEHA.  *See Riley*, 2014 WL 5073804; *James v. San Diego Christian College*, No. 14cv314 BEN (DHB), 2015 WL 915366 (S.D. Cal. Mar. 3, 2015).

In *Riley*, the district court rejected arguments similar to those raised by EEOC that a state court case involving race discrimination and retaliation claims under the FEHA was somehow "inadequate" to protect the interests or resolve the issues raised by a concurrent federal court case involving like claims.  The court noted that FEHA and Title VII claims "are analyzed in the same manner," and concluded that "there is no fear that [plaintiff's] rights will not be adequately protected in the state proceeding as the same questions of law and fact are presented as in the federal case and the state court can resolve those questions just as effectively."  *Riley*, 2014 WL 5073804, at *3.  The district court further observed that "the state court's finding on the issues of discrimination and retaliation . . . will have a preclusive effect in the instant action." *Id*. at *4 (citing *Kremer v. Chemical Const. Corp*., 456 U.S. 461, 466–67, 479–80 (1982) (holding that federal courts considering federal discrimination claims must give preclusive effect to state court judgments on state law discrimination claims, where state and federal actions are based on the same asserted adverse employment acts and elements of state and federal claims are "virtually identical.")).

The *James* decision reaches the same conclusion as *Riley* and on the same ground, granting a *Colorado River* stay of a Title VII case in deference to a concurrent state court case raising like

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

7

1  discrimination claims under the FEHA.  The district court in *James* noted that "California courts have

2  determined that, because FEHA embodies the same anti-discrimination and public policy objectives

3  as Title VII, the test for determining whether there is discrimination under Title VII applies to FEHA

4  claims as well."  *James*, 2015 WL 915366, at *2 (quoting *Tarin v. County of Los Angeles*, 123 F.3d

5  1259, 1263 & n.2).  As such, the *James* court concluded that "a decision on the merits of the state

6  discrimination claim in state court will likely resolve the Title VII issue before this Court."  *Id*. at *2.

7  EEOC dismisses the *Riley* and *James* cases without addressing their holdings.  (*See* Dkt. No.

8  31 at 18)  Indeed, EEOC misleadingly suggests that these cases somehow support the proposition that

9  Title VII claims should not be stayed based on concurrent state court proceedings under the FEHA.

10  Just the opposite is true as confirmed by the above discussion and the rulings granting stays in these

11  cases.  *Riley* and *James* strongly support Tesla's motion to stay, and EEOC has provided no counter-

12  authority to these cases involving concurrent Title VII and FEHA claims.

### 3.    EEOC Has No Answer To The Eight Factor Test Under *Colorado River*, Which Overwhelmingly Favors A Stay In This Case

15  Having predicated its opposition on the nonexistent (but supposedly "dispositive") rule that

16  *Colorado River* stays require the "same parties" in the concurrent federal and state court actions,

17  EEOC gives short shrift to the Ninth Circuit's governing eight factor test for such stays.  *See*

18  *Montanore*, 867 F.2d at 1166.[6]  Indeed, EEOC contends that this Court "should not consider" these

19  factors at all.  (Dkt. No. 31 at 14)  The truth is EEOC lacks a compelling response to any of Tesla's

20  eight factor arguments or cited authorities.

21  EEOC grudgingly acknowledges that the first, second and seventh factors are either

22  irrelevant or neutral in the context of this case.  *Id*. at 19.[7]  Consequently, these factors do not weigh

[6] The eight factors include the following: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.  *Id*.

[7] Although EEOC concedes that these three factors are neutral or irrelevant, EEOC nonetheless suggests the factors somehow "weigh against a stay" in the heading to this section of its opposition. *Id*.  This makes no sense and is simply one more example of EEOC's misleading advocacy.

DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO STAY          Case No.: 3:23-CV-4984-JSC

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

either in favor or against a stay. *See Nakash*, 882 F.2d at 1415 n. 6 (noting that neutral or otherwise "irrelevant" *Colorado River* factors need not be considered in determining whether to grant a stay). This Court's consideration of whether a stay should issue thus comes down to the following five factors.

