Thomas E. Hill (SBN 100861)
thomas.hill@hklaw.com
Christina T. Tellado (SBN 298597)
christina.tellado@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone:  (213) 896-2400
Facsimile:   (213) 896-2450

Attorneys for Defendant
TESLA, INC.

(*Additional counsel listed on next page*)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 3:23-cv-04984-JSC<br><br>**DEFENDANT TESLA, INC.'S REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO STAY ALL PROCEEDINGS**<br><br>Hearing Date:  February 22, 2024<br>Time:  10:00 AM<br>Judge:  Hon. Jacqueline Scott Corey<br>Courtroom:  8<br><br>Complaint Filed:  September 28, 2023<br><br>[*Defendant's Reply in Support of Motion to Stay All Proceedings Filed Concurrently Herewith*] |

Sara A. Begley (*admitted pro hac vice*)
sara.begley@hklaw.com
HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania  19103
Telephone:  (215) 252-9600
Facsimile:   (215) 867-6070

Samuel J. Stone (SBN 317013)
sam.stone@hklaw.com
Mary T. Vu (SBN 323088)
mary.vu@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone:  (213) 896-2400
Facsimile:   (213) 896-2450

Raymond A. Cardozo (SBN 173263)
rcardozo@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California  94105-3659
Telephone:  (415) 543-8700
Facsimile:   (415) 391-8269

Tyree P. Jones Jr. (SBN 127631)
tpjones@reedsmith.com
REED SMITH LLP
1301 K Street, N.W., Suite 1000
Washington, DC  20005-3317
Telephone:  (202) 414-9200
Facsimile:   (202) 414-9299

Attorneys for Defendant TESLA, INC.

DEF. TESLA, INC.'S REPLY IN SUPP. OF REQUEST FOR JUDICIAL NOTICE IN SUPP. OF MOT. TO STAY
Case No.: 3:23-cv-4984-JSC

## I. Introduction

Pursuant to Federal Rule of Evidence 201, Tesla has asked this Court to take judicial notice of certain documents it submitted in support of its motion to stay all proceedings. (*See* Dkt. No. 22-5 ("Tesla's RJN")) EEOC opposes Tesla's RJN with regard to three documents: **Exhibit I** (Copy of the Transcript of Proceedings (Dec. 13, 2021) in *U.S. EEOC v. Activision Blizzard, Inc., et. al.*, United States District Court (C.D. Cal.) Case No. 2:21-CV-07682 DSF-JEM (the "Activision Case")); **Exhibit Q** (Copy of letter from Rosa M. Viramontes, District Director, EEOC Los Angeles District Office, to Activision Blizzard, Inc., filed in the Activision Case on November 8, 2021); and **Exhibit R** (Copy of Court's Order Denying Motion to Intervene, in the Activision Case, dated December 20, 2021) (collectively, the "*Activision* Documents"). (*See* Dkt. No. 33 (EEOC Opp'n to Tesla's RJN) at 1)

The sole ground for EEOC's objection is that the subject documents are purportedly "irrelevant" to Tesla's motion to stay. (*See id.* at 1–4.) Because these documents are relevant to Tesla's motion, and because they are additionally supported by a declaration to which EEOC does not object, the Court should consider them.

## II. Argument

As EEOC admits, federal courts "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to the matters at issue." (*Id.* at 2 (quoting *U.S. v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007))) Here, the Activision Case, and the documents at issue, have a direct bearing on Tesla's *Colorado River* argument.

*Colorado River* asks whether "reasons of wise judicial administration" support staying a federal action that is parallel to pending state proceedings. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). The inquiry requires weighing multiple non-exhaustive factors in a "flexible," "pragmatic," and "[non-]mechanical" fashion depending on the "*particular* setting of the case." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983) (emphasis added). The Activision Case provides direct context and precedent for understanding why EEOC's duplicative action should be stayed.

The Activision Case involved overlapping and duplicative discrimination charges by EEOC and CRD against a major California employer. Exhibit Q shows that by EEOC's own admission, such duplicative CRD and EEOC investigations present an "unusual circumstance," and that EEOC and CRD agreed to handle this unusual circumstance by dividing the scope of the concurrent investigations between them (*see* Dkt. No. 22-23 at 3, 4)–which they did *not* do here. Exhibits I and R further indicate that when the agencies' division of labor fell apart, CRD was so concerned with how EEOC's resolution of its Title VII claims would impact CRD's duplicative lawsuit under California law that CRD attempted to intervene in the Activision Case. (*See, e.g.*, Dkt. No. 22-15 at 8–10; Dkt. No. 22-24) And Exhibit I further shows that a U.S. District Judge has already concluded that EEOC and CRD's contentious race to litigate duplicative claims on behalf of the *same* aggrieved constituencies was "unseemly." (Dkt. No. 22-15 at 26, 57) In short, Exhibits I, Q, and R are directly relevant to Tesla's argument that EEOC and CRD's new pattern of pursuing duplicative claims on behalf of the same aggrieved employees does not serve any public interest—and that in this specific context, "reasons of wise judicial administration" counsel staying the redundant federal action. *See Colo. River*, 424 U.S. at 818. EEOC's contention that the *Activision* Documents "have no bearing" on the motion to stay (Dkt. No. 33 at 2) is thus untenable—and its parade of cases where contested documents were in fact irrelevant is inapposite (*cf. id.*).

Tesla also supported all three Activision Case documents with the declaration of Thomas Hill (*see* Dkt. No. 22-3 (Hill Decl.) at ¶¶ 3–4), to which EEOC does not object (*cf.* Dkt. No. 31 (EEOC Opp'n)). The Court may thus independently consider the Activision Case documents on the basis of Mr. Hill's declaration.

## IV.  Conclusion

For the foregoing reasons, the Court should grant Tesla's request and take judicial notice of the above-identified documents, in addition to those to which EEOC does not object.

///

///

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

|   |   |
|---|---|
|   | Respectfully submitted, |
| Dated: January 10, 2024 | HOLLAND & KNIGHT LLP |
|   | /s/  Thomas E. Hill |
|   | Thomas E. Hill |
|   | *Attorneys for Defendant* |
|   | TESLA, INC. |

4

DEF. TESLA, INC.'S REPLY IN SUPP. OF REQUEST FOR JUDICIAL NOTICE IN SUPP. OF MOT. TO STAY
Case No.: 3:23-cv-4984-JSC