1   ROBERTA L. STEELE, SBN 188198 (CA)
    MARCIA L. MITCHELL, SBN 18122 (WA)
2   JAMES H. BAKER JR, SBN 291836 (CA)
    KENA C. CADOR, SBN 321094 (CA)
3   U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
    San Francisco District Office
4   450 Golden Gate Ave., 5th Floor West
    P.O. Box 36025
5   San Francisco, CA 94102
    Telephone No. (650) 684-0950
6   Fax No. (415) 522-3425
    james.baker@eeoc.gov
7
    *Attorneys for Plaintiff EEOC*
8

9                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12  U.S. EQUAL EMPLOYMENT                  Case No.: 3:23-cv-04984-JSC
    OPPORTUNITY COMMISSION,
13                                         **PLAINTIFF EEOC'S OPPOSITION TO**
                    Plaintiff,             **DEFENDANT TESLA'S NOTICE OF**
14                                         **MOTION AND MOTION DISMISS**
                vs.
15                                         Hearing Date: February 22, 2024
                                           Time: 10:00 AM
16  TESLA, INC.                            Judge: Hon. Jacqueline Scott Corey
                                           Courtroom: 8
17                  Defendant.
18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

I.      BACKGROUND ................................................................................................. 1

II.     PROCEDURAL HISTORY AND COMPLAINT DETAILS ................................. 2

III.    LEGAL ANALYSIS ............................................................................................. 4

        A.      Legal Standard ......................................................................................... 4

        B.      The Motion To Dismiss Should Be Denied .............................................. 5

                1.      The EEOC's Complaint Sufficiently Pleads Claims Upon Which
                        Relief Can Be Granted, and Plausibly Asserts Hostile Work
                        Environment and Retaliation Claims ............................................... 5

                        (a)     The EEOC Satisfied the Notice Pleading Standard. ............ 5

                        (b)     The EEOC Brings This Action in Its Own Name and Does
                                Not Need to Name Particular Aggrieved Individuals. .......... 8

                        (c)     The Additional Information that Tesla Seeks from the
                                Complaint Is Unnecessary at the Pleading Stage. ............... 10

                        (d)     Tesla's Statute of Limitations Arguments Do Not Justify a
                                Heightened Pleading Standard. ......................................... 13

        C.      In the Alternative, If the Court Grants the Motion to Dismiss, Leave to
                Amend Should Be Granted ..................................................................... 13

IV.     CONCLUSION ................................................................................................. 14

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)........................................................................................................4

5

6

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007)...................................................................................................4, 10

7

8

*Cahill v. Liberty Mut. Ins. Co.,*
  80 F.3d 336 (9th Cir. 1996) ...........................................................................................4

9

*Cazorla v. Koch Foods of Mississippi,*
  No. 3:10CV135-DPJ-FKB, 2013 WL 11328253 (S.D. Miss. Aug. 28, 2013) .......................12

10

*Crawford v. Metropolitan Government of Nashville and Davidson County,*
  555 U.S. 271 (2009)........................................................................................................6

11

12

*DaVinci Aircraft, Inc. v. United States,*
  926 F.3d 1117 (9th Cir. 2019) ........................................................................................4

13

14

*EEOC v. 5042 Holdings Ltd.,*
  2010 WL 148085 (N.D. W. Va. Jan. 11, 2010) .............................................................10

15

16

*EEOC v. Bass Pro Outdoor World, LLC,*
  35 F. Supp. 3d 836 (S.D. Tex. 2014), *aff'd sub nom. EEOC v. Bass Pro Outdoor World, L.L.C.,* 826 F.3d 791 (5th Cir. 2016) ...........................................................9

17

18

*EEOC v. Bass Pro Outdoor World,*
  LLC, 884 F. Supp. 2d. 499 (S.D. Tx. 2012) (*Bass Pro I*)...................................9, 11

19

20

*EEOC v. Bay Club Fairbanks Ranch, LLC,*
  2019 WL 414518 (S.D. Cal. Feb. 1, 2019) ...................................................................10

21

22

*EEOC v. Farmers Ins.,*
  24 F. Supp. 3d 956 (E.D. Cal. 2014).................................................................................5

23

*EEOC v. Geisinger Health,*
  2022 WL 10208553 (E.D. Pa. Oct. 17, 2022)...............................................................12

24

25

*EEOC v. Glob. Horizons, Inc.,*
  No. 2:11-CV-3045-RMP, 2020 WL 1318792 (E.D. Wash. Mar. 20, 2020)...............................9

26

27

*EEOC v. Go Daddy Software, Inc.,*
  581 F.3d 951 (9th Cir. 2009) ..........................................................................................6

28

*EEOC v. JBS USA, LLC,*
  481 F. Supp. 3d 1204 (D. Colo. 2020) .....................................................................10, 12

*EEOC v. Justin Vineyards & Winery LLC, et al.*
   Case No. 22-cv-6039-PA, ECF Docket No. 36 at 4-5 (C.D. Cal. Jan. 22, 2023)..........5, 10, 13

*EEOC v. La Rana Haw.,*
   LLC, 888 F. Supp. 2d 1019 (D. Haw. Aug. 22, 2012).............................................................11

*EEOC v. Marquez Bros. Int'l Inc.,*
   2017 WL 4123915 (E.D. Cal. Sept. 18, 2017).........................................................................10

*EEOC v. PBM Graphics Inc.,*
   877 F. Supp. 2d 334 (M.D.N.C. 2012) ................................................................................8, 11

