Thomas E. Hill (SBN 100861)
thomas.hill@hklaw.com
Christina T. Tellado (SBN 298597)
christina.tellado@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone:  (213) 896-2400
Facsimile:  (213) 896-2450

Attorneys for Defendant
TESLA, INC.

(*Additional counsel listed on next page*)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No.  3:23-cv-4984-JSC<br><br>**DEFENDANT TESLA, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**[Fed. R. Civ. Proc. 12(b)(6)]**<br><br>Hearing Date:  February 22, 2024<br>Time:  10:00 AM<br>Judge:  Hon. Jacqueline S. Corley<br>Courtroom:  8<br><br>Complaint Filed:  September 28, 2023 |

Holland & Knight LLP
524 Grand Regency Boulevard
Brandon, FL  33510
Tel: 813.901.4200
Fax: 813.901.4201

Sara A. Begley (*admitted pro hac vice*)
sara.begley@hklaw.com
HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
Facsimile: (215) 867-6070

Samuel J. Stone (SBN 317013)
sam.stone@hklaw.com
Mary T. Vu (SBN 323088)
mary.vu@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450

Raymond A. Cardozo (SBN 173263)
rcardozo@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Tyree P. Jones Jr. (SBN 127631)
tpjones@reedsmith.com
REED SMITH LLP
1301 K Street, N.W., Suite 1000
Washington, DC 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299

Attorneys for Defendant
TESLA, INC.

DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO DISMISS
Case No.: 3:23-CV-4984-JSC

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1
I. INTRODUCTION ................................................................................................................1
II. ARGUMENT .......................................................................................................................2
    A. The Rule 8 Requirement That Plausible Claims Be Pled With Particularized Facts Applies Equally to EEOC...................................................................................2
    B. EEOC's Sweepingly Vague Hostile Work Environment Claims Against Tesla Are Without Precedent.................................................................................................3
    C. EEOC Completely Fails To Defend The Sufficiency Of Its Retaliation Claim. .....7
    D. The Court Should Ignore EEOC's Straw Men Arguments.....................................8
III. CONCLUSION..................................................................................................................11

Holland & Knight LLP
524 Grand Regency Boulevard
Brandon, FL  33510
Tel: 813.901.4200
Fax: 813.901.4201

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................................................................8

*Cazorla v. Koch Foods of Miss., LLC*,
    Case No. 3:10cv135-DPJ-FKB, 2013 U.S. Dist. LEXIS 201174 (S.D. Miss. Aug.
    28, 2013) ......................................................................................................................9, 15

*EEOC v. Bass Pro Outdoor World, LLC*,
    35 F. Supp. 3d 836 (S.D. Tex. 2014), *aff'd* 826 F.3d 791 (5th Cir. 2016) ..............................11

*EEOC v. Bass Pro Outdoor World, LLC*,
    884 F. Supp. 2d 499 (S.D. Tex. 2012) .................................................................................15

*EEOC v. Bay Club Fairbanks Ranch, LLC*, Case No.: 18-cv-1853 W (BLM),
    2019 U.S. Dist. LEXIS 16708 (S.D. Cal. Feb. 1, 2019) ......................................................11

*EEOC v. Discovering Hidden Haw. Tours, Inc.*,
    Civil No. 17-00067, 2017 U.S. Dist. LEXIS 154576 (D. Haw. Sept. 21, 2017) .................16

*EEOC v. Farmers Ins. Co.*,
    24 F. Supp. 3d 956 (E.D. Cal. 2014) ...................................................................................11

*EEOC v. FRB of St. Louis*,
    84 F.R.D. 337 (W.D. Tenn. 1979) .......................................................................................15

*EEOC v. Geisinger Health*,
    Case No. 21-4294-KSM, 2022 U.S. Dist. LEXIS 188749 (E.D. Pa. Oct. 17,
    2022) ............................................................................................................................ *passim*

*EEOC v. JBS USA, LLC*,
    Case No. 8:10-cv-318, 2015 U.S. Dist. LEXIS 96946 (D. Neb. July 24, 2015) ...........8, 11, 15

*EEOC v. JBS USA, LLC*,
    481 F. Supp. 3d 1204 (D. Colo. 2020) .................................................................................11

*EEOC v. Justin Vineyards & Winery LLC*,
    Case No. 22-cv-6039-PA (C.D. Cal. Jan. 22, 2023), ECF No. 36 ..................................8, 12

