

1  Thomas E. Hill (SBN 100861)
   thomas.hill@hklaw.com
2  Christina T. Tellado (SBN 298597)
   christina.tellado@hklaw.com
3  HOLLAND & KNIGHT LLP
   400 South Hope Street, 8th Floor
4  Los Angeles, California 90071
   Telephone: (213) 896-2400
5  Facsimile: (213) 896-2450

6  Attorneys for Defendant
   TESLA, INC.

7  (*Additional counsel listed on next page*)

8
                    **UNITED STATES DISTRICT COURT**
9
                   **NORTHERN DISTRICT OF CALIFORNIA**
10
                      **SAN FRANCISCO DIVISION**
11

12  U.S. EQUAL EMPLOYMENT                 Case No. 3:23-cv-4984-JSC
    OPPORTUNITY COMMISSION,
13                                        **DEFENDANT TESLA, INC.'S**
                            Plaintiff,    **STATEMENT OF RECENT DECISIONS**
14                                        **IN SUPPORT OF MOTION TO STAY**
          v.                              **ALL PROCEEDINGS**
15
    TESLA, INC.,                          Hearing Date: March 21, 2024
16                                        Time: 10:00 AM
                            Defendant.    Judge: Hon. Jacqueline S. Corley
17                                        Courtroom: 8

18                                        Complaint Filed: September 28, 2023

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

---

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Sara A. Begley (*admitted pro hac vice*)
sara.begley@hklaw.com
HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania  19103
Telephone:  (215) 252-9600
Facsimile:   (215) 867-6070

Samuel J. Stone (SBN 317013)
sam.stone@hklaw.com
Mary T. Vu (SBN 323088)
mary.vu@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone:  (213) 896-2400
Facsimile:   (213) 896-2450

Paul W. Matthias-Bennetch (SBN 318545)
paul.bennetch@hklaw.com
HOLLAND & KNIGHT LLP
601 SW 2nd Ave., Suite 1800
Portland, Oregon  97204
Telephone:  (503) 517-2910
Facsimile:   (503) 241-8014

Raymond A. Cardozo (SBN 173263)
rcardozo@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California  94105-3659
Telephone:  (415) 543-8700
Facsimile:   (415) 391-8269

Tyree P. Jones Jr. (SBN 127631)
tpjones@reedsmith.com
REED SMITH LLP
1301 K Street, N.W., Suite 1000
Washington, DC  20005-3317
Telephone:  (202) 414-9200
Facsimile:   (202) 414-9299

Attorneys for Defendant
TESLA, INC.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

Pursuant to the Court's Civil Local Rule 7-3(d)(2), Defendant Tesla, Inc. respectfully submits this Statement of Recent Decisions to bring to the Court's attention the Alameda County Superior Court's recent orders in *Department of Fair Employment and Housing v. Tesla, Inc.*, No. 22CV006830 (the "CRD Case"), attached as **Exhibit A** (Feb. 14, 2024, Order re: Case Management Conference) and **Exhibit B** (Feb. 21, 2024, Order re: Ruling on Submitted Matter), and in *Vaughn, et al. v. Tesla, Inc., et al*., No. RG 17882082 (the "Vaughn Case"), attached as **Exhibit C** (Mar. 1, 2024, Order re: Hearing on Plaintiffs' Motion for Class Certification).

In these orders, the Superior Court set trial in the CRD Case for October 14, 2024 (Ex. A at 1); strongly advised Tesla and CRD to appoint a discovery referee to manage the CRD Case's "many discovery motions" (Ex. B at 7); and permitted Tesla, CRD, and the Vaughn plaintiffs to submit supplemental briefing by March 15 regarding potential coordination of both state court proceedings for trial (Ex. C at 1–2).

All three orders are directly relevant to Tesla's motion to stay all proceedings (Dkt. 22), in particular its arguments regarding the parallel state court proceedings under the *Colorado River* doctrine (*see, e.g.*, *id.* at 16–18).

Respectfully submitted,

Dated:  March 11, 2024

HOLLAND & KNIGHT LLP

By: /s/ Thomas E. Hill
    Thomas E. Hill

*Attorneys for Defendant*
TESLA, INC.

# EXHIBIT A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| Department of Fair Employment and Housing, an agency of the State of California<br><br>      Plaintiff/Petitioner(s)<br>        vs.<br>Tesla, Inc.<br>      Defendant/Respondent<br>(s) | No.     22CV006830<br><br>Date:   02/14/2024<br>Time:   1:30 PM<br>Dept:   21<br>Judge:  Noël Wise<br><br><br>ORDER re: Case Management Conference filed by Department of Fair Employment and Housing, an agency of the State of California (Plaintiff) on 02/09/2024 |

ORDER RE: CASE MANAGEMENT AND TRIAL SETTING ORDER WITH NOTICE

The Court has ordered the following after review of the case.

**Trial Setting Order**

TRIAL SETTING ORDERS

Jury Trial is scheduled for 10/14/2024 at 09:00 AM in Department 21.

The parties are ordered to comply with the Standing Pre-Trial Orders for Civil Cases, Local Rule of Court 3.35.

Jury is reserved by Plaintiff(s) Department of Fair Employment and Housing, an agency of the State of California.

Jury is reserved by Defendant(s) Tesla, Inc..

ORDER re: Case Management Conference filed by Department of Fair Employment and Housing, an agency of the State of California (Plaintiff) on 02/09/2024

Page 1 of 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Pre-Trial Conference is scheduled for 10/04/2024 at 09:00 AM in Department 21 at Rene C. Davidson Courthouse.

