Thomas E. Hill (SBN 100861)
thomas.hill@hklaw.com
Christina T. Tellado (SBN 298597)
christina.tellado@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone:  (213) 896-2400
Facsimile:   (213) 896-2450

Attorneys for Defendant
TESLA, INC.

(*Additional counsel listed on next page*)

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No. 3:23-cv-4984-JSC<br><br>**DEFENDANT TESLA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:  September 28, 2023 |

Sara A. Begley (*admitted pro hac vice*)
sara.begley@hklaw.com
HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300
Philadelphia, Pennsylvania 19103
Telephone: (215) 252-9600
Facsimile: (215) 867-6070

Samuel J. Stone (SBN 317013)
sam.stone@hklaw.com
Mary T. Vu (SBN 323088)
mary.vu@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: (213) 896-2400
Facsimile: (213) 896-2450

Paul W. Matthias-Bennetch (SBN 318545)
paul.bennetch@hklaw.com
HOLLAND & KNIGHT LLP
601 SW 2nd Ave., Suite 1800
Portland, Oregon 97204
Telephone: (503) 517-2910
Facsimile: (503) 241-8014

Raymond A. Cardozo (SBN 173263)
rcardozo@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: (415) 543-8700
Facsimile: (415) 391-8269

Tyree P. Jones Jr. (SBN 127631)
tpjones@reedsmith.com
REED SMITH LLP
1301 K Street, N.W., Suite 1000
Washington, DC 20005-3317
Telephone: (202) 414-9200
Facsimile: (202) 414-9299

Attorneys for Defendant
TESLA, INC.

2

DEF. TESLA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PL.'S COMPL.
CASE NO. 3:23-CV-4984-JSC

Defendant Tesla, Inc. ("Defendant" or "Tesla"), by and through its attorneys of record, Holland & Knight LLP, hereby submits its Answer and Affirmative Defenses and Other Defenses to the Complaint filed by Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and the corresponding numbered paragraphs of the Complaint. Except as specifically admitted, qualified, or answered below, Defendant denies every allegation in Plaintiff's Complaint.

## RESPONSE TO ALLEGATIONS OF THE COMPLAINT

### NATURE OF THE ACTION

Defendant denies the allegations in the "Nature of the Action" Paragraph of the Complaint.

### JURISDICTION AND VENUE

1. In answer to Paragraph 1 of the Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

2. In answer to Paragraph 2 of the Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

### INTRADISTRICT ASSIGNMENT

3. In answer to Paragraph 3 of the Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

### PARTIES

4. In answer to Paragraph 4 of the Complaint, Defendant admits that EEOC is an agency of the United States of America. Defendant states that the remaining allegations in Paragraph 4 set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

5. In answer to Paragraph 5 of the Complaint, Defendant admits the allegations contained in this paragraph, but only to the extent they do not purport to be an exhaustive description of Tesla's activities.

6. In answer to Paragraph 6 of the Complaint, Defendant states that it is without sufficient knowledge and information to form a belief as to what period constitutes "all relevant times" as alleged in this paragraph. Defendant otherwise admits that it has been a Delaware corporation that has been doing business in Alameda County, California, since before 2015.

7. In answer to Paragraph 7 of the Complaint, Defendant states that those allegations set forth conclusions of law and other matters to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in this paragraph.

8. In answer to Paragraph 8 of the Complaint, Defendant states that it is without sufficient knowledge and information to form a belief as to what period constitutes "all relevant times" as alleged in this paragraph. Defendant otherwise admits that it has continuously had at least fifteen employees in California since 2015.

**ADMINISTRATIVE PROCEDURES**

9. In answer to Paragraph 9 of the Complaint, to the extent the allegations contained in this paragraph seek to paraphrase or characterize the contents of a written document, Defendant states that the document speaks for itself and denies the allegations to the extent that they are inconsistent with that document. Defendant otherwise admits the remaining allegations contained in this paragraph.

10. In answer to Paragraph 10 of the Complaint, Defendant admits that on June 1, 2022, EEOC issued Tesla a "Determination" letter regarding EEOC Charge No. 555-2019-01273. Defendant otherwise denies the remaining allegations contained in this paragraph.