### i.   The Risk of Piecemeal Litigation

The danger of piecemeal litigation is the "paramount" consideration in applying the *Colorado River* doctrine. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co*., 460 U.S. 1, 19 (1983). "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *See R.R. St. & Co. v. Transp. Ins. Co*., 656 F.3d 966, 979 (9th Cir. 2011) (quoting *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co*., 843 F.2d 1253, 1258 (9th Cir. 1988)). Here, there is significant risk of piecemeal litigation given the advanced stages of the State Court Actions, the substantial overlap in the claims and defenses in this case and the State Court Actions, and the fact that Title VII and FEHA issues are decided under like legal principles and case authority. *See Riley*, 2014 WL 5073804, at * 8 (granting *Colorado River* stay of Title VII case due in part to the risk of duplicative and inconsistent rulings arising from FEHA claims in concurrent state court case); *James*, 2015 WL 915366, at *3 (same); *see also Tarin*, 123 F.3d at 1263 n. 2 (holding "test for determining whether there is discrimination under Title VII applies to FEHA claims as well"); *Flait v. North Am. Watch Corp*., 3 Cal. App. 4th 467, 475–76 (1992) (holding FEHA claims "are evaluated under federal law interpreting Title VII cases").

EEOC has no compelling answer to these arguments and authorities. Instead, it is reduced to invoking "Congressional intent that the EEOC to [sic] represent an interest broader than that of private litigants, and for EEOC to take the lead enforcing Title VII to vindicate the public interest." (Dkt. No. 31 at 16)[8] But the "public interest" involved in this case and the CRD Case are precisely the same, as are the missions of the two agencies, both of which involve more than the representation

---

[8] EEOC mistakenly relies on a district court case from Wisconsin to support its position. *See United States v. Waupaca Cnty*., No. 11–C–589, 2011 WL 6202809 (E.D. Wisc. Dec. 13, 2011). The *Waupaca* case did not involve parallel federal and state court proceedings, and a stay was denied on those grounds alone. Moreover, the remedies available for discrimination under Wisconsin law were significantly less than those available under Title VII, the exact opposite of what is true when comparing the FEHA and Title VII. Finally, *Waupaca* did not involve concurrent proceedings by two government agencies with overlapping public missions and prosecutorial authority.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

1    of "private litigants."   Equally unpersuasive is EEOC's complaint that Tesla failed to identify

2    "specific rulings" in the State Court Actions that present the risk of inconsistency with rulings this

3    Court has not yet made or been asked to make.   But no such showing is necessary, nor has one been

4    required in the cases finding that the *potential* for inconsistent rulings (as is present here) is sufficient

5    to justify a stay.   *See Riley*, 2014 WL 5073804, at * 8; *James*, 2015 WL 915366, at *3.

6                    **ii.      The Order in Which the Forums Obtained Jurisdiction**

7            EEOC speciously argues that this factor weighs against a stay because this Court first

8    obtained jurisdiction over the Title VII claims asserted in this case.   "This court is the initial forum

9    for EEOC.  So this factor weighs in favor of the EEOC."  (Dkt. No. 31 at 16)  EEOC further asserts

10   without support that "substantive discrimination issues" have not been addressed in either of the State

11   Court Actions.   (*Id*. at 17)  But the Vaughn Case has been pending for more than six years, and the

12   CRD Case has been pending for just short of two years.   The dockets in these cases (submitted in

13   support of Tesla's motion) more than confirm the advanced stages of these matters compared to this

14   case.  Collectively, 57 motions have been decided, 68 court orders have issued, 57 case management

15   and other court conferences and hearings have been held, 63 depositions have been taken, and more

16   than 83,000 pages of documents have been exchanged in discovery.  *See* Hill Decl. ¶¶ 3, 4, 6, 7; RJN

17   ¶¶ 1, 2; and Exh. A (copy of the court docket in the Vaughn Case) and Exh. B (a copy of the court

18   docket in the CRD Case).  In short, there is no question but that the State Court Actions are far more

19   advanced than this case, and that simultaneous prosecution of those cases and this case will inevitably

20   involve substantial duplication of effort, create a significant risk of inconsistent rulings, and result in

21   an inefficient and wasteful use of judicial resources.  *See D.A. Osguthorpe Family Partnership*, 705

22   F.3d at 1233 ("[T]he avoidance of duplicative litigation is at the core of the *Colorado River* doctrine.

23   *Colorado River* concerns itself with efficiency and economy.   Its goal is 'to preserve judicial

24   resources'.").