*EEOC v. Pioneer Hotel, Inc.,*
   No. 2:11-CV-01588-LRH, 2013 WL 3716447 (D. Nev. July 15, 2013)............................9, 10

*EEOC v. Pitre, Inc.,*
   908 F. Supp. 2d 1165 (D. Mex. 2012) .......................................................................................9

*EEOC v. Rosebud Restaurants, Inc.,*
   85 F. Supp. 3d 1002 (N.D. Ill. 2015) .........................................................................................8

*EEOC v. Spoa, LLC,*
   2013 WL 5634337 (D. Md. Oct. 15, 2013) ................................................................................7

*EEOC v. United Parcel Svc., Inc.,*
   No. 09-cv-5291, 2013 WL 140604, at *6 (N.D. Ill. Jan. 11, 2013)....................................10, 12

*EEOC v. Waffle House, Inc.,*
   534 U.S. 279 (2002).....................................................................................................................8

*Elec. Constr. & Maint. Co. v. Maeda Pac. Corp.,*
   764 F.2d 619 (9th Cir. 1985) .....................................................................................................12

*Enter. Mgmt. Ltd., Inc. v. Construx Software Builders,*
   73 F.4th 1048 (9th Cir. 2023) ....................................................................................................12

*Foman v. Davis,*
   371 U.S. 178 (1962)....................................................................................................................14

*General Tel. Co. of the Northwest, Inc. v. EEOC,*
   446 U.S. 318 (1980)........................................................................................................1, 2, 8, 12

*Griffin v. Cedar Fair, L.*
   P., 817 F. Supp. 2d 1152 (N.D. Cal. 2011)...............................................................................13

*Arizona ex rel. Horne v. Geo Grp., Inc.,*
   816 F.3d 1189 (9th Cir. 2016) ...............................................................................................7, 13

*Int'l Bd. of Teamsters v. U.S.,*
   431 U.S. 324 (1977).....................................................................................................................9

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) ............................................................................14

*Peng Chan v. Time Warner Inc.*,
   No. 5:16-CV-06268-EJD, 2017 WL 11500157 (N.D. Cal. June 20, 2017)............................13

*Serrano v. Cintas Corp.*,
   699 F.3d 884 (6th Cir. 2012) *cert. denied*, 134 S. Ct. 92 (2013)............................................11

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002)............................................................................4, 10, 11

*Swinton v. Potomac Corp.*,
   270 F. 3d 794 (9th Cir. 2001) ............................................................................6

**Statutes**

42 U.S.C. § 2000e-5(b) ............................................................................2

42 U.S.C. § 2000e-5(f)............................................................................2

Civil Rights Act of 1964 Title VII ............................................................ *passim*

**Other Authorities**

Federal Rule 12(b)(6)............................................................ *passim*

Rule 8(a)............................................................................1, 4, 5

Rule 12(e)............................................................................13

Rule 15(a)(2)............................................................................14

Rule 23............................................................................1, 8, 12

Rule 24............................................................................9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      BACKGROUND

In response to the EEOC's Complaint, Defendant Tesla, Inc. (Tesla) filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6)[1] (Tesla's Motion or simply, Motion) on December 26, 2023.  [ECF 27][2]  Ignoring Supreme Court precedent and applicable case law, Tesla seeks to dismiss the EEOC's entire Complaint for failure to state a claim for hostile work environment or retaliation.  Tesla argues the EEOC does not name an undefined threshold number of individual harassment victims, their harassers, and the dates when and departments where they were harassed.  Tesla argues further that an even higher level of specificity is required for the retaliation claims.  It relies on a smattering of non-controlling and unpersuasive cases, including those concerning class actions, which are not applicable to the EEOC, and summary judgments, which are premature and inapplicable at the pleading stage.  Tesla's Motion fails.  The EEOC's Complaint contains an abundance of information supporting its allegations that Tesla created a racially hostile and abusive work environment, including about the aggrieved employees, the types of race-based mistreatment they experienced and by whom, and Tesla's knowledge of the mistreatment and failure to address it.  The Complaint not only meets but exceeds Rule 8's notice pleading standards.  The Court should deny Tesla's Motion so the parties may proceed to discovery.

Plaintiff Equal Employment Opportunity Commission (EEOC or Commission) brought this independent federal government enforcement action to vindicate the public interest.  The Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of federal statutes that prohibit discrimination in employment, including Title VII of the Civil Rights Act of 1964 (Title VII).  *See* ECF 1, Complaint, ¶ 4.  As the Supreme Court recognized, the "EEOC is authorized to proceed in a unified action and to obtain the most satisfactory overall relief" in furtherance of the public interest and for a group of aggrieved individuals.  *General Tel. Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 331 (1980).[3]  This case

---

[1]  Unless otherwise stated, all references to Rules concern the Federal Rules of Civil Procedure.

[2]  Tesla also filed a Motion to Stay all Proceedings [ECF 22].

[3]  The EEOC is not subject to the strictures of Rule 23.  *See Id.*  This case is not a "class action."  As such, the EEOC avoids that term when referring to aggrieved individuals in this case.

1    arose after then-EEOC Commissioner Charlotte Burrows filed a charge of discrimination against

2    Tesla, alleging violations of Title VII (Commissioner's Charge). *Id.* at ¶ 9. Congress has authorized

3    EEOC Commissioners to file charges of discrimination. *See* 42 U.S.C. § 2000e-5(b) (charges may

4    "filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission").