*EEOC v. La Rana Hawaii, LLC*,
    888 F. Supp. 2d 1019 (D. Haw. 2012) .............................................................................9, 15

*EEOC v. Marquez Bros. Int'l Inc.*,
    Case No. 1:17-cv-0044-AWI-EPG, 2017 U.S. Dist. LEXIS 153339 (E.D. Cal.
    Sept. 18, 2017) .....................................................................................................................10

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

*EEOC v. Original Honeybaked Ham Co. of Ga., Inc.*,
   918 F. Supp. 2d 1171 (D. Colo. 2013) .................................................................................. 8

*EEOC v. PBM Graphics Inc.*,
   877 F. Supp. 2d 334 (M.D.N.C. 2012) ................................................................................ 10

*EEOC v. Rosebud Restaurants, Inc.*,
   85 F. Supp. 3d 1002 (N.D. Ill. 2015) ............................................................................. 10, 15

*EEOC v. Spoa, LLC*
   Case No. CCB-13-1615, 2013 U.S. Dist. LEXIS 148145 (D. Md. Oct. 15, 2013) ................ 11

*EEOC v. United Parcel Serv., Inc.*
   Case No. 09-CV-5291, 2013 U.S. Dist. LEXIS 4462 (N.D. Ill. Jan. 11, 2013) ....................... 10

*Arizona ex rel. Horne v. Geo Grp. Inc*
   816 F.3d 1189 (9th Cir. 2016 ) ............................................................................................ 16

*Kremer v. Zillow, Inc.*,
   Case No. SACV 14-1889 DOC(DFMx), 2015 U.S. Dist. LEXIS 12791 (C.D.
   Cal. Feb. 3, 2015) .......................................................................................................... 13, 14

*Lacayo v. Donahoe*,
   Case No. 14-cv-04077-JSC, 2015 U.S. Dist. LEXIS 80706 (N.D. Cal. June 22,
   2015) ............................................................................................................................. 13, 14

*Pringle v. Wheeler*,
   478 F. Supp. 3d 899 (N.D. Cal. 2020) ................................................................................. 12

*Reid v. Lockheed Martin Aero. Co.*,
   205 F.R.D. 655 (N.D. Ga. 2001) ..................................................................................... 8, 16

*Sharp v. S&S Activewear, LLC*,
   69 F.4th 974 (9th Cir. 2023) ................................................................................................ 12

*Sheehan v. Purolator, Inc.*,
   103 F.R.D. 641 (E.D.N.Y. 1984) .......................................................................................... 8

*Shields v. Frontier Tech., LLC*,
   Case No. CV 11-1159-PHX-SRB, 2012 U.S. Dist. LEXIS 191296 (D. Ariz. Jan.
   30, 2012) .............................................................................................................................. 13

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002) ...................................................................................................... 11, 14

*U.S. EEOC v. Pioneer Hotel, Inc.*,
   Case No. 2:11-CV-1588-LRH-RJJ, 2012 U.S. Dist. LEXIS 63553 (D. Nev. May
   4, 2012) .................................................................................................................... 8, 11, 12

*U.S. EEOC v. Pioneer Hotel, Inc.*,
   Case No. 2:11-CV-01588-LRH-RJJ, 2013 U.S. Dist. LEXIS 98350 (D. Nev. July
   12, 2013) ...........................................................................................................................11

*Washington v. Certainteed Gypsum, Inc.*,
   Case No. 2:10-cv-00204-GMN-LRL, 2011 U.S. Dist. LEXIS 94920 (D. Nev.
   Aug. 24, 2011) ............................................................................................................13, 14

*West Penn Allegheny Health Syst., Inc. v. UPMC*,
   627 F.3d 85 (3rd Cir. 2010) ...................................................................................................8

**Other Authorities**

Fed. R. Civ. Proc. 8..............................................................................................................7, 8, 9, 14

Fed. R. Civ. Proc. 12(b)(6) .................................................................................................................9

Fed. R. Civ. Proc. 23 ................................................................................................................15, 16

iv
DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO DISMISS
Case No.: 3:23-CV-4984-JSC

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

After a desultory and seemingly disinterested three-year "investigation," EEOC filed a fact-free complaint, alleging in conclusory fashion that Tesla has engaged in pervasive racial harassment and retaliation against Black employees at its Fremont plant since 2015. Ignoring its obligation to plead "plausible" claims based on "particularized facts," EEOC's complaint fails to identify a single victim or perpetrator of harassment, or to provide a date, location, or any other context for, or connection between, the random incidents it describes. Indeed, when carefully scrutinized, the examples of harassment pled in the complaint could involve as few as two individuals "victimized" by conduct that occurred *outside* the governing statute of limitations. Similarly, the complaint does not identify any victim or perpetrator of retaliation, and fails to describe any "opposition" that purportedly provoked Tesla's retaliatory treatment, or specific facts from which one might infer causation. In sum, EEOC has alleged a random collection of disconnected incidents involving anonymous individuals interacting at unspecified times in undisclosed locations over a period of more than 8 years.