ALAMEDA COUNTY SUPERIOR COURT

TRIAL SETTING ORDERS FOR COMPLEX AND CLASS ACTIONS

Unless otherwise addressed in this trial setting order, parties are directed to comply with the Standing Pre-Trial Orders for Civil Cases, Local Rule of Court 3.35.

A Pretrial or Trial Readiness Conference will be scheduled in the assigned complex department as noted in the trial setting order. This Conference (noted as a "Pretrial Conference", "Trial Readiness Conference", or "PTC") is the first day of trial for all purposes, including for purposes of the Local Rules and calculation of deadlines for discovery and dispositive motions.

The PTC will typically be scheduled two weeks ahead of the Jury Trial (JT) or Court Trial (CT) date. The JT or CT is the date to be used for the commencement of jury selection, opening statements, and/or presentation of evidence.

Trial counsel and self-represented parties (collectively, "Counsel"), must personally appear at the PTC in person or via zoom. Telephone appearances are not permitted.

MEET AND CONFER OBLIGATIONS

Unless a different deadline is established through stipulation and court order, at least fifteen court days prior to the PTC, the parties are ORDERED to meet-and-confer in good faith and in person or by video or telephone conference regarding all trial matters, including but not limited to the following:

1. Amendments to the complaint, answer, or cross-complaint if any;

2. The length of trial, including time allocations per side or Party;

3. Review of all trial exhibits and determination of which exhibits will be "joint," and which exhibits will be admitted without objection;

4. Trial bifurcation;

5. Trial mechanics, including but not limited to:

i. Retention of a court reporter (retained court reporters must be capable of providing real time court reporting for the Court);

ii. Coordination of electronic presentation of evidence;

ORDER re: Case Management Conference filed by Department of Fair Employment and Housing, an agency of the State of California (Plaintiff) on 02/09/2024

Page 2 of 9

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

iii. Portions of trial to be conducted in person or remotely;

iv. Trial participants to be participating in person or remotely; and

v. Need for interpreters.

6. Voir Dire

i. To be conducted remotely or in-person

ii. Utilizing the Court's oral questionnaire or a stipulated written/electronic questionnaire not to exceed 10 pages;

iii. Proposed time limits for Counsel questioning;

iv. Number of peremptory challenges;

v. Number of alternates to be selected and preferred order of substitution (sequential or random); and

vi. Use of "mini-openings" preceding voir dire and/or the Court's reading of a short, neutral, stipulated statement of the case.

7. Completion schedule for any outstanding discovery;

8. The causes of action and/or affirmative defenses, if any, to be dismissed or withdrawn prior to trial; note that on the first day of trial, all remaining unnamed "DOE" parties will be dismissed;

9. The list of undisputed facts to be used at trial and any proposed stipulations to be entered into evidence and/or read to the jury. Parties are encouraged to consider stipulations that obviate the need for testimony or exhibits to be separately introduced and streamline the contested issues for the jury. These stipulations can include foundational issues, evidentiary issues, and witness testimony in whole or in part;

10. Stipulated orders, including in liminie orders;

11. Schedule for further mediation or additional settlement discussions; and

12. Each item that is required to be addressed in this trial setting order.

MOTIONS IN LIMINE (MILs)

Parties are limited to THREE MILs per side unless leave for additional motions is granted.

---

ORDER re: Case Management Conference filed by Department of Fair Employment and Housing, an agency of the State of California (Plaintiff) on 02/09/2024

Page 3 of 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

1. The Court will not entertain boilerplate, overbroad, or nonspecific motions or motions that restate the rules of evidence.

2. The following in limine motions shall NOT be filed but shall be deemed ORDERED unless the parties stipulate otherwise or take exception in a motion:

i. No Party will be permitted to introduce evidence of settlement discussions or mediation; insurance; other claims/suits/actions against a Party; or the financial condition of any Party except in the punitive damages phase of a case, if applicable.

ii. All non-party witnesses are to be excluded from the courtroom and are directed to be admonished by Counsel not to listen to the livestream courtroom proceedings, review any reports of the trial, or discuss the evidence presented until the conclusion of their testimony.

3. All motions in limine must be filed and served on all other parties, with courtesy copies (hard copies) delivered to the trial department, at least ten court days prior to the PTC.

4. All briefs in opposition to the MILs must be filed and served on all other parties, with courtesy copies (hard copies) delivered to the trial department, no later than five court days before the PTC.

5. The courtesy copies of the MILs must be provided to the Court in the following format:

i. A single binder per side.

ii. A separate tab for each MIL.

iii. Within the tab, subtabs for the motion, the opposition, and any reply.

6. The Court endeavors to issue tentative rulings at or prior to the PTC and will hear argument, if needed, at the PTC.

JOINT WITNESS LIST & CALLING WITNESSES

No later than five court days prior to the PTC, the Parties must file and provide a courtesy copy to the Court of the joint witness list. The list shall include the name of the witness, who will be calling the witness, the subject of their testimony, the anticipated length of examination or cross-examination, and any objections to the anticipated testimony of the witness in whole or in part.

Counsel (or the Party if the Party is unrepresented by counsel) must notify the other side of the order of witness testimony as soon as reasonable possible and in any case no later than 48 hours before their intended testimony (or by no later than the end of the trial day prior to a weekend or holiday recess).

While a Party is presenting its case, that Party should always have a witness ready and available

ORDER re: Case Management Conference filed by Department of Fair Employment and Housing, an agency of the State of California (Plaintiff) on 02/09/2024

Page 4 of 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

to testify, including taking a witness out of order if necessary. Parties must meet and confer and should accommodate the reasonable scheduling requests of the other side regarding the presentation of witnesses.