11. In answer to Paragraph 11 of the Complaint, Defendant denies the allegations contained in this paragraph.

12. In answer to Paragraph 12 of the Complaint, Defendant denies the allegations contained in this paragraph.

13. In answer to Paragraph 13 of the Complaint, Defendant denies the allegations contained in this paragraph.

14. In answer to Paragraph 14 of the Complaint, Defendant admits that EEOC issued Tesla a "Notice of Conciliation Failure" dated June 21, 2022.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

15. In answer to Paragraph 15 of the Complaint, Defendant denies the allegations contained in this paragraph.

**STATEMENT OF CLAIMS**

16. In answer to Paragraph 16 of the Complaint, Defendant denies the allegations contained in this paragraph.

17. In answer to Paragraph 17 of the Complaint, Defendant denies the allegations contained in this paragraph.

18. In answer to Paragraph 18 of the Complaint, Defendant responds that the allegations contained in this paragraph are so ambiguous and uncertain as pled that Defendant is unable to determine their truth or falsity. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

19. In answer to Paragraph 19 of the Complaint, Defendant denies the allegations contained in this paragraph.

20. In answer to Paragraph 20 of the Complaint, Defendant responds that the allegations contained therein consist of purported quotes from unidentified individuals without any indication of whether Plaintiff obtained this information directly or on a hearsay basis from unidentified third parties. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

21. In answer to Paragraph 21 of the Complaint, Defendant denies the allegations contained in this paragraph.

22. In answer to Paragraph 22 of the Complaint, Defendant responds that the allegations contained therein consist of purported quotes from unidentified individuals without any indication of whether Plaintiff obtained this information directly or on a hearsay basis from unidentified third parties. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

23. In answer to Paragraph 23 of the Complaint, Defendant responds that the allegations contained therein consist of purported quotes from unidentified individuals without any indication of whether Plaintiff obtained this information directly or on a hearsay basis from unidentified third parties. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

24. In answer to Paragraph 24 of the Complaint, Defendant responds that the allegations contained therein consist of purported quotes from unidentified individuals without any indication of whether Plaintiff obtained this information directly or on a hearsay basis from unidentified third parties. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant

is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

25. In answer to Paragraph 25 of the Complaint, Defendant responds that the allegations contained therein consist of purported quotes from unidentified individuals without any indication of whether Plaintiff obtained this information directly or on a hearsay basis from unidentified third parties. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

26. In answer to Paragraph 26 of the Complaint, Defendant denies the allegations contained in this paragraph.

27. In answer to Paragraph 27 of the Complaint, Defendant responds that the allegations contained therein consist of purported quotes from unidentified individuals without any indication of whether Plaintiff obtained this information directly or on a hearsay basis from unidentified third parties. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

28. In answer to Paragraph 28 of the Complaint, Defendant denies the allegations contained in this paragraph.

29. In answer to Paragraph 29 of the Complaint, Defendant responds that the allegations contained therein consist of purported quotes from unidentified individuals without any indication of whether Plaintiff obtained this information directly or on a hearsay basis from unidentified third parties. Defendant further responds that Plaintiff has failed to identify any specific victims or

perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

30. In answer to Paragraph 30 of the Complaint, Defendant denies the allegations contained in this paragraph.

31. In answer to Paragraph 31 of the Complaint, Defendant denies the allegations contained in this paragraph.

32. In answer to Paragraph 32 of the Complaint, Defendant denies the allegations contained in this paragraph.

33. In answer to Paragraph 33 of the Complaint, Defendant responds that the allegations contained in this paragraph are so ambiguous and uncertain as pled that Defendant is unable to determine their truth or falsity. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

34. In answer to Paragraph 34 of the Complaint, Defendant denies the allegations contained in this paragraph.

35. In answer to Paragraph 35 of the Complaint, Defendant responds that the allegations contained in this paragraph are so ambiguous and uncertain as pled that Defendant is unable to determine their truth or falsity. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

36. In answer to Paragraph 36 of the Complaint, Defendant denies the allegations contained in this paragraph.

37. In answer to Paragraph 37 of the Complaint, Defendant denies the allegations contained in this paragraph.

38. In answer to Paragraph 38 of the Complaint, Defendant denies the allegations contained in this paragraph.

39. In answer to Paragraph 39 of the Complaint, Defendant denies the allegations contained in this paragraph.

40. In answer to Paragraph 40 of the Complaint, Defendant denies the allegations contained in this paragraph.

41. In answer to Paragraph 41 of the Complaint, Defendant responds that the allegations contained in this paragraph are so ambiguous and uncertain as pled that Defendant is unable to determine their truth or falsity.  Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist.  Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

42. In answer to Paragraph 42 of the Complaint, Defendant denies the allegations contained in this paragraph.

43. In answer to Paragraph 43 of the Complaint, Defendant responds that the allegations contained therein consist of purported quotes from unidentified individuals and without any indication of whether Plaintiff obtained this information directly or from unidentified third parties. Defendant further responds that Plaintiff has failed to identify any specific victims or perpetrators of

Defendant's alleged misconduct, or specific dates or locations of such misconduct, either pre-suit or in this Complaint, despite Tesla's repeated written requests that it do so, and so as to allow Tesla to remediate any problems if such problems exist. Based on the foregoing, Defendant is without sufficient knowledge and information to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, denies the allegations contained therein.