25                   **iii.     Whether Federal or State Law Provides the Rules of Decision on
                               the Merits**

26

27           As noted by the courts in *Riley* and *James*, this factor is essentially neutral in the context of

28   this case because claims under Title VII and the FEHA are decided under the same legal principles

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

10

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

and pursuant to the same case law.  *See Riley*, 2014 WL 5073804, at \*3 (holding this factor "not of substantial weight" given the state court's "concurrent jurisdiction" over Title VII claims and the fact that the "federal and state law on the merits of [the concurrent] claims…is essentially the same"); *James*, 2015 WL 915366, at \*2 (same).  Again, EEOC has no answer to Tesla's arguments regarding this factor other than to misleadingly suggest *Riley* and *James* somehow support its position, while conspicuously failing to address the fact that in both cases the requested *Colorado River* stay was granted.

### iv.    Whether the State Court Proceedings Can Adequately Protect the Rights of the Federal Litigants.

As Tesla shows in its motion brief, not only do the State Court Actions provide adequate protections for the rights of the aggrieved employees on whose behalf EEOC has filed this case, the State Court Actions present those individuals with rights and potential recoveries that *far exceed* those available through this action.  (*See* Dkt. No. 22 at 19–20)  EEOC does not and cannot rebut this salient fact because it results from the longer statute of limitations and more generous remedies that the FEHA affords the subject aggrieved group.  EEOC is thus again reduced to chest-pounding platitudes failing to advance the *Colorado River* analysis.  (*See e.g.*, Dkt. No. 31 at 18 ("EEOC is not just any litigant."))  Again, it is beside the point that EEOC "is not merely a proxy for Tesla's victims," inasmuch as the same is true of CRD.  (*Id.*)  And while CRD can and does seek the same declaratory and injunctive relief on behalf of the "public interest" that EEOC seeks in this case, CRD and the plaintiffs in the Vaughn Case can and do *also* seek the substantially greater relief available to the subject aggrieved group under the FEHA.

### v.    Whether the State Court Proceedings Will Resolve the Issues Before the Federal Court

This final factor is the one EEOC places most emphasis on and claims "controls the outcome" of the analysis.  (Dkt. No. 31 at 14 (quoting *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1203 (9th Cir. 2021))).[9]  According to EEOC, "neither State Case can completely resolve the

---

[9] Of course, no single factor is *always* determinative under the flexible and context-specific analysis demanded by *Colorado River*.  *See, e.g., Ernest Bock*, 76 F.4th at 840, n. 17 (recognizing that prior *Colorado River* analyses cannot "control" the outcome in any subsequent case).  In fact, EEOC

DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO STAY          Case No.: 3:23-CV-4984-JSC

EEOC's claims," relying on *Ernest Bock* and *Sonoma Springs*.  (*Id.*)  But as previously discussed, the facts here are entirely different from those in *Ernest Bock*, where the consequences of a "binary outcome[]" in state court cast "substantial doubt" on the need for ongoing federal court proceedings. *Ernest Bock*, 76 F.4th at 838-42.  And, unlike in *Sonoma Springs*, where the state action could only resolve contractual issues differing from those raised in the federal action, any resolution of the State Court Actions will certainly be "controlling or persuasive" in this case.  *Sonoma Springs*, 2018 WL 4038110, *4.  Indeed, as the district court found in *James*, "a decision on the merits of the state discrimination claim in state court <u>will likely resolve</u> the Title VII issue before this Court."  *James*, 2015 WL 915366, at *2 (emphasis added); *see also Riley*, 2014 WL 5073804, at *4–5 (holding that the resolution of state court proceedings under the FEHA "<u>will resolve</u>" like claims brought under Title VII, thus supporting a *Colorado River* stay) (emphasis added); *Kremer*, 456 U.S. at 484–85 (holding that resolution of a state law discrimination claim bars federal discrimination claims based on the same facts); *Acuna v. Regents of Univ. of Cal.*, 56 Cal. App. 4th 639, 649 (1997) (holding that prior federal court action precluded later state court action based on same alleged discrimination).[10]

The eight factor test for a *Colorado River* stay thus weighs heavily in favor of Tesla.