5         Since at least 2015, Black current and former employees have endured severe and pervasive

6    harassment at the Fremont Factory and retaliation for opposing it. Advancing the public's interest in

7    this lawsuit includes enjoining ongoing race-based harassment and retaliation at Tesla's

8    manufacturing hub in Fremont, CA (Fremont Factory). Along with an injunction, the Commission

9    also seeks to recover monetary relief for the aggrieved individuals and an order requiring Tesla to

10   implement policies and procedures to ensure equal employment opportunities for its Black workers.

11   **II.    PROCEDURAL HISTORY AND COMPLAINT DETAILS**

12        On June 1, 2022, following its multi-year investigation of Tesla, the Commission issued to

13   Tesla a Letter of Determination finding reasonable cause to believe that from May 29, 2015, to the

14   present (Relevant Period), Tesla subjected Black employees who worked at its Fremont, California,

15   facilities to a hostile work environment and retaliated against Black employees who engaged in

16   protected activity. *Id.* at ¶ 10. The EEOC filed this lawsuit pursuant to Section 706 of Title VII a

17   little over a year later, after an unsuccessful conciliation. *Id.* at ¶ 4; 42 U.S.C. § 2000e-5(f).

18        The EEOC's Complaint makes two claims. First, it asserts that Tesla subjected Black

19   employees at its Fremont Factory to severe or pervasive racial harassment and maintained a hostile

20   work environment because of their race in violation of Title VII. *Id.* at p. 1-2. The Complaint

21   asserts that racial slurs, chief among them, "Nigger" and "Nigga"[4] (collectively, N-Word), and other

22   racist epithets and race-based stereotyping, permeated Tesla's Fremont Factory, subjecting Black

23   employees to racial hostility and offenses. *Id.* at ¶ 17. Black employees faced vulgar race-based

24   slurs "almost every day." *Id.* at ¶ 20. Non-Black employees and managers, across "all shifts,

25   departments, and positions, including but not limited to the Production Associate position" directly

26   _____

27   [4] There is a significant amount of trauma and offense associated with these words. The EEOC uses
     the full terms here to avoid confusion. But for purposes of this brief, the EEOC has elected to mask
     these and other epithets because the full force of their impact is not necessary for the Court to rule on

28   Tesla's Motion.

1    addressed Black employees individually and collectively as N-Words.  *Id.* at ¶ 18-19.

2            The Complaint further details how Black employees faced other verbal degradations.  For

3    instance, "non-Black workers have referred to Black employees as "Black b*tch," "Black ass b*tch,"

4    "boy," "monkey," "lazy," and "smelly," among other slurs.  *Id.* at ¶ 24-25.  Black employees have

5    been mocked by their non-white counterparts with monkey noises.  *Id.* at ¶ 24.  Throughout the

6    Relevant Period, Black employees also confronted "displays of racist graffiti, including swastikas,

7    threats, and nooses.  They found such graffiti on a variety of surfaces, including on desks, in

8    elevators, and on equipment, including vehicles rolling off the production lines."  *Id.* at ¶ 26.

9    Aggrieved individuals described the prevalence of racist graffiti as "constant," "a regular thing," and

10   occurring "too many times to count."  *Id.* at ¶ 27.  The racist imagery also included direct threats,

11   such as "kill black people," "kill N-Words," "hang black people," and "hang N-Words," as well as

12   references to the KKK "all over the walls."  *Id.* at ¶ 28-29.

13           Second, the Complaint also alleges that "Black employees have faced retaliation for

14   engaging in activity protected by Title VII including, but not limited to, opposing, rejecting and/or

15   complaining about racial harassment and/or race-based discrimination."  The Complaint details how

16   such retaliation included Tesla firing Black employees within weeks of reporting or opposing racial

17   harassment, and/or subjecting them to adverse actions that included "schedule changes, less

18   desirable duties, reassignments, unjustified write-ups, and discharge."  *Id.* at ¶ 41-42.  As one

19   example, "[a] Black worker recalled that after reporting her Lead for repeatedly telling Black

20   employees not to stand together and saying that 'N-Words are lazy,' her supervisor moved her to a

21   more demanding part of her assembly line."  *Id.* at ¶ 43.

22           The Complaint outlines the relief the Commission is seeking.  The Commission seeks

23   monetary relief on behalf of the aggrieved individuals, including for back pay with prejudgment

24   interest, front pay, any other past or future pecuniary losses, and for non-pecuniary losses such as

25   emotional distress.  *Id.* at p. 9.  The Commission also seeks injunctive relief, including permanent

26   injunctions against future racial harassment and related retaliatory employment practices, and orders

27   for Tesla to implement policies, practices, and programs to ensure equal employment opportunities

28   for Black employees.  *Id.*

1

## III.     LEGAL ANALYSIS

2

### A.     Legal Standard

3       To survive a 12(b)(6) motion, complaints are only required to contain "a short and plain

4   statement of the claim showing that the pleader is entitled to relief."  Rule 8(a).  Rule 8 "simply calls

5   for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the

6   necessary claims or elements. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The

7   Supreme Court explicitly affirmed Rule 8's straightforward "notice" pleading standard in the

8   *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) decisions.  In doing so, the Supreme Court

9   explained that plaintiffs need plead "only enough facts to [nudge] a claim to relief . . . across the line

10  from conceivable to plausible." *Twombly*, at 570; *see also*, *Ashcroft*, 556 U.S. at 678 ("A claim has

11  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

12  reasonable inference that the defendant is liable for the misconduct alleged.") (citations omitted).

13      In assessing the sufficiency of a plaintiff's claims at the pleading stage, the Court must accept

14  as true all factual allegations alleged in the complaint and must draw all reasonable inferences from

15  them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337–38 (9th Cir.