This type of hide-the-ball pleading has become part of EEOC's litigation playbook, a fact concerning which federal courts have taken note and for which they have rebuked the agency. Although Title VII grants EEOC broad authority to pursue relief on behalf of a group or "class" of aggrieved employees, EEOC is not exempt from the pleading requirements applicable to <u>all</u> federal litigants under Fed. R. Civ. Proc. 8. And yet, that is exactly what EEOC suggests in its opposition to Tesla's motion to dismiss—that it has special pleading prerogatives due to the importance of its mission. But the cases EEOC cites in support of the privileges it arrogates to itself are uniformly unhelpful, and EEOC's efforts to distinguish the authorities relied on by Tesla are as feeble as they are futile. EEOC is thus reduced to parrying straw men arguments never advanced by Tesla, and asserting again that while factually-hollow and conclusory allegations are not enough for <u>some</u> litigants, they are enough for the EEOC. This Court should disabuse EEOC of this fallacy, hold the agency to the same pleading standards applicable to all other federal litigants, and dismiss the

1

complaint for failing to plead facts sufficient to state a claim for racial harassment or retaliation under Title VII.

**II.    ARGUMENT**

    **A.    The Rule 8 Requirement That Plausible Claims Be Pled With Particularized Facts Applies Equally to EEOC.**

As noted in Tesla's motion brief, assessing the sufficiency of a complaint under Rule 8 is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  This is particularly true when dealing with hostile work environment and retaliation claims brought under Title VII, which are so highly individualized.  *See West Penn Allegheny Health Syst., Inc. v. UPMC*, 627 F.3d 85, 98 (3rd Cir. 2010) (noting that some claims for relief and theories of recovery will "require more factual explication than others to state a plausible claim for relief"); *see also, e.g.*, *Reid v. Lockheed Martin Aero. Co.*, 205 F.R.D. 655, 684 (N.D. Ga. 2001) ("[P]laintiffs' claims involve allegations of . . . hostile work environment, which are by their very nature extremely individualized and fact-intensive claims."); *Sheehan v. Purolator, Inc.*, 103 F.R.D. 641, 654 (E.D.N.Y. 1984) ("[C]laims of retaliatory treatment, which require proof of highly individualized facts, generally do not present suitable issues for class actions.").

Significantly, the "context-specific" assessment <u>*generally*</u> required under Rule 8 has been <u>*specifically*</u> applied to EEOC in cases involving harassment and retaliation claims.  Indeed, in a case EEOC mistakenly relies on in its opposition, the court noted that "although the EEOC is not required to name each member of the class in a Title VII complaint . . . '*it must provide some indication of the scope of class*.'"  *EEOC v. Justin Vineyards & Winery LLC*, Case No. 22-cv-6039-PA (C.D. Cal. Jan. 22, 2023), ECF No. 36 at 3–4 (emphasis added) (quoting *EEOC v. JBS USA, LLC*, Case No. 8:10-cv-318, 2015 U.S. Dist. LEXIS 96946, at *17 (D. Neb. July 24, 2015)); *see also JBS USA*, 2015 U.S. Dist. LEXIS 96946 at *19 (dismissing class-wide claim where "the EEOC Complaint fails to provide adequate indication of the *size and scope* of the class of individuals for whom it seeks relief") (emphasis added); *U.S. EEOC v. Pioneer Hotel, Inc.*, Case No. 2:11-CV-1588-LRH-RJJ, 2012 U.S. Dist. LEXIS 63553, at *8–9 (D. Nev. May 4, 2012) (requiring EEOC to supplement its complaint to

2

explain "the scope of the class"); *cf. also EEOC v. Original Honeybaked Ham Co. of Ga., Inc.*, 918 F. Supp. 2d 1171, 1180 (D. Colo. 2013) ("The greater the specificity in describing the alleged unlawful conduct, the less important it becomes to specifically identify aggrieved persons. If the employer understands the nature, extent, location, time period, and persons involved in the alleged unlawful conduct, it may be able to reasonably estimate the number and identities of persons who may have been impacted.").