JURY QUESTIONNAIRE

If the Parties want to use a jury questionnaire, no later than five court days prior to the PTC, Counsel shall file and deliver to the Court, in electronic and hard copy, a stipulated jury questionnaire. If the Parties disagree as to any language in the proposed questionnaire, each Party shall provide its version of the jury questionnaire, which must also incorporate all stipulated questions.

DEPOSITION DESIGNATIONS, COUNTER-DESIGNATIONS AND OBJECTIONS

No later than ten court days prior to the PTC, Counsel shall exchange proposed page and line designations, counter-designations and objections of deposition testimony of witnesses who will not be appearing live at trial.

Any unresolved designations must be submitted to the Court no later than five court days prior to the PTC, in a binder or binders, with a tab for each witness in the following format, color-coded by Party:

1. Page and line designations and counter-designations,

2. Objections to the designations, if any,

3. Response(s) to the objections, if any, and

4. Boxes for the Court to check whether any objection(s) to the designated page(s)/line(s) are sustained or overruled.

5. All objections and responses must include a brief statement as to why the designation should be admitted or excluded from evidence.

EXHIBITS

The Parties shall prepare a joint compendium, in binders, of all exhibits intended to be introduced at trial, as follows:

1. Jointly agreed-upon exhibits shall be numbered 1 through 19,999.

2. Plaintiffs exhibits not otherwise agreed to shall be numbered 20,000 through 29,999.

3. Defendants' exhibits not otherwise agreed to shall be numbered 30,000 through 39,000.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

4. Parties are not to duplicate exhibits and are to endeavor to reach agreement as to the admissibility of all exhibits intended to be used at trial, including stipulated agreement regarding foundational bases.

5. Each binder of exhibits must contain a table of contents that correlates to the appropriate tab number.

6. The Parties must provide a single Master List of all exhibits in numbered order, in a table with all columns except "Admitted" and "Notes" fully filled-in, styled in the following column format:

Exhibit Number Date Title/Description Witness Stipulated Admitted Notes

7. Five court days before the PTC, the Parties shall lodge with the Court in hard copy, four duplicate sets of the exhibit binders (with an accompanying Master List), one set each for:

i. Witness/Original

ii. Court Clerk

iii. Court

iv. One set for each Opposing Party

8. All exhibits must also be provided to the Court electronically via email or through a non-locked Sharepoint site or similar electronically accessible link.

9. Electronic exhibits must be indexed in the same order as the binders and must include an identical table of contents.

10. Electronic exhibits must also be word-searchable as well as sortable by title, exhibit number, and date.

11. No exhibits, demonstrative or otherwise, will be permitted to be shown or published to the jury without stipulation of Counsel or prior Court approval.

12. Proposed exhibits not addressed at the PTC must be disclosed to all Counsel as soon as possible and in any case, no later than 48 hours before their intended introduction into evidence (or prior to 4:00 PM the Friday before a weekend recess).

JURY INSTRUCTIONS

No later than ten court days prior to the PTC, the Parties must exchange their proposed jury instructions and must meet and confer with the goal of reaching a stipulation as to those instructions. No later than five court days prior to the PTC, the Parties must file their proposed

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

jury instructions, and must jointly provide to the Court in

electronic form, and deliver to the Court in hard copy a single binder with all jury instructions in the following format:

1. Each form jury instruction must be on a separate page, with the CACI number at the top, and collated in numerical order.

2. The instructions must be in a format that can be given to the jurors. This means that each instruction must be tailored to the case with all blanks filled in, all extraneous portions and brackets deleted, with no identifying marks (e.g., law firm information).

3. The first tab of the binder shall include all stipulated instructions.

4. The second tab of the binder shall include those instructions for which the Parties agree that the instruction should be used, but disagree as to how the instruction should be tailored to the case. For each of these instruction the Parties shall include a subtab with each Party providing their version of the instruction. Below the proposed instruction the Party must include a succinct statement (including relevant legal authority) regarding why the Court should accept that Party's version of the instruction over the version provided by the opposing Party.

5. The third tab of the binder shall include those instructions, separately subtabbed, that one Party wants to include, but the other Party or Parties disagree as to the inclusion of that instruction. Below the proposed instruction, the Party must include a succinct explanation (including relevant legal authority) as to why the instruction should be accepted by the Court.

6. If any standard instruction has been modified, regardless of whether the Parties stipulated to the modification, the Parties must provide the Court with the standard instruction with all modifications clearly identified through track changes.

7. The fourth tab of the binder shall include requests for special jury instructions. Any such request must include relevant legal authority. The Court considers requests for special jury instructions with caution.

The Court will generally not call for a jury panel until the jury instructions are finalized.

VERDICT FORM

No later than ten court days prior to the PTC, the Parties must exchange their proposed verdict form, and must meet and confer with the goal of reaching a stipulation as to that form. No later than five court days prior to the PTC, the Parties must file a proposed verdict form, and must jointly provide to the Court in electronic form, and deliver to the Court in hard copy the verdict form in the following format, color coded by Party:

1. The verdict form must be in a format that can be given to the jurors. This means that form

ORDER re: Case Management Conference filed by Department of Fair
Employment and Housing, an agency of the State of
California (Plaintiff) on 02/09/2024                                    Page 7 of 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

must be tailored to the case with no identifying marks (e.g., law firm information).

2. The first tab of the binder shall include all stipulated language.

3. If the Parties do not fully agree to the verdict form, each Party shall provide, in a subsequent tab, the verdict form it wants to use, followed by a succinct statement (including relevant legal authority) regarding why the Court should accept that

Party's version of the verdict form over the version provided by the opposing Party.

The Court will generally not call for a jury panel until the verdict form is finalized.

TRIAL BRIEFS

No later than five court days prior to the PTC, each Party shall file and deliver to the Court a hard copy of its trial brief. The trial brief shall not exceed 10 pages, and must include a confirmation of how and when the Party complied with each of its meet and confer obligations set forth in this trial setting order.