**FIRST CLAIM FOR RELIEF – HARASSMENT/HOSTILE WORK ENVIRONMENT**

**BECAUSE OF RACE**

**(Title VII)**

44. In answer to Paragraph 44 of the Complaint, Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. In answer to Paragraph 45 of the Complaint, Defendant denies the allegations contained in this paragraph.

46. In answer to Paragraph 46 of the Complaint, Defendant denies the allegations contained in this paragraph.

47. In answer to Paragraph 47 of the Complaint, Defendant denies the allegations contained in this paragraph.

48. In answer to Paragraph 48 of the Complaint, Defendant denies the allegations contained in this paragraph.

49. In answer to Paragraph 49 of the Complaint, Defendant denies the allegations contained in this paragraph.

50. In answer to Paragraph 50 of the Complaint, Defendant denies the allegations contained in this paragraph.

51. In answer to Paragraph 51 of the Complaint, Defendant denies the allegations contained in this paragraph.

**SECOND CLAIM FOR RELIEF – RETALIATION**

**(Title VII)**

52. In answer to Paragraph 52 of the Complaint, Defendant incorporates by reference its answers to the allegations of Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

53. In answer to Paragraph 53 of the Complaint, Defendant denies the allegations contained in this paragraph.

54. In answer to Paragraph 54 of the Complaint, Defendant denies the allegations contained in this paragraph.

55. In answer to Paragraph 55 of the Complaint, Defendant denies the allegations contained in this paragraph.

56. In answer to Paragraph 56 of the Complaint, Defendant denies the allegations contained in this paragraph.

57. In answer to Paragraph 57 of the Complaint, Defendant denies the allegations contained in this paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations in the Complaint, Defendant hereby sets forth the following separate and distinct affirmative and other defenses to the Complaint, and each and every cause of action or claim alleged therein, without assuming or undertaking any burden of proof not otherwise assigned to it by law. Further, all such defenses are pled in the alternative and do not constitute an admission of liability or an admission that EEOC is entitled to any relief whatsoever. Defendant may have additional defenses of which it is not currently fully aware and reserves the right to assert additional defenses after they are ascertained.

## FIRST DEFENSE

(Failure to State a Claim)

1. Defendant alleges, based on information and belief, that the Complaint and each purported cause of action for relief set forth therein fail to state a claim upon which relief may be granted.

///
///
///
///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

**SECOND DEFENSE**

(Statute of Limitations)

2. Defendant alleges, based on information and belief, that EEOC's claims, or portions thereof, are barred by the applicable statutes of limitation, including but not limited to those set forth in Section 706 of Title VII, 42 U.S.C. §§ 2000e-5(e)(l), 2000e-5(f)(l).

**THIRD DEFENSE**

(Faragher-Ellerth Defense)

3. EEOC's cause of action under Title VII of the Civil Rights Act of 1964 is barred under the Faragher-Ellerth defense.

**FOURTH DEFENSE**

(Speculative Damages)

4. EEOC's claims for damages are barred, in whole or in part, because they are speculative and uncertain.

**FIFTH DEFENSE**

(Legitimate Business Reasons/Same Decision)

5. Although Defendant denies engaging in the conduct alleged in the Complaint, if it is determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges, based on information and belief, that its conduct towards the allegedly aggrieved employees EEOC purports to represent, and on whose behalf EEOC seeks relief (the "Aggrieved Employees") was based reasonably and properly on legitimate business reasons and/or non-retaliatory reasons. In addition, if it is found that Defendant's conduct was motivated by retaliatory and non-retaliatory reasons, the non-retaliatory reasons would have induced Defendant to make the same decisions with respect to employment of the Aggrieved Employees.

**SIXTH DEFENSE**

(Privileged Managerial Acts)

6. The Complaint, and each and every claim alleged therein, is barred, in whole or in part, because Defendant had an honest, good faith belief that all decisions, if any, affecting the Aggrieved Employees were privileged managerial acts made solely for legitimate, business-related

reasons that were neither arbitrary, capricious, nor unlawful, and were reasonably based upon the facts as Defendant understood them.