### B.    EEOC's Failure To Engage In Pre-Suit Conciliation With Tesla Independently Mandates A Stay Of This Case

The failure-to-conciliate portion of Tesla's motion raised a singular question of law—does an agency comply with Title VII's mandatory pre-suit conciliation requirement if it refuses to notify the employer of the company's specific wrongdoing and the particular employees adversely impacted? In its opposition, EEOC tries to duck that question by discussing a host of *other* things EEOC claims to have done before filing suit.  But it never demonstrates it provided the specific information to Tesla that would permit a meaningful conciliation, nor does it explain how a statutorily-compliant

---

misquotes *State Water Resources* case, wherein the Ninth Circuit actually states: "*In this particular case*, the eighth factor . . . controls the outcome."  988 F.3d at 1203 (emphasis added).

[10] EEOC's speculation that the State Court Actions might be resolved via settlement or some unspecified "procedural" ruling can be summarily dismissed.  Such possibilities always exist in concurrent cases, and if those possibilities were dispositive of the issue then a *Colorado River* stay could never be granted.  EEOC's safeguard against these speculative possibilities is the fact that in issuing a stay, this Court will retain jurisdiction over the case pending a final resolution (whatever that resolution might be) by the state court.

DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO STAY                Case No.: 3:23-CV-4984-JSC

*Holland & Knight LLP*
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

conciliation could occur without such information.  Only in a Kafka novel could a government agency satisfy a conciliation requirement by holding a meeting, no matter whether any useful information is actually shared in that meeting.

When enacting Title VII, Congress made clear its preference for "[c]ooperation and voluntary compliance" over litigation as a means to address discrimination.  *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 486 (2015) (alteration in original).  That is why—as EEOC concedes—Title VII requires it to "engage in a discussion, written or oral, giving the employer the opportunity to remedy the discriminatory practice," before EEOC may file suit.  (Dkt. No. 31 at 19 (citing *Mach Mining*, 575. U.S. at 494))  And for any such remedial action to be possible, EEOC must have disclosed two key pieces of information: (1) "what the employer has done," and (2) "which employees (or what class of employees) have suffered as a result."  *Mach Mining*, 575 U.S. at 481.  Or, as the Supreme Court also put it, EEOC "must tell the employer about the claim—essentially what practice has harmed which person or class."  *Id*. at 488.  EEOC did not do this.

It is undisputed that EEOC began its investigation with a conclusory charge, alleging—in its entirety—that Tesla violated Title VII by "[s]ubjecting black employees to an unlawful hostile work environment created by racial harassment, intimidation, and discriminatory treatment because of their race; and, [r]etaliating against employees for complaining about or expressing opposition to racial harassment and race-based discrimination they experienced or observed."  (Dkt. No. 22-12 (Ex. F)) And after three years, EEOC's investigation closed with a determination letter that was more "specific" in only one regard: it added that "The aggrieved persons include all Black employees who were employed at Respondent's Fremont, CA facilities at any time since May 29, 2015 to the present, who have been adversely affected by such unlawful employment practices."  (Dkt. No. 22-19 (Ex. M))  That is, the victims have now been defined circularly: The group of individuals harmed include those who "have been adversely affected."  That description could include anywhere from two to 6,000 aggrieved individuals, allegedly harmed by undisclosed practices and unidentified perpetrators.

Tesla has provided credible evidence that on multiple occasions throughout this process it requested that EEOC provide additional factual findings—even if anonymized—that would allow Tesla to understand the particular class of victims and perpetrators at issue in this action, from among

13

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1  the many thousands of Tesla personnel potentially falling within the scope of EEOC's allegations.

2  (*See* Dkt. No. 22-1 (Begley Decl.) ¶ 6)  EEOC never responded to these requests (*id*.), and nowhere

3  does it claim that it did (*cf*. Dkt. No. 31 at 3–4, 20–23).

4        Because EEOC never articulated to Tesla what it did wrong and which group of employees

5  suffered as a result—the two minimum components of any conciliation effort, as outlined in *Mach*

6  *Mining*—EEOC's conciliation effort was plainly deficient.  Because no true conciliation occurred or

7  could have occurred given EEOC's hide-the-ball tactics, the pre-suit requirements of Title VII were

8  not satisfied.  (*See* Dkt. No. 22 at 20–22)

9        In response, EEOC's Opposition marches out a series of straw men that Tesla need not

10  address: contrary to EEOC's suggestion, Tesla's conciliation argument does not rest on claims that