16  1996) The Court, moreover, should not dismiss a complaint "unless it appears *beyond doubt* that the

17  plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief." *DaVinci*

18  *Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (citations omitted).

19      There is no heightened pleading standard for employment discrimination cases. *See*

20  *Swierkiewicz v. Sorema N.A*., 534 U.S. 506 (2002).  Plaintiffs bringing employment discrimination

21  claims under Title VII need not plead a prima facie case of discrimination to survive a Rule 12(b)(6)

22  motion to dismiss. *Id*. at 515.  Nor must a Title VII plaintiff assert all the facts that it might

23  eventually need at the summary judgment stage.  Instead, a Title VII plaintiff must only provide the

24  defendant with "fair notice of the basis for his claims." *Swierkiewicz,* 534 U.S. at 512.

25

26  / / /

27  / / /

28  / / /

**B.      The Motion To Dismiss Should Be Denied**

        **1.      The EEOC's Complaint Sufficiently Pleads Claims Upon Which Relief Can Be Granted, and Plausibly Asserts Hostile Work Environment and Retaliation Claims**

                **(a)      The EEOC Satisfied the Notice Pleading Standard.**

The EEOC's Complaint easily satisfies Rule 8(a)'s pleading requirements as interpreted by the Supreme Court and district courts within the Ninth Circuit.  Far from conclusory assertions of Title VII violations, the EEOC's Complaint alleges details beyond those needed to withstand a motion to dismiss.  *Cf. EEOC v. Justin Vineyards & Winery LLC*, et al., Case No. 22-cv-6039-PA, ECF Docket No. 36 at 4-5 (C.D. Cal. Jan. 22, 2023)(finding that an EEOC complaint withstands Rule 12(b)(6) scrutiny when it "details the types of alleged discrimination, provides examples of the alleged harassment, retaliation, and hostile work environment, identifies the protected basis for the discrimination[], and describes the perpetrators as 'male supervisors,'" as well as provides "a general description of the class of aggrieved individuals and the point in time at which the discrimination began."); *EEOC v. Farmers Ins*. Co., 24 F. Supp. 3d 956, 967 (E.D. Cal. 2014)(complaint that contains "allegations and factual statements that clearly put the defendant on notice that the instant action is based on the defendant's alleged discrimination on a particular protected basis against the charging party and other similarly situated employees beginning at a specific point in time is sufficient to survive a motion to dismiss.").

The EEOC's Complaint alleges a compilation of facts that, taken as true, notify Tesla of plausible claims that its Black employees endured racially offensive words and conduct that created a hostile or abusive work environment facility-wide across multiple years.  The Complaint states and/or identifies:  1) the group of aggrieved individuals, i.e., Black current and former employees, including but not limited Production Associates; 2) the nature of the allegations, i.e., severe or pervasive racial harassment that resulted in a hostile work environment because of race (Black) and retaliation for opposing the hostile work environment; 3) the Relevant Period, i.e., since at least May 29, 2015; 4) a description of perpetrators, which include White and other non-Black managerial and non-managerial employees, working in positions that include line leads, production leads, production associates, and temporary workers; and, 5) Tesla's notice of the misconduct and failures to correct it.

1  Complaint, at p. 1-7.  The Commission even provides particularized accounts of severe and/or

2  pervasive race-based mistreatment and retaliation, though it was not required to do so by Rule 8.

3  Complaint, at p. 4-5.[5]

4           Moreover, the Complaint does not simply allege that Tesla's managers and supervisors knew

5  or should have known about these degradations, but alleges *how* they acquired direct or constructive

6  knowledge:  1) non-Black managers engaged in the harassing misconduct directly; 2) such conduct

7  occurred openly, in high-traffic areas, worker hubs and around the vehicle production lines; 3)

8  supervisors and managers witnessed racially offensive conduct but refused to intercede; and, 4)

9  Black employees reported slurs, insults, graffiti and other misconduct directly to Tesla's human

10 resources, employee relations, and managerial personnel.  *Id.* at p. 5-6. And it alleges that despite

11 actual or constructive knowledge of harassment, Tesla failed or refused to address the behavior,

12 failed to investigate complaints, failed to adopt policies or practices to ensure temporary employees

13 did not perpetrate harassment, and failed to take prompt and effective remedial actions that would

14 end the misconduct.  *Id.* at p. 6.  Tesla's notice of the harassment and deficient response, as alleged,

15 supplies a plausible basis to attach liability for supervisor harassment and co-worker or third-party

16 harassment.

17          The EEOC also provided specific factual allegations supporting Tesla's unlawful retaliation

18 against this aggrieved group of employees for "opposing, rejecting and/or complaining about racial

19 harassment and/or race-based discrimination," such as being terminated within weeks of reporting or

20 opposing racial harassment" and facing "schedule changes, less desirable duties, reassignments,

21 [and] unjustified write-ups."  Complaint at p. 6.  The Complaint further recounts specific retaliatory

22 experiences of several aggrieved individuals, including one, paradoxically, who Tesla fired right

23 after informing them of Tesla's alleged anti-retaliation policy.  *Id.* at p. 6.[6]

24 ────────────────

25 [5]  Case law is clear that explicit racist epithets, denigrating stereotypes, and symbols of hate which
workers endured evince an unlawful racially toxic workplace.  The behavior at Tesla was inherently
26 offensive to Black employees.  *See Swinton v. Potomac Corp.*, 270 F. 3d 794, 817 (9th Cir. 2001)
("[T]he word [N-Word] is 'perhaps the most offensive and inflammatory racial slur in English… a
27 word expressive of racial hatred and bigotry.'").