Courts have also dismissed class-wide claims brought by EEOC when the complaint "fail[ed] to identify dates of the alleged harassment" and "offer[ed] little information regarding the identity of the alleged harasser," *see EEOC v. La Rana Hawaii, LLC*, 888 F. Supp. 2d 1019, 1046–47 (D. Haw. 2012), or when—despite naming 111 aggrieved employees—EEOC's complaint "did not . . . provide particularized facts regarding these persons or their claims," *see Cazorla v. Koch Foods of Miss., LLC*, Case No. 3:10cv135-DPJ-FKB, 2013 U.S. Dist. LEXIS 201174, at *19 (S.D. Miss. Aug. 28, 2013).[1]

Finally—as held in another case EEOC mistakenly relies on in its opposition—dismissal of the class-wide claims may be warranted where EEOC identifies only one aggrieved employee and then fails to allege sufficient factual particulars to state a claim as to that identified employee. *See EEOC v. Geisinger Health*, Case No. 21-4294-KSM, 2022 U.S. Dist. LEXIS 188749, at *54–55 (E.D. Pa. Oct. 17, 2022).

**B.     EEOC's Sweepingly Vague Hostile Work Environment Claims Against Tesla Are Without Precedent.**

---

[1] EEOC attempts to dismiss *La Rana* and *Cazorla* by mischaracterizing and misapplying their reasoning. EEOC first claims that the factual particulars of the alleged harassment only mattered in *La Rana* because it was unclear which of two defendants was allegedly liable for the misconduct. (Dkt. 35 at 11)  In fact, *La Rana* held that the lack of factual specificity regarding the harassment as alleged in the complaint was an *additional* reason for finding the pleading inadequate, on top of the confusion regarding which defendants controlled the employees' conduct. *See La Rana*, 888 F. Supp. 2d at 1046–47.  EEOC next claims that *Cazorla* should be disregarded because there the motion to dismiss concerned a *second amended* complaint, filed after several years of litigation, whereas the parties have yet to engage in any discovery in this case. (Dkt. 35 at 12)  But the federal standards of Rule 8 and Rule 12(b)(6) do not fluctuate based on how many times a plaintiff fails to sufficiently state a claim.  That EEOC's second amended complaint in *Cazorla* remained deficient after years of litigation was certainly a black eye for the agency; but it does not relieve EEOC of its obligation to sufficiently state a claim for relief in the complaint filed here, a complaint filed only after the conclusion of a three-year investigation by the agency.

EEOC argues in its opposition that because it has gotten away with fact-free pleadings in the past, it should be allowed to do so here. But the cases EEOC relies on for this argument do not begin to compare in factual vacuity to EEOC's pleading here. Indeed, none of EEOC's cited authorities comes close to matching this case in terms of the fact-free scope of the allegations under review.

Here, EEOC alleges that some unspecified number of "[n]on-black employees and managers, across 'all shifts, departments, and positions'" have subjected Black employees at the Fremont factory to racial insults and/or racist graffiti since 2015. (Dkt. 35 at 2–3 (quoting Dkt. 1 ¶¶ 18–19)) And EEOC describes the class of aggrieved individuals as "Black current and former employees" during that period. (*See* Dkt. 35 at 2) That is, EEOC attempts to bring harassment and retaliation claims on behalf of somewhere between two to several thousand Black employees based on treatment by *any one or all of* these employees' non-Black co-workers or managers anywhere at the Fremont factory, since 2015.

In contrast, the cases EEOC relies on in its opposition all involve complaints that set in significantly sharper focus the contours of the alleged group of victims and perpetrators. For example, EEOC cites numerous opinions involving discriminatory hiring and leave policies that offer no support for its position. In each of these cases, <u>a specific, facility-wide corporate policy</u> affected a discernible group of aggrieved employees and applicants. *See EEOC v. Rosebud Restaurants, Inc.*, 85 F. Supp. 3d 1002, 1104–06 (N.D. Ill. 2015) (complaint alleges hiring discrimination where the companies' sole owner "expressed a preference not to hire black job applicants"); *EEOC v. PBM Graphics Inc.*, 877 F. Supp. 2d 334, 341, 348 (M.D.N.C. 2012) (complaint alleges an employer's express policy—as disclosed by their staffing agency—of preferring Hispanic applicants for a core workforce of 50 to 80 employees at a single location); *Geisinger Health*, 2022 U.S. Dist. LEXIS 188749, at *54–55 (complaint alleges ADA discrimination based on written company leave policy); *EEOC v. Marquez Bros. Int'l Inc.*, Case No. 1:17-cv-0044-AWI-EPG, 2017 U.S. Dist. LEXIS 153339, at *19–22 (E.D. Cal. Sept. 18, 2017) (complaint alleges racially discriminatory hiring based on statistics showing Hispanic workers constituted 99–100% of the company's unskilled labor force); *EEOC v. United Parcel Serv., Inc.*, Case No. 09-cv-5291, 2013 U.S. Dist. LEXIS 4462, at *2–8, 18–19 (N.D. Ill. Jan. 11, 2013) (complaint alleges ADA discrimination based on written leave policy