FAILURE TO COMPLY WITH ANY PART OF THESE PRETRIAL ORDERS MAY RESULT IN THE EXCLUSION OF WITNESSES, WITNESS TESTIMONY, AND/OR OTHER EVIDENCE OR DEMONSTRATIVE EXHIBITS AT TRIAL.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.

Dated :  02/14/2024

Noel Wise / Judge

ORDER re: Case Management Conference filed by Department of Fair Employment and Housing, an agency of the State of California (Plaintiff) on 02/09/2024

Page 8 of 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

ORDER re: Case Management Conference filed by Department of Fair
Employment and Housing, an agency of the State of
California (Plaintiff) on 02/09/2024

Page 9 of 9

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>02/20/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Nicole Hall_ Deputy<br>N. Hall |
| PLAINTIFF/PETITIONER:<br>Department of Fair Employment and Housing, an agency of the State of California | |
| DEFENDANT/RESPONDENT:<br>Tesla, Inc. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>22CV006830 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order re: Case Management Conference filed by Department of Fair Employment and Housing, an agency of the State of California (Plaintiff) on 02/09/2024 entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Alexis McKenna
California Civil Rights Department
alexis.mckenna@dfeh.ca.gov

Austin Schulz
Holland & Knight LLP
austin.schulz@hklaw.com

Brett Watson
California Civil Rights Department
brett.watson@dfeh.ca.gov

Bryan Jeffrey Schwartz
Bryan Schwartz Law
bryan@bryanschwartzlaw.com

Christina T. Tellado
Holland & Knight LLP
Christina.tellado@hklaw.com

GWENDOLYN LEACHMAN
California Civil Rights Department
Gwendolyn.Leachman@calcivilrights.ca.gov

Inga Nelson
inga.nelson@dfeh.ca.gov

Jamie Crook
California Civil Rights Department
jamie.crook@dfeh.ca.gov

Chad Finke, Executive Officer / Clerk of the Court

Dated: 02/20/2024

By:

_Nicole Hall_

N. Hall, Deputy Clerk

| SHORT TITLE: DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, AN AGENCY OF THE STATE OF CALIFORNIA vs TESLA, INC. | CASE NUMBER: 22CV006830 |
|---|---|

Janette Wipper
California Civil Rights Department
janette.wipper@dfeh.ca.gov

Jenny Chhea
California Civil Rights Department
jennychhea@gmail.com

Juan Gamboa
juan.gamboa@dfeh.ca.gov

Nicholas Keats
California Civil Rights Department
nicholas.keats@dfeh.ca.gov

Roya Massoumi
California Civil Rights Department
roya.massoumi@calcivilrights.ca.gov

Sirithon Thanasombat
California Civil Rights Department
siri.thanasombat@dfeh.ca.gov

Thomas Edward Hill
Holland & Knight LLP
thomas.hill@hklaw.com

**ADDITIONAL PAGE – CERTIFICATE OF MAILING**        Page **2** of **2**

# EXHIBIT B

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

| | |
|---|---|
| Department of Fair Employment and Housing, an agency of the State of California | No.    22CV006830 |
| Plaintiff/Petitioner(s) | Date:   02/21/2024 |
| vs. | Time:   2:33 PM |
| Tesla, Inc. | Dept:   21 |
| Defendant/Respondent(s) | Judge:  Noël Wise |

ORDER re: Ruling on Submitted Matter filed by California Civil Rights Department, Formerly Known as Department of Fair Employment and Housing (Cross-Defendant) on 10/13/2023

The Motion re: PLAINTIFF CALIFORNIA CIVIL RIGHTS DEPARTMENTS NOTICE OF MOTION TO ENFORCE COURT ORDER filed by California Civil Rights Department, Formerly Known as Department of Fair Employment and Housing on 10/13/2023 is Granted in Part.

The Court, having taken the matter under submission on 02/14/2024, now rules as follows:

The Motion of CRD to enforce order of 11/18/22 and for sanctions is GRANTED IN PART. The motion of CRD to compel further responses to SPROGs and RPDs (set three) is GRANTED IN PART.

MOTION #1 - THE MOTION OF CRD TO ENFORCE ORDER OF 11/18/22 AND FOR SANCTIONS.

The CRD seeks enforcement of the order of 11/18/22 regarding five matters.

RFP No. 8 asks for "All DOCUMENTS RELATING TO the representation rates and/or number of PERSONNEL, by race and job title/position, in each year with YOU from January 1, 2014 to the present."

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

The order of 11/18/22 states: "GRANTED IN PART. Tesla must produce all documents showing representation rates by race and job title/position. All documents "relating to" is overbroad."

Tesla's response of 4/21/23 (PX 31) to RFP No. 8 states: "Defendant directs CRD to documents which have been produced by Defendant to CRD, designated as TESLA_KISH_00001366 – 00002323, TESLA_KISH_00002941, and TESLA_KISH_00002942. As a show of good faith to CRD and the parties' ongoing meet and confer efforts, Tesla agrees to provide the following additional information regarding this Request: TESLA_KISH_00001366 – 00002323 is a pay data report that contains the establishment information and employee detail relating to Tesla. The report also contains a column with the field heading "Race/Ethnicity/Sex" and lists the various applicable alphanumeric code relating to employee detail. The "Race/Ethnicity/Sex" alphanumeric code is based on the California Pay Data Report Instructions created by CRD and is promulgated annually to private employers like Tesla. Defendant also directs CRD to TESLA_KISH_00001372 [Tesla's California Pay Data Report], which contains CRD's California Pay Data Report Instructions and further guidance on its "Race/Ethnicity/Sex" alphanumeric codes."