**SEVENTH DEFENSE**

(Outside Course and Scope/No Ratification)

7. Defendant alleges, based on information and belief, that any and all misconduct of any and all individuals of the type alleged in the Complaint, if and to the extent it occurred at all, was outside the course and scope of such persons' agency and employment with Defendant, and was neither known to, nor ratified by, Defendant.

**EIGHTH DEFENSE**

(After-Acquired Evidence)

8. Defendant is informed and believes, and based upon such information and belief alleges, that the Complaint, and each and every purported cause of action alleged therein, and/or the damages arising from such causes of action, is barred by the doctrine of after-acquired evidence.

**NINTH DEFENSE**

(Lack of Malice, Fraud, Oppression or Intent)

9. Defendant lacked sufficient intent for the commission of the matters alleged in the Complaint and did not act with any specific malice, fraud, oppression or ill intent towards any Aggrieved Employees.

**TENTH DEFENSE**

(Punitive Damages Unconstitutional)

10. Defendant is informed and believes, and based thereon alleges, that to the extent EEOC seeks unspecified punitive damages, such claim and damages are contrary to the due process clauses and other clauses of the United States and California Constitutions.

**ELEVENTH DEFENSE**

(Comparative Fault or Negligence)

11. Defendant is informed and believes, and thereon alleges, that the losses or damages sustained by its employees, if any, were wholly caused by the acts or omissions of Aggrieved

Employees, or the acts or omissions of some third party or parties, and that any judgment rendered against Defendant must be reduced or denied accordingly.

**TWELFTH DEFENSE**

(Failure to Meet Pre-Suit Obligations)

12. EEOC's claims are barred, to the extent discovery may show EEOC failed to comply with statutory and/or administrative deadlines; failed to comply with all administrative, jurisdictional and/or statutory prerequisites to filing suit; or to the extent they are beyond the scope of its administrative investigation; or beyond the scope of, or the EEOC failed to include them in, a timely filed Charge of Discrimination.

**THIRTEENTH DEFENSE**

(Failure to Notice or Correct)

13. EEOC's claims are barred and/or recovery of damages is precluded because Aggrieved Employees unreasonably failed to take advantage of preventive or corrective opportunities, to give Defendant adequate notice of alleged discriminatory treatment they now claim to have experienced and/or to avoid harm otherwise.

**FOURTEENTH DEFENSE**

(Lack of Jurisdiction)

14. EEOC's claims are barred, in whole or in part, because the Court lacks jurisdiction over this matter due to EEOC's failure to comply with all or some of the pre-suit requirements.

**FIFTEENTH DEFENSE**

(Unmanageable Due Process)

15. EEOC's claims are barred, in whole or in part, because the claims asserted in the Complaint are highly individualized and involve tens of thousands of workers employed at different times, in different positions, under different managers, and in different circumstances and contexts, such that this action as pled is unmanageable and cannot be prosecuted and/or tried without violating Tesla's due process rights under the United States and California Constitutions.

///

///

## SIXTEENTH DEFENSE

(Failure to Join)

16. EEOC's claims are barred, in whole or in part, to the extent EEOC failed to name and join indispensable parties.

## SEVENTEENTH DEFENSE

(No Respondeat Superior or Vicarious Liability)

17. Assuming, *arguendo*, that any employee of Defendant engaged in any unlawful conduct toward any Aggrieved Employee—which Defendant denies—such misconduct was contrary to Defendant's express policies and beyond the scope of the individual's employment and cannot be attributed to Defendant, and Defendant cannot be held liable for any such misconduct under the concept of respondent superior; nor is the Defendant otherwise vicariously liable.

## EIGHTEENTH DEFENSE

(Reasonable Care – Policy)

18. Defendant exercised reasonable care to establish and maintain a reasonable written policy – disseminated to all employees – for the prevention and detection of unlawful discrimination, harassment and retaliation, including an internal complaint procedure for addressing alleged actions of discrimination, harassment and retaliation.

## NINETEENTH DEFENSE

(Reasonable Care – Response)

19. Defendant exercised reasonable care to prevent and promptly correct any allegedly discriminatory, harassing, or retaliatory behavior.

## TWENTIETH DEFENSE

(Due Process Violation)

20. EEOC's claims violate the United States Constitution in that, among other things, they deny and impinge upon Defendant's procedural and substantive due process rights.

///

///

///

### TWENTY-FIRST DEFENSE

(Settlement or Release)

21. EEOC's claims are barred, in whole or in part, to the extent that any Aggrieved Employee has entered into a settlement agreement and/or release covering any claims alleged in this action. Tesla avers that the EEOC cannot recover monetary relief for any claims waived or released by members of said group.