11  EEOC acted in bad faith (*cf*. Dkt. No. 31 at 22–23), exceeded its authority to determine its own

12  conciliation positions or demands (*cf*. *id*. at 19–20), or failed to provide "a list of all its factual

13  allegations" during conciliation (*cf*. *id*. at 21 (quoting *EEOC v. MJC, Inc*., 400 F. Supp. 3d 1023,

14  1043 (D. Haw. 2019))).  (*See* Dkt. No. 22 at 20–23)

15        More relevant, EEOC contends Tesla is being "disingenuous" or "dishonest" by claiming

16  EEOC "refused to provide Tesla any specific facts or evidence from its investigation."  (Dkt. No. 31

17  at 20–21)  Ironically, EEOC misquotes Tesla to make the point—what Tesla claims, and EEOC

18  cannot rebut, is that EEOC refused to provide any specific factual findings "that might give Tesla 'an

19  opportunity to remedy the allegedly discriminatory practice.'"  (Dkt. No. 22 at 21 (quoting *Mach*

20  *Mining*, 575 U.S. at 494))

21        Tesla does not dispute that the parties participated in several pre-determination conversations

22  regarding EEOC's investigation.  (Begley Decl. ¶¶ 4–7; *cf*. Dkt. No. 31 at 20)  Nor that EEOC

23  communicated that the alleged discrimination involved employees' exposure to racial slurs and racist

24  graffiti.  But these "details" that EEOC claims it disclosed (*cf*. Dkt. No. 32 (Sienko Decl.) ¶ 11), did

25  not include any facts allowing Tesla to understand what problematic practices it purportedly

26  implemented, and what class of employees suffered as a result, beyond potentially every Black

27  employee at the Fremont facility since 2015.  (*Cf*. Begley Decl. ¶ 6.)  Again, those are the two core

28  components of the conciliation process that are necessary to tell the employer "essentially, what

14

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

1 practice has harmed which person or class." *Mach Mining*, 575 U.S. at 488.  No other details can

2 make up for the absence of those two basic pieces of information.

3      This is in clear contrast to the cases on which the Opposition relies, where EEOC outlined for

4 the employer specific practices and classes of aggrieved employees towards which the employer

5 could address its voluntary remediation efforts.  *Cf. EEOC v. Amsted Rail Co*., 169 F. Supp. 3d 877,

6 881–83 (S.D. Ill. 2016) (letter of determination alleging discrimination against applicants for one

7 specific job position who suffer from specific and disclosed medical conditions); *EEOC v. Lawler*

8 *Foods, Inc*., No. 4:14-CV-03588, 2015 U.S. Dist. LEXIS 167178, at *2–3 (S.D. Tex. Dec. 4, 2015)

9 (letter of determination outlining specific company recruiting practices and applicant-screening

10 techniques that disadvantaged non-Hispanic job candidates); *MJC, Inc*., 400 F. Supp. 3d at  1029

11 (letter of determination alleging hiring discrimination against a single, identified employee).  (*Cf.*

12 Dkt. No. 31 at 21–22 (citing *MJC, Inc*., *Amsted Rail Co*., and *Lawler Foods*))  An employer can

13 address a practice of preferring Spanish-speaking job candidates, *cf. Lawler Foods*, 2015 U.S. Dist.

14 LEXIS 167178, at *2, or of screening "chipper" position applicants for carpal tunnel syndrome, *cf.*

15 *Amsted Rail Co*., 169 F. Supp. 3d at 881.  But how can Tesla voluntarily address unidentified practices

16 resulting in anywhere from two to 6,000 employees being exposed to racist conduct anywhere in a

17 massive facility at any time since 2015?

18      EEOC's sweeping and indeterminate "findings" did not provide Tesla with an opportunity to

19 voluntarily remediate its purportedly unlawful practices.  Title VII requires more, and this Court

20 should stay this proceeding until EEOC has fulfilled its conciliation mandate.

21 **III.    CONCLUSION**

22      For all the foregoing reasons, Tesla's motion to stay all proceedings in this case should be

23 granted.

24 ///

25 ///

26 ///

27 ///

28 ///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

Respectfully submitted,

Dated:  January 10, 2024                    HOLLAND & KNIGHT LLP


By:_____*/s/ Thomas E. Hill*_____
             Thomas E. Hill

*Attorneys for Defendant*
TESLA, INC.

16