28 [6]  Protected activities include employee internal complaints or participating in the employer's
internal investigations, as alleged in the Complaint. *See EEOC v. Go Daddy Software, Inc.*, 581 F.3d

1    Without citing any controlling legal authority, Tesla argues that to state a plausible claim for

2    relief on behalf of a group of individuals, the EEOC must set forth specific facts establishing that an

3    (undefined or unknown) number of employees were each subjected to a hostile work environment or

4    retaliation.  Tesla does not state how many individuals must be named.  It claims the EEOC must

5    also plead a prima facie case for each of them, including not only their names, but the identities of

6    their perpetrators of harassment and whether they were supervisors, co-workers, or third-parties, the

7    dates when the harassment took place, the exact locations of the harassing incidents, and whether,

8    when, and to whom the victims complained.  Motion at p. 12.  Tesla misconstrues the pleading

9    standard and the nature of EEOC enforcement actions: it conflates what the EEOC must allege in a

10   Complaint with what it must ultimately prove to prevail at summary judgment or trial to recover

11   relief for individual victims.  The EEOC need only plead facts showing that it is plausible that Tesla

12   subjected a group of individuals to a racially hostile work environment.  There is no question that the

13   EEOC's Complaint meets this standard.

14       The EEOC Complaint indisputably puts Tesla on more than fair notice of the basis for the

15   EEOC's racial harassment claims.  That this case involves numerous victims does not demand the

16   level of detail advanced by Tesla.  Tesla cites no legal support for its argument that the EEOC failed

17   to "quantify exactly how many aggrieved employees it purports to represent."  *See* Motion at p. 12,

18   fn. 2.  In fact, such an exercise at the pleading stage would directly contradict the EEOC's authority

19   to determine for whom it will seek relief as the litigation progresses.  *See Arizona ex rel. Horne v.*

20   *Geo Grp., Inc*., 816 F.3d 1189, 1200 (9th Cir. 2016) (holding that EEOC may seek relief on behalf

21   of individuals unnamed or otherwise unidentified when it filed suit because "it would be illogical to

22   limit [its] ability to seek class wide relief to something narrower than the abilities of private

23   litigants").  And, no further factual allegations are necessary to establish that EEOC provided Tesla

24   with sufficient notice of the claims against it and established a plausible basis for relief.  *Cf. EEOC*

25   *v. Spoa, LLC*, 2013 WL 5634337, at *6 (D. Md. Oct. 15, 2013) (denying a Rule 12(b)(6) motion

26   where the EEOC's complaint did not provide identities of any of the class members but set forth

27   _____

28   951, 964 (9th Cir. 2009) (internal complaints); *Crawford v. Metropolitan Government of Nashville and Davidson County*, 555 U.S. 271, 273-80 (2009) (investigation participation).

1    examples of harassing behavior and comments showing unwelcome, severe, and pervasive conduct

2    for which the employer may be held accountable).

3              **(b)    The EEOC Brings This Action in Its Own Name and Does
4                       Not Need to Name Particular Aggrieved Individuals.**

5              The Supreme Court held decades ago that the EEOC has the authority to bring actions under

6    Section 706 in its own name. *Gen. Tel. Co.*, 446 U.S. 318, 326 (1980). As a law enforcement

7    agency, "[w]hen the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it

8    acts also to vindicate the public interest in preventing employment discrimination." *Id.* When the

9    Commission files a lawsuit, it is not as "merely a proxy for the victims of discrimination." *EEOC v.*

10   *Waffle House, Inc.*, 534 U.S. 279, 288 (2002) (citing *Gen. Tel. Co*).  That this action stems from a

11   Commissioner's Charge should only emphasize the United States government's independent

12   enforcement authority.

13             For these reasons, courts have rejected defendants' attempts to force the EEOC to name any

14   aggrieved individuals.  In *EEOC v. Rosebud Restaurants, Inc*., the EEOC alleged racially

15   discriminatory practices by a defendant restaurant and 13 other related corporate entities spanning a

16   nearly six-year period.  85 F. Supp. 3d 1002, 1005 (N.D. Ill. 2015).  As here, the lawsuit followed

17   the investigation of a Commissioner's Charge, and the EEOC's complaint did not identify any

18   victims.  The court, in denying Defendant's motion to dismiss, explained, "[Section] 706's

19   authorization of EEOC actions contains no provision limiting such actions to matters brought on

20   behalf of individuals." *Id*. at 1005. The court then cited *Gen. Tel. Co*. and *Waffle House* for the

21   principle that the EEOC is not a stand-in for individual or private victims. *Id.*  It concluded that

22   these principles and the broad authority under Section 706 "weigh in opposition to Defendants'

23   argument that the EEOC must name an aggrieved individual to state a sufficient claim for relief."

24   *Id.*

25             Similarly, in *EEOC v. PBM Graphics Inc*., the court relied on *Twombly* to reject arguments

26   that the EEOC needed to name aggrieved individuals or their alleged harassers in its complaint. 877

27   F. Supp. 2d 334, 347 (M.D.N.C. 2012) ("It is sufficient that the facts, taken as true, allege different

28   treatment among similarly situated workers based on national origin."). The *PBM* court noted the

1   difference between Rule 23 class actions and the EEOC's authority under Section 706.  *Id.* at fn. 4

2   ("While a putative class action by an individual would require the naming of at least one plaintiff, it

3   bears noting that EEOC is not bound by the class action pleading rules in its claim under sections

4   706 or 707.").