enforced against employees with disabilities who took over 12 months of leave).[2]  Similarly, EEOC cites another case that concerns the discriminatory firing of a clearly-articulated class based on *specifically identified corporate practices*. *See EEOC v. Farmers Ins. Co.*, 24 F. Supp. 3d 956, 967–68 (E.D. Cal. 2014) (complaint alleges that the employer provided specific instructions to a specific class of employees at a single office, and then discriminatorily terminated only Asian-background employees who followed those instructions).[3]

Those few harassment and hostile work environment cases that EEOC does cite concern much smaller and more readily discernible classes of aggrieved employers and alleged perpetrators than EEOC alleges here.  In *EEOC v. Bay Club Fairbanks Ranch, LLC*, the complaint concerned a single county club and focused entirely on harassment by one named manager and one named co-worker. *See* Case No.: 18-cv-1853 W (BLM), 2019 U.S. Dist. LEXIS 16708, at *1–8 (S.D. Cal. Feb. 1, 2019). Likewise, in *EEOC v. Spoa, LLC*, EEOC alleged harassment by one named manager at a single restaurant, with two well-known aggrieved employees at the root of the claims.  *See* Case No. CCB-13-1615, 2013 U.S. Dist. LEXIS 148145, at *1–7, 17–22 (D. Md. Oct. 15, 2013).  In *EEOC v. JBS USA, LLC* the complaint *named* dozens of aggrieved employees, and it alleged discrimination against a class of "Black Somali" and "Muslim" workers at a meat-processing facility, based in part on a specific event where Muslim employees were fired *en masse* for refusing to work on a holy day.  *See* 481 F. Supp. 3d 1204, 1216, 1219 (D. Colo. 2020).  In *U.S. EEOC v. Pioneer Hotel, Inc.*, the amended complaint alleged racial harassment at a single hotel against dark-skinned workers in four specific departments, and identified several perpetrators by name.  *See* Case No. 2:11-CV-01588-LRH-RJJ, 2013 U.S. Dist. LEXIS 98350, at *8 (D. Nev. July 12, 2013).  Moreover, the amended complaint at

---

[2] Unsurprisingly, federal courts have concluded that claims based on discriminatory hiring policies are much more amenable to class-wide adjudication than hostile work environment claims, which require individualized proof.  *See, e.g.*, *EEOC v. Bass Pro Outdoor World, LLC*, 35 F. Supp. 3d 836, 858 (S.D. Tex. 2014), *aff'd* 826 F.3d 791 (5th Cir. 2016) ("As several district courts have recognized over the last two decades, the *Teamsters* pattern or practice model 'breaks down' when the unlawful employment practice at issue is sexual harassment based on a hostile work environment." (quoting *EEOC v. CRST Van Expedited, Inc.*, 611 F. Supp. 2d 918, 934 (N.D. Iowa 2009))).

[3] To the extent EEOC hoped to support the sufficiency of its class-wide allegations with *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), that case is incapable of the task.  *Swierkiewicz* involved a single plaintiff claiming discriminatory firing and alleging multiple factual particulars in support of his individual claim.  *Id*. at 514.

5
DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO DISMISS
Case No.: 3:23-CV-4984-JSC

issue included an estimate of the size of the aggrieved class (around "20–30" workers), *see* Second Amended Compl. at 7, *Pioneer Hotel, Inc.*, ECF No. 44 (filed Jan. 28, 2013)—which EEOC submitted after the court ordered it to outline the scope of its claims with greater specificity, *see Pioneer Hotel, Inc.*, 2012 U.S. Dist. LEXIS 63553, at *8–9.  Finally, in *EEOC v. Justin Vineyards & Winery LLC*—as far as one can tell from the cursory in-chambers order EEOC cites—the complaint alleged harassment at a single winery and its parent company by "male supervisors" against one named employee and similarly situated female employees.  *See* Case No. 22-cv-6039-PA, ECF No. 36 at 1–5.