Tesla asserts that it has complied with the court order. Plaintiffs implicitly agrees that Tesla has complied with the court order with the exception of submitting a verification.

(Oppo at 2:27-28 and 4:20-26.) The court ORDERS that Tesla must provide the required verification.

RFP No. 16 asked Tesla to produce: "All DOCUMENTS RELATED TO YOUR guidance instructions, mandates, limitations and/or prohibitions YOU issued to YOUR PERSONNEL related to their statements to the press and/or social media about the DFEH's investigation or the COMPLAINT."

The order of 11/18/22 states: "GRANTED IN PART. The information is relevant if it effectively states to employees the Tesla policy on harassment or discrimination. Tesla must produce any widely distributed guidance to workers, defined as a distribution to 5 or more persons who are not employed with press or public relations responsibility. Tesla is not required to produce any individualized guidance or information about its press or public relations."

Tesla's response of 3/14/23 (PX 28) states: "Defendant has already produced Tesla's Communications Policy in its first production. … Defendant directs CRD to Defendant's blog posting, dated February 9, 2022, which is publicly accessible at https://www.tesla.com/blog/dfehs-misguided-lawsuit. … Defendant has determined it has already identified all responsive, non-privileged documents under its possession, custody, and control to CRD. Defendant again directs CRD to Defendant's blog posting, dated February 9, 2022, which is publicly accessible at https://www.tesla.com/blog/dfehs-misguided-lawsuit."

The court ORDERS that Tesla must provide a verified statement that it has made diligent search and reasonable inquiry and had produced all non-privileged documents. (CCP 2031.230.)

ORDER re: Ruling on Submitted Matter filed by California Civil Rights Department, Formerly Known as Department of Fair Employment and Housing (Cross-Defendant) on 10/13/2023

Page 2 of 9

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

SROG No. 3 asked: "IDENTIFY all PERSONS you contract(ed) with to provide work force labor at all locations owned or operated by YOU in California from January 1, 2014 to the present." The SROG states "identify" means "full name, any other names it is known by, type of entity, date of formation, address and telephone number of its principal place of business, and the names, address, and telephone number of the individual who serves as its agent for service of process or primary contact, as the case may be." (PX 1)

The order of 11/18/22 states: "GRANTED. Relevant and not burdensome. Tesla must produce."

Tesla's response of 4/21/23 (PX 33) identifies the contractors (staffing agencies) and states: "Pursuant to Code of Civil Procedure section 2030.230, Tesla further directs CRD to documents which have already been produced by Tesla as TESLA_KISH_00001017 – 00001288, and TESLA_KISH_00002324 – 00002940." The identified documents are the master service agreements that Tesla had with the staffing agencies.

As a general principle, a party must identify documents with particularity when it refers to documents by Bates Number rather than providing a substantive narrative response. (E.g. Bates Number of document, title or description, and date.) The identification of documents means specific documents and not a Bates range that encompasses many documents. (CCP 2030.230 [SPROG].)

The Court ORDERS that the request for a further response to SPROG 3 is GRANTED IN PART. Tesla has identified the staffing agencies and directed the CRD to the master service agreements. The burden or expense of preparing or making a compilation of names and current contact information "would be substantially the same for the party propounding the interrogatory as for the responding party." (CCP 2030.230.)

Tesla has not identified "the names, address, and telephone number of the individual who serves as its agent for service of process or primary contact." The court ORDERS that (1) on or before 2/23/24, the CRD must provide Tesla with a list of the entities where the CRD does not have that information and (2) on or before 3/8/24, Tesla must provide a supplemental response with verification.

SROG No. 4 asked: "IDENTIFY all of YOUR PERSONNEL provided by staffing agencies at each of YOUR workplace locations in California from January 1, 2014 to the present, indicating the staffing agency, race of the worker, location(s) where the worker worked, the start and end dates of when the staffing agency placed the worker with YOU, and position(s) of the worker."

The order of 11/18/22 states: "GRANTED IN PART. The production of contact information is limited by the temporal scope. Within the temporal scope, Tesla must produce the names and contact information of all persons at each workplace locations in California."

Tesla's response of 4/21/23 (PX 30) states: ""PERSONNEL provided by staffing agencies at each of [Tesla's] workplace locations in California" may be identified on

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

TESLA_KISH_00002941 and TESLA_KISH_00002942 via those individuals whose alphanumeric "Employee ID" information contains the letter "C.""

The Court ORDERS that the request for a further response to SPROG 4 is GRANTED IN PART. Tesla has identified the persons who worked through staffing agencies. The CRD asked Tesla to identify which persons worked through which staffing agency and also the workplace locations. The court ORDERS that Tesla must amend and supplement the spreadsheet that it has already provided to include for each of the PERSONNEL "the staffing agency" that provided the person and the "location(s) where the worker worked." The court ORDERS that on or before 3/8/24 Tesla must provide a supplemental response with verification.

SROG No. 11 asked; "DESCRIBE all HRIS's that pre-date the one currently in use, including the name of the HRIS, the periods that they were in use, and whether and how PERSONNEL information contained or referenced therein was migrated to successor or other systems or otherwise retained."

The order of 11/18/22 states: "GRANTED IN PART. Tesla must respond."

Tesla's response of 8/25/23 (PX 35) states: "Prior to Inside Tesla, Tesla used Taleo, Avature, and Workday. The data was imported in multiple phases to a database and mapped relationally to that of the respective receiving system to ensure that the data transmission was successful." This response is cursory. That noted, CRD has deposed four of Tesla's persons most knowledgeable witnesses, over nearly eight days, on Tesla's HRIS systems. In light of the depositions, the requirement for a further SPROG response would be duplicative. (CCP 2019.030(a).)