### TWENTY-SECOND DEFENSE

(Separate Legal Action)

22. EEOC's claims are barred, in whole or in part, to the extent that any Aggrieved Employee has initiated his or her own legal action against Tesla based on one or more of the claims alleged.

### TWENTY-THIRD DEFENSE

(Legitimate Compensation)

23. EEOC's claims are barred, in whole or in part, to the extent that Tesla's compensation of any Aggrieved Employee was determined based on a seniority system, a merit system, a system that measures earnings by quantity or quality of production, and/or a bona fide factor other than race that is job-related and consistent with legitimate business needs.

### TWENTY-FOURTH DEFENSE

(Intervening Causes)

24. Defendant alleges, based on information and belief, that the Aggrieved Employees' damages, if any, are the proximate result of independent, intervening, or superseding causes unrelated to any conduct on the part of Defendant.

### TWENTY-FIFTH DEFENSE

(Workers' Compensation Preemption)

25. Defendant alleges, based on information and belief, that any Aggrieved Employee's claims for physical or emotional injuries allegedly suffered as a result of their employment are barred, in whole or in part, because the sole and exclusive remedy for such injuries is governed by the California Workers' Compensation Act, Labor Code section 3200, *et seq.*

///

## TWENTY-SIXTH DEFENSE

(Unjust Enrichment)

26. EEOC's claims are barred to the extent that any award in this action would constitute unjust enrichment.

## TWENTY-SEVENTH DEFENSE

(Equitable Defenses)

27. Defendant alleges, based on information and belief, that EEOC's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, under the equitable doctrines of waiver, estoppel, unclean hands, laches, and/or consent, as a result of, without limitation, EEOC's or Aggrieved Employees' own acts and/or omissions.

## TWENTY-EIGHTH DEFENSE

(Failure to Mitigate / Avoidable Consequences Doctrine)

28. Defendant alleges, based on information and belief, that Aggrieved Employees have failed to mitigate, minimize, or avoid their purported damages, and Defendant further alleges that to the extent that any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

## TWENTY-NINTH DEFENSE

(Good Faith Defense)

29. Defendant alleges, based on information and belief, that at all times relevant to EEOC's Complaint, Defendant has acted in good faith and has not violated any rights which may be secured to the Aggrieved Employees under any federal, state, or local laws, rule, regulations or guidelines with respect to its decisions regarding the Aggrieved Employees' employment.

## THIRTIETH DEFENSE

(Multiple Recovery)

30. Defendant alleges, based on information and belief, that the claims of EEOC are barred, in whole or in part, to the extent that EEOC seeks multiple recoveries for the same alleged wrong or wrongs.

///

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

## THIRTY-FIRST DEFENSE

(*Res Judicata*)

31.     Defendant alleges, based on information and belief, that EEOC's purported claims are barred, in whole or in part, by the doctrines of *res judicata*.

## THIRTY-SECOND DEFENSE

(Unjust Penalties)

32.     Defendant alleges, based on information and belief, that to the extent EEOC seeks to recover penalties, any such award would be improper as unjust, arbitrary, oppressive or confiscatory.

## THIRTY-THIRD DEFENSE

(Accord and Satisfaction)

33.     Defendant alleges, based on information and belief, that EEOC's Complaint, and each and every purported cause of action contained in this paragraph, is barred in whole or in part, to the extent any Aggrieved Employee is subject to an accord and satisfaction.

## THIRTY-FOURTH DEFENSE

(Lack of Injury)

34.     Defendant alleges, based on information and belief, that EEOC's purported causes of action are barred, in whole or in part, because Aggrieved Employees did not suffer any actual injury as a result of a knowing and intentional violation of law by Defendant.

## THIRTY-FIFTH DEFENSE

(Failure to State a Claim for Punitive Damages)

35.     EEOC fails to state a claim for punitive damages under Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, or any other federal statute.

## ADDITIONAL DEFENSES

36.     The Complaint is vague, ambiguous, indefinite and uncertain; therefore, Defendant reserves the right to amend or supplement their affirmative defenses asserted herein, and to present evidence supportive of different and additional defenses, upon ascertaining the specific nature of the violations alleged.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint with prejudice; that the Court enter judgment in Defendant's favor and against Plaintiff on all counts; and that the Court award Defendant its costs and attorneys' fees incurred in defending this action and such other relief as the Court deems appropriate.

Respectfully submitted,

Dated:  April 12, 2024    HOLLAND & KNIGHT LLP

By: /s/  Thomas E. Hill
       Thomas E. Hill

*Attorneys for Defendant*
TESLA, INC.