5          To support its argument that the EEOC must identify a threshold number of aggrieved

6   individuals, Tesla cites a single, unpublished district court case from outside this district.  In *EEOC*

7   *v. Pioneer Hotel, Inc.*, No. 2:11-CV-01588-LRH, 2013 WL 3716447, at *3 (D. Nev. July 15, 2013),

8   the court stated that "an action pursuant to Section 706 without a single identified plaintiff will not

9   lie."  *Id.* Tesla's reliance on this sentence from *Pioneer Hotel* is unavailing.  Critically, *Pioneer Hotel*

10  drew its legal support from *EEOC v. Bass Pro Outdoor World,* LLC, 884 F. Supp. 2d. 499, 518-520

11  (S.D. Tex. 2012) (*Bass Pro I*), a decision which the same court later reconsidered and reversed.  *See*

12  *EEOC v. Bass Pro Outdoor World, LLC*, 35 F. Supp. 3d 836, 845 (S.D. Tex. 2014), *aff'd sub nom.*

13  *EEOC v. Bass Pro Outdoor World, L.L.C.*, 826 F.3d 791 (5th Cir. 2016).[7]  The *Pioneer* court

14  nonetheless held that by naming just one person—the charging party---the EEOC had satisfied the

15  court's naming requirement.  *Id.* at *4 (finding complaint on behalf of an aggrieved group sufficient

16  where it alleged that the defendant "subjected charging party Duarte and the aggrieved class to

17  conditions amounting to a hostile work environment.").  But here, the Commission is the charge filer

18  and there are no private charging parties or plaintiffs in contrast to *Pioneer Hotel*, which arose from

19  a private individual charge.[8]  The *Pioneer Hotel* court did not consider, let alone find, that in the

---

[7] *Bass Pro I*, which was overturned, found that Section 706 required the EEOC to proceed on an individual basis and to not rely on the pattern or practice framework established in *Int'l Bd. of Teamsters v. U.S.*, 431 U.S. 324 (1977).  *Bass Pro I*, 884 F. Supp. 2d. at 518-520.  Implicit in the court's finding is the assumption that claims relying on a pattern or practice theory of liability do not require plaintiffs to identify and describe individuals and the basis for their claims.  Ninth Circuit district courts contradict *Bass Pro I* and recognize that a pattern or practice theory of liability is available under Section 706.  *See e.g.*, *EEOC v. Glob. Horizons, Inc.*, No. 2:11-CV-3045-RMP, 2020 WL 1318792, at *14 (E.D. Wash. Mar. 20, 2020) (finding at summary judgement "persuasive authority to support that a hostile work environment claim based on a pattern-or-practice theory is cognizable under either § 706 or § 707") (internal citations omitted); *EEOC v. Pitre, Inc.*, 908 F. Supp. 2d 1165, 1174 (D. Mex. 2012) (holding EEOC can use the pattern or practice framework in a sexual harassment case brought under Sections 706 and 707).  Nevertheless, the EEOC did not plead any theory of liability in the Complaint at issue here.

[8]  This reference to an "identified plaintiff" appears to be a mistake, because the Charging Party is only a plaintiff in an EEOC lawsuit where it intervenes under Rule 24 pursuant to its statutory right.  Otherwise, the EEOC is the only plaintiff in EEOC actions.

1   absence of a private, individual charging party, the EEOC needs to mechanically identify one

2   claimant for pleading purposes.  But the court did confirm that the EEOC did not need to name all

3   aggrieved individuals, let alone plead prima facie cases for each of them.  *Id.* at *4.

4           No controlling authority mandates the need to name even one victim, particularly where the

5   Commission is the charge filer, let alone all aggrieved individuals.[9]  *Rosebud*, unlike *Pioneer Hotel*,

6   concerned an EEOC lawsuit founded on a Commissioner's Charge and expressly found that naming

7   a victim was unnecessary.  The case law also supports that EEOC need not name all unidentified

8   aggrieved individuals.  *See* e.g., *Pioneer Hotel, Inc*., 2013 WL 3716447, at *3 (D. Nev. July 15,

9   2013); *EEOC vs. United Parcel Serv., Inc*., 2013 WL 140604, at *6.  In light of this, pleading

10  specific facts concerning one or even a handful of victims, would not change the plausibility of the

11  EEOC's complaint as to any other unidentified victims whose experiences are recounted through

12  broader allegations.  The EEOC's Complaint is already packed with factual allegations that show its

13  claims are plausible and not merely conceivable.  *See Twombly*, at 570. The exercise of naming one

14  victim would hardly nudge those claims any further.

15                     **(c)    The Additional Information that Tesla Seeks from the**
                                **Complaint Is Unnecessary at the Pleading Stage.**
16

17          The other information that Tesla contends is missing from the EEOC's Complaint—

18  including places where, and times when, harassment occurred and to whom specific aggrieved

19  individuals complained—is simply not required at this early stage in the case.  *Swierkiewicz*, 534

20  U.S. at 514.  District courts in the Ninth Circuit evaluating EEOC complaints have interpreted

21  *Twombly*/*Iqbal* to reject the level of specificity demanded by Tesla.  *See, e.g., EEOC v. Bay Club*

22  *Fairbanks Ranch, LLC*, 2019 WL 414518, at *1 (S.D. Cal. Feb. 1, 2019) (stating that the

23  requirement to plead "the who, what, when, where, and how" is "akin to the level required to plead

24  fraud," which has no basis under Title VII); *EEOC v. Marquez Bros. Int'l Inc*., 2017 WL 4123915,

25  at *7, n.4 (E.D. Cal. Sept. 18, 2017) (citing *Farmers Ins. Co*., at 967 (E.D. Cal. 2014) and noting that

26
    ─────────────────
27  [9] Some cases have recognized without analysis that the EEOC's complaint was sufficiently detailed
    where the charging party was named, without mandating their inclusion. *See e.g., EEOC v. JBS USA,*
    *LLC*, 481 F. Supp. 3d at 1216; *EEOC v. United Parcel Serv., Inc*., 2013 WL 140604, at *6; *EEOC v.*
28  *5042 Holdings Ltd*., 2010 WL 148085, at *2 (N.D. W. Va. Jan. 11, 2010).