In short, none of the cases relied on by EEOC holds sufficient the type of sweeping and conclusory allegations pled by EEOC in this case; *i.e.*, that among a workforce of 20,000, anywhere from two to several thousand perpetrators may have harassed anywhere from two to several thousand of their co-workers at unspecified places and times—without identifying any company policy or naming any bad actors or providing any other explanatory particulars that would show the "size and scope of the class" at issue.

Even if assessed only as to individual (and anonymized) aggrieved employees, EEOC's complaint fails to state a claim.  *Nowhere* in the complaint does EEOC allege for any one aggrieved employee what specific harassment occurred, whether the harassment was direct or second-hand, with what frequency the harassment occurred, how (if at all) the harassment was provoked or promoted by Tesla's policies or management, and in what way the harassment impacted the employee's conditions of employment.  Everything described broadly in EEOC's complaint purportedly happened to "Black employees" generally, but the <u>*specific incidents*</u> alleged could have involved as few as two individuals and the purported misconduct could all have occurred outside the governing statute of limitations.  With such broad and amorphous pleading, EEOC cannot show the requisite elements of a hostile work environment claim for even a single anonymous employee.  *See, e.g.*, *Sharp v. S&S Activewear, LLC*, 69 F.4th 974, 978, 978–81 (9th Cir. 2023) (hostile work environment claim based on race requires allegations that an employee experienced intentional race discrimination, that was severe or pervasive, and that adversely impacted the employee and would have adversely impacted a reasonable person in like circumstances); *Pringle v. Wheeler*, 478 F. Supp.

3d 899, 912 (N.D. Cal. 2020) (to state a hostile work environment claim, "plaintiff must show a concerted pattern of harassment of a repeated, routine, or generalized nature") (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). If EEOC's complaint is inadequate to state a claim as to even one aggrieved employee (and it is), then it is certainly insufficient to state a claim for class-wide relief as to thousands of unidentified individuals. *See Geisinger Health*, 2022 U.S. Dist. LEXIS 188749, at *54–55.

### C. EEOC Completely Fails To Defend The Sufficiency Of Its Retaliation Claim.

As Tesla pointed out in its motion brief, retaliation is a highly individualized cause of action that requires a plaintiff to allege particularized facts to support the core elements of the claim. (*See* Dkt. 27 at 15–16) This includes alleging at least some particulars from which to infer a "causal link" between the protected activity and the adverse employment decision. *See, e.g.*, *Kremer v. Zillow, Inc.*, Case No. SACV 14-1889 DOC(DFMx), 2015 U.S. Dist. LEXIS 12791, at *16 (C.D. Cal. Feb. 3, 2015) ("Without more specifics about when she reported the offensive conduct and to whom, the Court cannot determine whether it is plausible that [defendant] terminated [plaintiff] because of her reporting sexual harassment."); *Washington v. Certainteed Gypsum, Inc.*, Case No. 2:10-cv-00204-GMN-LRL, 2011 U.S. Dist. LEXIS 94920, at *25–26 (D. Nev. Aug. 24, 2011) (dismissing Title VII retaliation claim where "[p]laintiff fails to allege that the two people responsible for the retaliation . . . knew that Plaintiff filed a complaint with the NERC"); *Lacayo v. Donahoe*, Case No. 14-cv-04077-JSC, 2015 U.S. Dist. LEXIS 80706, at *38–39 (N.D. Cal. June 22, 2015); *Shields v. Frontier Tech., LLC*, Case No. CV 11-1159-PHX-SRB, 2012 U.S. Dist. LEXIS 191296, at *12 (D. Ariz. Jan. 30, 2012).

EEOC's opposition makes no attempt to address or distinguish this authority. (*Cf.* Dkt. 35 at ii–iv (Table of Authorities)) Instead, EEOC simply reiterates the purportedly "specific factual allegations" regarding retaliation in its complaint (*see id.* at 6 (citing Dkt. 1 at 6))—namely, *in their entirety*:

> 41. Tesla has fired Black employees within weeks of them reporting or opposing racial harassment. Tesla fired one Black employee who had opposed harassment right after advising her of Tesla's policy not to retaliate.