The Court ORDERS that the request for a further response to SPROG 11 is DENIED. If CRD has further questions about how Tesla's HRIS was updated, then the court suggests a focused PMK deposition where the topics are identified with specificity and the time is limited to a few hours.

SANCTIONS

The CRD's request for sanctions is DENIED. Procedurally, the CRD sought sanctions from Tesla, but if sanctions were warranted then they would properly be awarded against Tesla's counsel and not Tesla. Substantively, the court is persuaded that Tesla's counsel made reasonable interpretations of the court's order and made reasonable efforts to comply with the order.

MOTION #2 - MOTION OF CRD TO COMPEL FURTHER RESPONSES TO SPROGS AND RPDS (SET THREE)

DISCOVERY REGARDING THE 50 COMPLAINTS OF ALLEGED HARASSMENT OR DISCRIMINATION

PROCEDURE

ORDER re: Ruling on Submitted Matter filed by California Civil Rights
Department, Formerly Known as Department of Fair                    Page 4 of 9
Employment and Housing (Cross-Defendant) on 10/13/2023

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

The CRD engaged in adequate meet and confer before filing the motion. The court addressed this discovery dispute in an IDC email dated 3/15/23.

RELEVANCE

Discovery is the exchange of information relevant to the claims and defenses in the lawsuit. (CCP 2017.010.) This law enforcement action is about Tesla's alleged pattern or practice permitting or failing to respond to race harassment and discrimination. (1AC filed 3/11/22)

In the course of the litigation, Tesla stated: "[w]hen Tesla is alerted to a potential or actual violation of its policies, it takes action. Not surprisingly then, on the approximately 50 occasions in the three years prior to filing this action DFEH complaints were filed by workers, DFEH has yet to elect to retain jurisdiction." (Tesla MPA in Support of Motion to Stay filed 4/18/22 p. 4.) Tesla made a similar statement in a blog. This suggests that Tesla is making the statement as a defense in the case.

The CRD then sought discovery about the "approximately 50 occasions in the three years prior to filing this action [when] DFEH complaints were filed by workers." This was reasonable discovery regarding what appeared to be a defense.

Telsa's response on 9/8/22 identified only about 15 incidents. Tesla's initial responses asserted "the request is overly broad and unduly burdensome in that the request attempts to encompass all documents relating to any and all of the almost-50 complaints made to CRD within the past three years without limitation." (Tesla objection to definition of "COMPLAINT.")

Tesla's supplemental response on 5/8/23 states that the "Out of the "approximately 50 COMPLAINANTS" over whom CRD declined to retain jurisdiction these are the 15 Complainants who complained about racial discrimination. This lawsuit is limited to complaints of racial discrimination and harassment, and as such, the SET 3 COMPLAINANTS are the only ones within the scope of this suit." (Tellada Dec. filed 1/31/24, Exh 17.)

The court finds that the "approximately 50 COMPLAINANTS" are all relevant because Tesla made an implicit assertion in its prior brief that they were all relevant to a defense in the case. All the complaints are arguably relevant because they might support a Tesla defense that it has a robust HR process to investigate and respond to any alleged harassment or discrimination. All the complaints are also arguably relevant because they might support a CRD claim that Tesla did not investigate and respond to any alleged harassment or discrimination, or that Tesla responded to race related allegations with less diligence than national origin, gender, or disability allegations.

PRIVILEGE

Tesla asserts attorney client privilege. On 7/12/23, the Court ordered Tesla to provide a completed privilege log no later than 9/29/23 as to Set Three. On 9/29/23, Tesla provided a

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

privilege log (PX 27).

The purpose of a privilege log is to substantiate an assertion of privilege and to provide a specific factual description of the withheld documents to permit a judicial evaluation of the claim of work product protection. (CCP 2031.240(b); Catalina Island Yacht Club v. Superior Court (2015) 242 Cal.App.4th 1116, 1125; Best Products, Inc. v. Superior Court (2004) 119 Cal. App. 4th 1181, 1188-1189; Hernandez v. Superior Court (2003) 112 Cal. App. 4th 285, 292.)

The privilege log identifies Bates rages, date/time, from, to, document description, and privilege asserted. This is adequate.

At the hearing on 2/14/24, the parties stated that after the motion was filed they agreed to a format for Tesla's privilege log and that on 2/13/24 Tesla provided an amended privilege log.

The court notes, by way of dicta, that Tesla's assertion of the attorney client privilege regarding any investigation might preclude Tesla from relying on any investigation conducted by or at the direction of counsel or the advice of counsel. (Wellpoint Health Networks, Inc. v. Superior Court (1997) 59 Cal.App.4th 11068 Cal.Rptr.2d 844.) The court makes the observation so that the parties are aware of the potential consequence of their litigation decisions.

BURDEN

The information is not burdensome given that Tesla presumably already identified the referenced approximately 50 complaints.

ORDER

RPD 1-29 and SPROG 2-23. These concern the 50 complaints. The court ORDERS that Tesla must provide responses for all 50 occasions. The court ORDERS that on or before 3/8/24 Tesla must provide supplemental responses and documents.

DISCOVERY REGARDING LAYOFFS

RFP Nos. 31–36 & 38– 44; SROG Nos. 24–29 & 32–36. These concern layoffs at Tesla "workplaces in California from January 1, 2017 to the present." (Referring to SROG No. 24.) The court ORDERS that Tesla must provide a verified statement that it has made a diligent search and reasonable inquiry and had produced all non-privileged documents. (CCP 2031.230.)