1    EEOC need not make prima facie showing at the pleading stage); *see also*, *EEOC vs. Justin*

2    *Vineyards & Winery LLC*, Case No. 22-cv-6039-PA, Docket No. 36 at 4 (C.D. Cal. Jan 22, 2023)

3    (citing *Bay Club Fairbanks Ranch, LLC* and *Pioneer Hotel, Inc*. to support the point that courts in

4    this Circuit "have refused to apply heightened pleading requirements to Title VII claims").

5           The cases Tesla cites in support of demanding more information at the pleading stage do not

6    help it.  In *EEOC v. La Rana Haw*., LLC, the court considered a motion to dismiss a harassment

7    claim in a case involving two defendants.  888 F. Supp. 2d 1019, 1022 (D. Haw. Aug. 22, 2012).

8    Because one defendant (ALTRES) was only liable for part of the relevant period, the court

9    pragmatically ordered the EEOC to allege the wrongdoing specifically attributable to ALTRES in

10   order to assess whether that defendant could be dismissed.  *Id*.  Here, Tesla is the sole Defendant

11   accused of racial harassment and other unlawful conduct.  Complaint at p. 2.  There is therefore no

12   need to parse the exact dates of harassing conduct or identify the harassers and their employer.

13   Unlike the *La Rana* allegations, the claims in this case, when proven, will leave no doubt about

14   Tesla's liability for the asserted violations of laws.

15          *Bass Pro I* was a nationwide case where the EEOC pled a pattern or practice of

16   discriminatory hiring.  884 F. Supp. 2d 499 (S.D. Tx. 2012).  The court found that the EEOC's

17   reliance on hiring statistics concerning managers did not support an alleged failure to hire Black and

18   Hispanic non-managerial applicants and that examples of offensive conduct at a few stores failed to

19   plausibly allege centralized and nationwide discriminatory hiring practices.  *Id*. at 518-19

20   (explaining that "the EEOC provides few facts showing that any applicants were actually denied

21   positions based on their race.")  But this case is not a hiring case, nor has the Commission alleged

22   any nation- or company-wide allegations based on a pattern or practice theory of liability.  Instead,

23   the Complaint is narrowly focused on Tesla's Fremont Factory, where the pled misconduct arose.

24   *Cf. PBM Graphics Inc*., 877 F. Supp. 2d 334, 348 (distinguishing *Bass Pro I* where the EEOC "has

25   made clear that the discriminatory acts in question are limited to PBM's facilities in Durham . . .").

26          *Bass Pro I*, moreover, is inconsistent with *Swierkiewicz* to the extent it commanded the

27   Commission to plead allegations to support a theory of liability to survive a motion to dismiss.  534

28   U.S. at 511-12 (2002); *see also*, *Serrano v. Cintas Corp*., 699 F.3d 884, 897 (6th Cir. 2012) *cert*.

*denied*, 134 S. Ct. 92 (2013) ("*Swierkiewicz* compels the conclusion that a plaintiff is not required to plead whether she intends to employ the *McDonnell Douglas [Corp. v. Green*, 411 U.S. 792 (1973)] or the *Teamsters* burden-shifting evidentiary framework"). See also *Enter. Mgmt. Ltd., Inc. v. Construx Software Builders*, Inc., 73 F.4th 1048, 1056 (9th Cir. 2023), which cites *Elec. Constr. & Maint.  Co. v. Maeda Pac. Corp.*, 764 F.2d 619, 622 (9th Cir. 1985) for the proposition that, "[a] party does not need to plead specific legal theories in the complaint, as long as the opposing party receives notice as to what is at issue in the lawsuit."

Tesla also misplaces its reliance on an unpublished district court case from outside this district, *Cazorla v. Koch Foods of Mississippi*, to hint that the EEOC must identify more than 100 victims and the basis for each of their claims. *See* Motion at p. 4; No. 3:10CV135-DPJ-FKB, 2013 WL 11328253, at *7 (S.D. Miss. Aug. 28, 2013). The procedural posture of *Cazorla* was drastically different. The *Cazorla* court considered the sufficiency of the EEOC's second amended complaint years into the lawsuit and after discovery. *Id*. at *9 (noting that the EEOC had had over three and a half years since the case was filed to identify victims).[10] Contrary to Tesla's assertion, *Cazorla* does not support its attempt to force the EEOC to describe an indeterminate number of victims at the onset of the case before any discovery. And significantly, the only court to analyze *Cazorla*'s holding deemed unconvincing its requirement for the EEOC to identify and/or allege particularized facts for each aggrieved individual. *See JBS USA, LLC*, 481 F. Supp. 3d 1204, 1213 (D. Colo. 2020).