7
DEF. TESLA, INC.'S REPLY MEMO. IN SUPP. OF MOT. TO DISMISS
Case No.: 3:23-CV-4984-JSC

> 42. After Black employees complained to Tesla, and as a result of their protected activity, Tesla's supervisors and human resources officials retaliated against them through schedule changes, less desirable duties, reassignments, unjustified write-ups, and discharge.
>
> 43. One Black employee explained, "After I voiced my unhappiness [about the harassment], I started getting written up for every little thing that was acceptable before like listening to music while working." Another Black worker recalled that after reporting her Lead for repeatedly telling Black employees not to stand together and saying that "[N\*\*\*ers] are lazy," her supervisor moved her to a more demanding part of her assembly line.

(Dkt. 1 ¶¶ 41–43)

EEOC thus presents specific allegations regarding what may be just *two* Black workers, and does not allege any facts regarding the *timing* of their complaints, or *who knew* of those complaints. Without such allegations there is no basis to infer the "causal link" between the protected activity and the adverse action that is necessary to state the claim (*cf. id.* ¶¶ 41, 43). *See Kremer*, 2015 U.S. Dist. LEXIS 12791, at \*16; *Certainteed Gypsum, Inc.*, 2011 U.S. Dist. LEXIS 94920, at \*25–26. And EEOC's conclusory statement that "Black employees" suffered various forms of retaliation "*as a result of* their protected activity" cannot fill this pleading hole as to causation under Rule 8 (*cf.* Dkt. 1 ¶ 42 (emphasis added)). *See, e.g.*, *Lacayo*, 2015 U.S. Dist. LEXIS 80706, at \*38–39 ("The mere conclusory allegation that the failure to rehire was unlawful retaliation for earlier protected activity is not enough [to state a claim].").

Thus, EEOC's "specific" allegations fail to state a retaliation claim on behalf of any *individual* aggrieved employee—let alone on behalf of an undiscernible class of anywhere from two to several thousand employees at Fremont since 2015. *See, e.g.*, *Geisinger Health*, 2022 U.S. Dist. LEXIS 188749, at \*54–55 (dismissing class-wide claims where EEOC failed to state a claim with regard to the only employee it identified as part of the purported class of aggrieved employees).

**D.   The Court Should Ignore EEOC's Straw Men Arguments.**

EEOC spends much of its Opposition countering straw men arguments that Tesla does not advance, and even then overstates its claims.

First, Tesla does not contend that EEOC must present a "prima facie case" for each aggrieved employee it purports to represent. (*Contra* Dkt. 35 at 7)  Ample precedent shows this is not the standard. *See, e.g.*, *Swierkiewicz*, 534 U.S. at 515.  What EEOC must do, however, is present

*particularized facts* to establish that some discernible group of employees all suffered actionable discrimination. As noted, determining whether this pleading requirement is satisfied necessitates a "context-specific" inquiry. Where (as here) EEOC provides *no facts whatsoever* from which one might discern the size and scope of the aggrieved class, and where EEOC alleges no specifics as to even one identified employee sufficient to state a claim for harassment or retaliation, "context" dictates that the complaint be dismissed. *See, e.g.*, *La Rana*, 888 F. Supp. 2d at 1046–47; *Geisinger Health*, 2022 U.S. Dist. LEXIS 188749, at *54–55; *JBS USA*, 2015 U.S. Dist. LEXIS 96946, at *19; *Cazorla*, 2013 U.S. Dist. LEXIS 201174, at *19.

Second, EEOC makes a red-herring argument in asserting that it may bring class claims under Section 706 without naming a single aggrieved employee. (Dkt. 35 at 7–10) But both cases EEOC relies on for this rule concern discriminatory hiring policies. (*Id.* at 8–9 (citing *Rosebud Restaurants*, 85 F. Supp. 3d 1002; *PBM Graphics Inc.*, 877 F. Supp. 2d 334)) And, in one of these cases, the court expressly notes that its conclusion might be different if it were considering a retaliation claim, which requires more specific factual pleading than does a discriminatory hiring claim. *See Rosebud Restaurants*, 85 F. Supp. 3d at 1006 (discussing and distinguishing *EEOC v. Bass Pro Outdoor World, LLC* (*"Bass Pro I"*), 884 F. Supp. 2d 499, 520–21 (S.D. Tex. 2012), and its observation that EEOC cannot bring class-wide claims without naming a single aggrieved employee).[4] And lastly, Tesla does not contend (as EEOC suggests) that EEOC can cure its pleading simply by naming a single aggrieved employee. (*See* Dkt. 27 at 14) To the contrary, EEOC must provide sufficiently particularized facts to plausibly allege that a *discernible group* of employees suffered racial harassment and retaliation at the Fremont factory, and allegations adequate to state a claim with regard to *at least one specific employee* are the absolute floor of this pleading standard, *see Geisinger Health*, 2022 U.S. Dist. LEXIS 188749, at *54–55.