RPD 37 and SPROG 30 and 31. These concern meetings regarding any layoffs at Tesla "workplaces in California from January 1, 2017 to the present." (Referring to SROG No. 24.) Tesla asserted that these are privileged. The privilege log is adequate. The court ORDERS that Tesla must provide a verified statement that it has made a diligent search and reasonable inquiry and had produced all non-privileged documents. (CCP 2031.230.)

The court ORDERS that on or before 3/8/24 Tesla must provide the required verifications.

ORDER re: Ruling on Submitted Matter filed by California Civil Rights
Department, Formerly Known as Department of Fair
Employment and Housing (Cross-Defendant) on 10/13/2023

Page 6 of 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

GENERAL DISCOVERY ISSUES

CRD's argument that Tesla has produced the same documents repeatedly has little merit. CRD served many discovery requests and a document might be responsive to many requests. It might be relevant that a document was in the files of two different persons. It might be relevant that Tesla had the same policy in effect for several sequential years.

Discovery and the scope of the complaint. The order that Tesla must produce information about the approximately 50 COMPLAINANTS is not an indication that the case will expand to include claims related to protected categories other than race.

Discovery is not evidence. The order that Tesla must produce information about the approximately 50 COMPLAINANTS is not an indication that the information about complaints related to protected categories other than race will be admissible at trial.

CASE MANAGEMENT

DISCOVERY REFEREE.

Given the many discovery motions in this case to date and the many motions on the court's calendar, the court is strongly inclined to order the appointment of a discovery referee if the parties cannot agree. (CCP 639.) If the parties cannot agree on a discovery referee, then the court will order the appointment of a discovery referee and direct the parties to proceed with the CCP 640 procedure for the selection of a referee.

At the hearing on 2/14/24, the court (1) explained the various ways to select a discovery referee, (2) ORDERED counsel to confer on the issue of the appointment of a discovery referee (CCP 638 et seq.) and (3) ORDERED that on or before 2/28/24 that counsel file either a stipulation for the appointment of a discovery referee or a statement of inability to agree and competing proposals on the scope and terms of the discovery referee's work and the identification of a discovery referee (CCP 639, 640).

TESLA AFFIRMATIVE DEFENSE

Tesla has made the argument that the CRD failed to conduct adequate pre-filing investigation. The court order of 11/8/22 states: "If Tesla wants to file a motion for summary judgment based on the argument that the CRD did not conduct pre-civil action investigation, then Tesla can file that motion. If Tesla is not going to file the motion, then the court suggests that Tesla stop making the argument."

The court order of 3/15/23 set out the procedure for Tesla to obtain discovery about its claim that the CRD failed to conduct an adequate pre-filing investigation. The order stated: "The court ORDERS that on or before 3/31/23, the CRD must provide a declaration consistent with Clarke and the related cases that states the scope of the investigation, that it performed its investigative

---

ORDER re: Ruling on Submitted Matter filed by California Civil Rights
Department, Formerly Known as Department of Fair                    Page 7 of 9
Employment and Housing (Cross-Defendant) on 10/13/2023

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

obligations, that outlines the steps that the CRD took to investigate the charges. … Tesla may then review the CRD's declaration and, if appropriate, file a motion for leave to take the deposition of a CRD representative on the existence, scope, and nature of the pre-lawsuit investigation or seek other information regarding whether the CRD met its pre-litigation investigation and conciliation obligations. … Tesla may then, if appropriate, file a motion asserting that the CRD has not complied with its pre-litigation obligations and on that basis seek to dismiss or limit the scope of the CRD's claims."

Tesla's argument that the CRD failed to conduct an adequate pre-filing investigation is a discrete and focused issue that would presumably be tried to the court. The court ORDERS the parties to complete their discovery on this issue promptly. At the hearing on 2/14/24, Tesla said that it had not yet noticed the deposition of a CRD witness or witnesses on this topic but that it would do so in the next week. The CRD indicated that it might seek a protective order on the basis that its declaration consistent with Clarke is sufficient.

The court is considering setting a bifurcated bench trial in the near future that will (1) result in a finding that the CRD conducted adequate pre-filing investigation for the claims in the 1AC, (2) result in the narrowing of the claims, or (3) result in the dismissal of the case. Resolution of this preliminary issue might narrow or refine the claims that the CRD is asserting in this case, which would narrow or refine the scope of discovery and focus the parties on the claims that the CRD may present at the trial on the merits. The CRD may continue to seek discovery on all the claims asserted in the 2AC until this preliminary issue is resolved.

TRIAL DATE. The case was filed on 2/9/22. The court is expected to have all non-complex cases resolved within two years and to have all complex cases resolved within three years. (Std Jud Admin 2.2(f), (g).) The court by separate order sets a trial date of 10/14/24.

The issue of a "pattern and practice" in the law enforcement case is similar to the "pattern and practice" claim in the related putative class action of Vaughn v. Tesla, RG17-882082. At the hearing on 2/14/24, the CRD stated that it would be proposing a trial plan that had a first phase about the alleged pattern and proactive and a second phase of proceedings that addressed whether, or how, the alleged pattern or practice affected individuals and the individual damages. (International Broth. of Teamsters v. U.S. (1977) 431 U.S. 324, 357-362.) This is similar to the plaintiff's proposed trial plan in the putative class action.

In the event the court grants the motion for class certification in the related putative class action of Vaughn v. Tesla, RG17-882082, then the parties should be prepared to address the issue of whether it is appropriate under CCP 1048 to consolidate the public claims for civil liability of a law enforcement entity with the private claims of individuals or a class of individuals.

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.