Lacking controlling authority to support a heightened pleading standard, Tesla turns to other distinguishable cases addressing the burden of proof at summary judgement or at trial, which are irrelevant to the pleading stage.  *See* Motion at p. 10-11.  Tesla also cites equally irrelevant caselaw concerning Rule 23 requirements for class actions.  *See* Motion at p. 11.  But the EEOC is not subject to Rule 23 requirements.  *See Gen. Tel. Co.*, 446 U.S. 318, 333-34 (1980). The relevant caselaw concerning pleadings, however, confirms that the EEOC need not plead detailed factual allegations supporting the individual claims of aggrieved persons.  *See, e.g., EEOC v. Geisinger Health*, 2022 WL 10208553, at *17 (E.D. Pa. Oct. 17, 2022); *United Parcel Serv., Inc*., at *6 (N.D.

---

[10]  The EEOC had submitted a second amended complaint naming over 100 victims following a scheduling order to name "all class members." *See Id*. at p. 7.

1    Ill. Jan. 11, 2013).  And, the EEOC has provided more than the fair notice of the claims involving

2    the unidentified aggrieved individuals.  *See e.g., JBS USA, LLC*, 481 F. Supp. 3d 1204, 1219 (D.

3    Colo. 2020) (denying motion to dismiss harassment claims where "EEOC alleges that Black, Somali,

4    and Muslim employees were subjected to harassment from management, supervisors, and co-

5    workers, describes the type of harassment that these employees faced, [], and describes the time

6    frame in which this harassment occurred.").

7                    **(d)     Tesla's Statute of Limitations Arguments Do Not Justify a**
                              **Heightened Pleading Standard.**
8

9            The EEOC is not required to plead particularized facts, just so Tesla can ascertain potential

10   statute of limitations defenses on an individual basis.  *See* Motion at p. 12.  The EEOC must plead

11   only the "point in time at which the discrimination began."  *Justin Vineyards & Winery LLC*, at 4-5

12   (C.D. Cal. Jan. 22, 2023).  The EEOC's Complaint alleges that the hostile work environment existed

13   at least as of May 29, 2015.  Complaint, at p. 1.  Because Tesla did not move for a partial dismissal

14   to limit the temporal scope of the claims, the Court need not address Tesla's arguments about the

15   applicable statute of limitations.  Still, Tesla's reliance on *Arizona ex rel. Horne*, 816 F.3d at 1203, is

16   misplaced.  In fact, in *Arizona ex rel. Horne*, the Ninth Circuit expressed doubt that the 300-day

17   limitation that Tesla espouses even applies to the EEOC.  *Id.* ("As an initial matter, we doubt that the

18   EEOC is subject to the same strict timing requirements with respect to exhaustion of remedies in

19   Title VII as a private party before bringing a class suit.").

20           **C.      In the Alternative, If the Court Grants the Motion to Dismiss, Leave to Amend**
                      **Should Be Granted[11]**
21

22           Should the Court elect to grant Tesla's Motion to Dismiss, the Commission requests that the

23   Court grant the Commission leave to amend its Complaint under Rule 15(a)(2).  Such leave is freely

24   _____

25   [11]  Though Tesla has not moved for a more definite statement under Rule 12(e), the standards make
     clear that one would not be warranted.  Motions for a more definite statement are viewed with
26   disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.
     *Griffin v. Cedar Fair, L.*P., 817 F. Supp. 2d 1152, 1154 (N.D. Cal. 2011) ("[The motion] should not
27   be granted unless the defendant cannot frame a responsive pleading.").  "If the detail sought by a
     motion for more definite statement is obtainable through discovery, the motion should be denied."
     *Peng Chan v. Time Warner Inc*., No. 5:16-CV-06268-EJD, 2017 WL 11500157, at *1 (N.D. Cal.
28   June 20, 2017) (citations omitted)

1   given in the Ninth Circuit.  If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court

2   should grant leave to amend even if no requests to amend the pleading was made, unless it

3   determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v.*

4   *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); *see also*, *Foman v. Davis*, 371 U.S. 178, 182 (1962)

5   (reversing denial of leave to amend and explaining that "[t]he court should freely give leave [to

6   amend] when justice so requires.").

7   **IV.      CONCLUSION**

8            In short, the four corners of the EEOC's Complaint, taken as a whole, sufficiently pleads

9   facts showing that Tesla, through its non-Black supervisors and employees, subjected aggrieved

10  Black employees to racial harassment and/or retaliation because of race (Black) in violation of Title

11  VII since at least May 29, 2015.  As such, the EEOC respectfully requests that the Court deny

12  Tesla's motion to dismiss this action.  In the alternative, the EEOC requests the opportunity to

13  amend its Complaint.

14  Dated: January 30, 2024

15  ROBERTA STEELE                                    KARLA GILBRIDE
    Regional Attorney                                 General Counsel
16
    MARCIA L. MITCHELL                                CHRISTOPHER LAGE
17  Assistant Regional Trial Attorney                 Deputy General Counsel

18  JAMES H. BAKER                                    Office of the General Counsel
    Senior Trial Attorney                             131 M Street, N.E.
19                                                    Washington, D.C. 20507
    KENA C. CADOR
20  Trial Attorney

21
    BY:  */s/ James H. Baker*
22       JAMES H. BAKER
         U.S. EQUAL EMPLOYMENT
23       OPPORTUNITY COMMISSION
         San Francisco District Office
24       450 Golden Gate Ave., 5th Floor West
         P.O. Box 36025
25       San Francisco, CA 94102

26                                   *Attorneys for Plaintiff EEOC*

27

28