---

[4] Incidentally, *Rosebud Restaurants* also dispenses with EEOC's erroneous argument that the district court later reversed its stance in *Bass Pro I* regarding naming at least one aggrieved employee. (*Contra* Dkt. 35 at 9 n.7) As *Rosebud* notes, *Bass Pro I* made this statement while analyzing the *retaliation* claim under Section 706, and not in its analysis of pattern and practice claims under Section 707. *See Rosebud Restaurants*, 85 F. Supp. 3d at 1006; *Bass Pro I*, 884 F. Supp. 2d at 520–21. Thus, the court's later reversal regarding its pattern and practice analysis could not "implicit[ly]" undermine this observation. (*Contra* Dkt. 35 at 9 n.7)

Third, Tesla does not contend that EEOC is subject to the requirements of Rule 23, as EEOC again wrongly suggests. (*Contra* Dkt. 35 at 12) That said, EEOC errs when it contends that analyses of Rule 23 class actions are *irrelevant* to the Court's assessment of EEOC actions seeking class-wide or group relief such as this one. *See, e.g.*, *EEOC v. FRB of St. Louis*, 84 F.R.D. 337, 341 (W.D. Tenn. 1979) (holding that the standards developed in the Rule 23 context regarding identifying the scope of the represented class are "equally appropriate" in a Section 706 action, even though EEOC's Section 706 claim need not comply with Rule 23). Tesla has not cited class action cases in support of its motion for Rule 23 purposes, but rather to underscore why the pleading of "class-wide" hostile work environment or retaliation claims should face *serious* scrutiny in "context" under Rule 8 due to the highly individualized nature of those claims. *See, e.g.*, *Reid*, 205 F.R.D. at 675–76 (denying class certification in part because "the actions constituting the alleged hostile environment occurred with varying frequency and possessed varying degrees of severity").

Finally, although EEOC is correct that Tesla does not yet seek to dismiss any subset of its claims as time-barred (Dkt. 35 at 13), EEOC again misstates the law and mischaracterizes Tesla's statute of limitations argument. First—to be clear—federal courts have repeatedly held that Title VII's 300-day statute of limitations applies to Section 706 claims. *See, e.g.*, *EEOC v. Discovering Hidden Haw. Tours, Inc.*, Civil No. 17-00067 DKW-KSC, 2017 U.S. Dist. LEXIS 154576, at *14–15 (D. Haw. Sept. 21, 2017) ("Recent district court decisions agree that Section 706 limits the class of employees on whose behalf the EEOC may seek relief to those individuals who were allegedly subjected to unlawful employment practices during the 300 days before the date of the initial Charge." (collecting cases)); *Geisinger Health*, 2022 U.S. Dist. LEXIS 188749, at *55–59 (same).[5] Second, Tesla only discusses the applicable limitations period to point out the absurdity of allowing EEOC to advance such sweepingly broad claims without pleading any facts to establish that those claims are not entirely time-barred. In this "context-specific" inquiry, the complete absence of any allegation

---

[5] EEOC quotes *Arizona ex rel. Horne v. Geo Grp. Inc.* to express "doubt" as to whether Section 706's limitations period applies to EEOC. (Dkt. 35 at 13 (quoting 816 F.3d 1189, 1203 n.8 (9th Cir. 2016))) But this question was not before the Ninth Circuit in *Geo Group* (*see id.*)—the passing statement is pure dicta. Moreover, it does not appear the Ninth Circuit even considered—let alone grappled with—the extensive federal case law holding otherwise at the time. (*Cf. id.*) The dicta is thus of limited value as a guide.

that even one of the supporting incidents as alleged in the complaint occurred within the limitations period weighs in favor of dismissal.

### III. CONCLUSION

For all the foregoing reasons, Tesla's motion to dismiss should be granted.

Respectfully submitted,

Dated: February 6, 2024            HOLLAND & KNIGHT LLP


By: */s/ Thomas E. Hill*
      Thomas E. Hill

*Attorneys for Defendant*
TESLA, INC.