ORDER re: Ruling on Submitted Matter filed by California Civil Rights
Department, Formerly Known as Department of Fair
Employment and Housing (Cross-Defendant) on 10/13/2023

Page 8 of 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

Dated :  02/21/2024

Noel Wise / Judge

ORDER re: Ruling on Submitted Matter filed by California Civil Rights
Department, Formerly Known as Department of Fair
Employment and Housing (Cross-Defendant) on 10/13/2023

Page 9 of 9

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>02/21/2024<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _Nicole Hall_ Deputy<br>N. Hall |
| PLAINTIFF/PETITIONER:<br>Department of Fair Employment and Housing, an agency of the State of California | |
| DEFENDANT/RESPONDENT:<br>Tesla, Inc. | |
| **CERTIFICATE OF ELECTRONIC SERVICE CODE OF CIVIL PROCEDURE 1010.6** | CASE NUMBER:<br>22CV006830 |

**I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served one copy of the Order re: Ruling on Submitted Matter filed by California Civil Rights Department, Formerly Known as Department of Fair Employment and Housing (Cross-Defendant) on 10/13/2023 entered herein upon each party or counsel of record in the above entitled action, by electronically serving the document(s) from my place of business, in accordance with standard court practices.**

Alexis McKenna
California Civil Rights Department
alexis.mckenna@dfeh.ca.gov

Austin Schulz
Holland & Knight LLP
austin.schulz@hklaw.com

Brett Watson
California Civil Rights Department
brett.watson@dfeh.ca.gov

Bryan Jeffrey Schwartz
Bryan Schwartz Law
bryan@bryanschwartzlaw.com

Christina T. Tellado
Holland & Knight LLP
Christina.tellado@hklaw.com

GWENDOLYN LEACHMAN
California Civil Rights Department
Gwendolyn.Leachman@calcivilrights.ca.gov

Inga Nelson
inga.nelson@dfeh.ca.gov

Jamie Crook
California Civil Rights Department
jamie.crook@dfeh.ca.gov

Chad Finke, Executive Officer / Clerk of the Court

Dated: 02/21/2024                    By:

_Nicole Hall_

N. Hall, Deputy Clerk

| SHORT TITLE: DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, AN AGENCY OF THE STATE OF CALIFORNIA vs TESLA, INC. | CASE NUMBER: 22CV006830 |
|---|---|

Janette Wipper
California Civil Rights Department
janette.wipper@dfeh.ca.gov

Jenny Chhea
California Civil Rights Department
jennychhea@gmail.com

Juan Gamboa
juan.gamboa@dfeh.ca.gov

Nicholas Keats
California Civil Rights Department
nicholas.keats@dfeh.ca.gov

Roya Massoumi
California Civil Rights Department
roya.massoumi@calcivilrights.ca.gov

Sirithon Thanasombat
California Civil Rights Department
siri.thanasombat@dfeh.ca.gov

Thomas Edward Hill
Holland & Knight LLP
thomas.hill@hklaw.com

**ADDITIONAL PAGE – CERTIFICATE OF MAILING**          *Page **2** of 2*

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

---

| | |
|---|---|
| Marcus Vaughn  et al<br>　　　　Plaintiff/Petitioner(s)<br>　　　　　　vs.<br>Tesla, Inc. et al<br>　　　　Defendant/Respondent<br>(s) | No.　RG17882082<br><br>Date:　03/01/2024<br>Time:　9:00 AM<br>Dept:　21<br>Judge:　Noël Wise<br><br>ORDER re: Hearing on Motion -<br>Other PLAINTIFFS'<br>MOTION FOR CLASS<br>CERTIFICATION; filed by<br>Evie Hall (Plaintiff) + filed<br>by Tesla, Inc. (Defendant)<br>on 10/11/2023 |

Prior to the hearing, the Court issued a tentative ruling for "Parties to Appear" and the matter is argued, and submitted.

Plaintiff's counsel presents a video slide presentation in support of the Motion for Class Certification.

Plaintiff's counsel, Bryan Schwartz, begins presenting oral argument on the merits of the Motion.
The Court informed Counsel to file a copy of today's presentation on the register of action for the court's record.

The Court addressed counsel to determine if parties stipulate to a coordinated action.

The Court permits supplemental briefing, up to 15 pages, to address the issues surrounding the Motion for Class Certification.
California Civil Rights Department counsel, Alexis Mckenna, makes an oral request to provide additional briefing, if the Vaugh Vs. Tesla matter should be coordinated with the California Civil Rights Department cases.

The Court permits CRD's request and informed counsel to provide supplemental briefing, not to exceed 10 pages, regarding the coordination of the Vaugh Vs. Tesla matter and California Civil Rights Department's cases.

---

ORDER re: Hearing on Motion - Other PLAINTIFFS' MOTION FOR CLASS
　　CERTIFICATION; filed by Evie Hall (Plaintiff) + filed by
　　Tesla, Inc. (Defendant) on 10/11/2023

Page 1 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse

The court allows counsel two weeks to file supplemental briefing by the close of business on Friday, March 15, 2024, in support and in opposition of the Coordination of the proceedings.

Counsel is instructed to deliver three copies of supplemental briefing.

Tesla will request an expedited copy of today's transcript. The transcript is to be delivered to the court by the close of business on

The hearing on the Motion for Class Certification is continued to March 15, 2024, for receipt of the supplemental briefing. The hearing on March 15, 2024, is scheduled as a placeholder date and appearance is not required.

The Hearing on Motion - Other PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; filed by Evie Hall (Plaintiff) + scheduled for 03/01/2024 is continued to 03/15/2024 at 01:30 PM in Department 21 at Rene C. Davidson Courthouse .

Clerk is directed to serve copies of this order, with proof of service, to counsel and to self-represented parties of record.

Dated :   03/01/2024

Noel Wise / Judge

ORDER re: Hearing on Motion - Other PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; filed by Evie Hall (Plaintiff) + filed by Tesla, Inc. (Defendant) on 10/11/2023

Page 2 of 2