ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER JR, SBN 291836 (CA)
KENA C. CADOR, SBN 321094 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

THOMAS E. HILL, SBN 100861 (CA)
CHRISTINA T. TELLADO, SBN 298597 (CA)
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone (213) 896-2400
Fax No. (213) 896-2450
tom.hill@hklaw.com

*Attorneys for Defendant TESLA, INC.*

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.<br><br>Defendant. | Case No.:  3:23-cv-04984-JSC<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION** |

1

SARA A. BEGLEY (*admitted pro hac vice*)
HOLLAND & KNIGHT LLP
1650 Market Street, Suite 3300

2

Philadelphia, Pennsylvania  19103
Telephone No. (215) 252-9600

3

Fax No. (215) 867-6070

4

SAMUEL J. STONE, SBN 317013 (CA)
MARY T. VU, SBN 323088 (CA)

5

HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor

6

Los Angeles, California  90071
Telephone No. (213) 896-2400

7

Fax No. (213) 896-2450

8

PAUL W. MATTHIAS-BENNETCH, SBN 318545 (CA)
HOLLAND & KNIGHT LLP

9

601 SW Second Avenue, Suite 1800
Portland, Oregon 97204

10

Telephone No. (503) 243-2300
Fax No. (503) 241-8014

11

12

RAYMOND A. CARDOZO, SBN 173263 (CA)
REED SMITH LLP
101 Second Street, Suite 1800

13

San Francisco, California  94105-3659
Telephone No. (415) 543-8700

14

Fax No. (415) 391-8269

15

TYREE P. JONES JR., SBN 127631 (CA)
REED SMITH LLP

16

1301 K Street, N.W., Suite 1000
Washington, DC  20005-3317

17

Telephone No. (202) 414-9200
Fax No. (202) 414-9299

18

19

*Attorneys for Defendant TESLA, INC.*

20

21

22

23

24

25

26

27

28

1    **1.    PURPOSES AND LIMITATIONS**

2    Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, or private information for which special protection from public disclosure

4    and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

5    the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

6    Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

7    or responses to discovery and that the protection it affords from public disclosure and use extends

8    only to the limited information or items that are entitled to confidential treatment under the

9    applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that

10    this Stipulated Protective Order does not entitle them to file confidential information under seal;

11    Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be

12    applied when a party seeks permission from the court to file material under seal.

13    **2.    DEFINITIONS**

14    2.1    Challenging Party:  a Party or Non-Party that challenges the designation of

15    information or items under this Order.

16    2.2    "CONFIDENTIAL" Information or Items:  information (regardless of how it is

17    generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

18    Civil Procedure 26(c). "Confidential" Information includes:

19    (a)    personal identifying information (PII) concerning current and former

20    employees of Tesla, Inc. or nonparties including:

21    (1)    social security numbers, telephone numbers, physical addresses, dates

22    of birth, and financial-account numbers;

23    (b)    medical records and healthcare information, and financial records of current

24    and former employees of Tesla, Inc. or nonparties;

25    (c)    financial records of potential aggrieved individuals, such as payroll records,

26    income tax returns, W-2s and/or pay stubs, and

27    (d)    Trade secrets, or other confidential research, development, or commercial

28    information.

1    The Parties shall engage in the process set forth in Section 6 (CHALLENGING

2 CONFIDENTIALITY DESIGNATIONS) to the extent that a Party challenges the designation.

3    2.3    Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well

4 as their support staff).

5    2.4    Designating Party:  a Party or Non-Party that designates information or items that it

6 produces in disclosures or in responses to discovery as "CONFIDENTIAL."

7    2.5    Disclosure or Discovery Material:  all items or information, regardless of the medium

8 or manner in which it is generated, stored, or maintained (including, among other things, testimony,

9 transcripts, and tangible things), that are produced or generated in initial or supplemental disclosures

10 or responses to discovery in this matter, including anything that Tesla previously produced or

11 generated in *Department of Fair Employment and Housing v. Tesla, Inc*., Alameda County Superior

12 Court No. 22CV006830 (CRD Case), or *Vaughn, et al. v. Tesla, Inc*., et al., Alameda County

13 Superior Court No. RG 17882082 (Vaughn Case), that it is reproducing in this action.

14    2.6    Expert:  a person with specialized knowledge or experience in a matter pertinent to

15 the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

16 consultant in this action.

17    2.7    House Counsel:  attorneys who are employees of a party to this action. House

18 Counsel does not include Outside Counsel of Record or any other outside counsel.

19    2.8    Non-Party:  any natural person, partnership, corporation, association, or other legal

20 entity not named as a Party to this action.

21    2.9    Outside Counsel of Record:  attorneys who are not employees of a party to this action

22 but are retained to represent or advise a party to this action and have appeared in this action on

23 behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

24    2.10    Party:  any party to this action, including all of its officers, directors, employees,

25 consultants, retained experts, and Outside Counsel of Record (and their support staffs).

26    2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery

27 Material in this action.

28    2.12    Professional Vendors:  persons or entities that provide litigation support services

1  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

2  storing, or retrieving data in any form or medium) and their employees and subcontractors.

3        2.13    Protected Material:  any Disclosure or Discovery Material that is designated as

4  "CONFIDENTIAL."

5        2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a

6  Producing Party.

7        ~~2.15    Represented Individuals: persons who are represented by an attorney or who have~~

8  ~~requested legal advice or assistance from the EEOC in connection with this lawsuit, all putative~~

9  ~~aggrieved individuals in this lawsuit, *i.e.*, Black employees who worked at Tesla's manufacturing~~

10 ~~facilities in Fremont, California since May 29, 2015 (*see* ECF 1, pg. 1-2), unless and until they assert~~

11 ~~that they do not wish to join the EEOC's case, current or former employees who Tesla's counsel~~

12 ~~represents, and current or former Tesla managers concerning any information they may have~~

13 ~~obtained through privileged means.~~

> **Commented [A1]:** EEOC proposed addition, which Tesla opposes

14        2.15    Tesla's Confidentiality Designation Representative(s): those individual(s) who Tesla

15 identifies as being responsible for responding to EEOC's requests that Tesla clarify confidentiality

16 designations made in documents produced by Tesla in accordance with the Court's Pretrial Order

17 No. 1 [ECF 52], as described in Section 6.1.

18 **3.    SCOPE**

19        The protections conferred by this Stipulation and Order cover not only Protected Material (as

20 defined above), but also (1) any information copied or extracted from Protected Material; (2) all

21 copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

22 conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

23 However, the protections conferred by this Stipulation and Order do not cover the following

24 information: (a) any information that is in the public domain at the time of disclosure to a Receiving

25 Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

26 publication not involving a violation of this Order, including becoming part of the public record

27 through trial or otherwise; and (b) any information known to the Receiving Party prior to the

28 disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the

1    information lawfully and under no obligation of confidentiality to the Designating Party. Any use of

2    Protected Material at trial shall be governed by a separate agreement or order.  In the event that

3    additional Parties join or are joined in this litigation, they shall not have access to Protected Material

4    pursuant to this Order until any such Party has executed and, at the request of any Party, filed with

5    the Court, their agreement to be bound by this Order, except as otherwise ordered by the court.

6    **4.    DURATION**

7            Even after final disposition of this litigation, the confidentiality obligations imposed by this

8    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

9    otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

10   defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

11   and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

12   time limits for filing any motions or applications for extension of time pursuant to applicable law.

13   **5.    DESIGNATING PROTECTED MATERIAL**

14           5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or

15   Non-Party that designates information or items for protection under this Order must take care to

16   limit any such designation to specific material that qualifies under the appropriate standards. The

17   Designating Party must designate for protection only those parts of material, documents, items, or

18   oral or written communications that qualify – so that other portions of the material, documents,

19   items, or communications for which protection is not warranted are not swept unjustifiably within

20   the ambit of this Order.

21           Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

22   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

23   encumber or retard the case development process or to impose unnecessary expenses and burdens on

24   other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's

25   attention that information or items that it designated for protection do not qualify for protection, that

26   Designating Party must promptly notify all other Parties that it is withdrawing the mistaken

27   designation.

28           5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order

1    (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

2    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

3    designated before the material is disclosed or produced.

4    ~~Designation~~For all discovery productions, except material produced in accordance with the

5    Court's Pretrial Order No. 1 [ECF 52] and July 17, 2024, Minute Order [ECF 57], designation in

6    conformity with this Order requires:

7            (a)    for information in documentary form (e.g., paper or electronic documents, but

8    excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

9    affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion

10   or portions of the material on a page qualifies for protection, the Producing Party also must clearly

11   identify the protected portion(s) (e.g., by making appropriate markings in the margins or adding a

12   border around the protected portions). A Party or Non-Party that makes original documents or

13   materials available for inspection need not designate them for protection until after the inspecting

14   Party has indicated which material it would like copied and produced. During the inspection and

15   before the designation, all of the material made available for inspection shall be deemed

16   "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and

17   produced, the Producing Party must determine which documents, or portions thereof, qualify for

18   protection under this Order. Then, before producing the specified documents, the Producing Party

19   must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. ~~material.~~ If

20   only a portion or portions of the material on a page qualifies for protection, the Producing Party also

21   must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins

22   or adding a border around the protected portions).

23           (b)    for testimony given in deposition or in other pretrial or trial proceedings, that

24   the Designating Party identify on the record, before the close of the deposition, hearing, or other

25   proceeding, all protected testimony and provide instructions to (i) designate the cover of the

26   transcript of "CONFIDENTIAL," or (ii) designate specific pages as "CONFIDENTIAL" and serving

27   such designations within thirty (30) days of receipt of the transcript in which the designations are

28   made.

1    (c)    for information produced in some form other than documentary and for any

2    other tangible items, that the Producing Party affix in a prominent place on the exterior of the

3    container or containers in which the information or item is stored the legend "CONFIDENTIAL." If

4    only a portion or portions of the information or item warrant protection, the Producing Party, to the

5    extent practicable, shall identify the protected portion(s).

6    (d)    for responses to discovery requests, the pages of such responses containing

7    "Protected Material" or information shall be marked "CONFIDENTIAL," and the first page of the

8    responses shall bear a legend substantially stating that "This Documents Contains

9    'CONFIDENTIAL Material.'"

10    5.3    Inadvertent Failures to Designate.  Unless otherwise specified or addressed by a

11    separate stipulation or order, if corrected as soon as practicable after discovery, an inadvertent failure

12    to designate qualified information or items does not, standing alone, waive the Designating Party's

13    right to secure protection under this Order for such material. Upon timely correction of a

14    designation, the Receiving Party must make reasonable efforts to assure that the material is treated in

15    accordance with the provisions of this Order.

16    **6.    CLARIFYING OR CHALLENGING CONFIDENTIALITY DESIGNATIONS**

17    6.16.1  Clarifying Confidentiality Designations. EEOC may request, at any time, that Tesla's

18    Confidentiality Representative(s) clarify whether a confidentiality designation made as to a page or

19    pages of a document produced by Tesla in accordance with the Court's Pretrial Order No. 1 [ECF

20    52] applies to all or a portion of the page designated confidential. Within 48 hours of such a request,

21    Tesla's Confidentiality Representative(s) shall confirm whether the confidentiality designations

22    apply to all or only a portion of the page or pages identified by EEOC and, if the latter, Tesla's

23    Confidentiality Representative(s) shall specify the protected portions of the subject page or pages.

24    Within 10 days thereafter, if Tesla confirms that confidentiality designations apply to only a portion

25    or portions of the page or pages identified by EEOC, Tesla shall produce a revised copy of the

26    documents containing the subject page or pages, identifying the protected portion(s) in accordance

27    with Section 5.2. Tesla shall assign the same Bates numbers, adding an appropriate suffix, to the

28    revised documents.

1        6.2      Timing of Challenges.  Any Party or Non-Party may challenge a designation of

2  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

3  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens,

4  or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

5  confidentiality designation by electing not to mount a challenge promptly after the original

6  designation is disclosed.

7        6.~~2~~3     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process

8  by providing written notice of each designation it is challenging and describing the basis for each

9  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

10  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

11  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

12  begin the process by conferring directly (in voice to voice dialogue; other forms of communication

13  are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

14  Party must explain the basis for its belief that the confidentiality designation was not proper and

15  must give the Designating Party an opportunity to review the designated material, to reconsider the

16  circumstances, and, if no change in designation is offered, to explain the basis for the chosen

17  designation. A Challenging Party may proceed to the next stage of the challenge process only if it

18  has engaged in this meet and confer process first or establishes that the Designating Party is

19  unwilling to participate in the meet and confer process in a timely manner.

20        6.~~3~~4     Judicial Intervention.  If the Parties cannot resolve a challenge without court

21  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

22  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

23  initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

24  will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

25  competent declaration affirming that the movant has complied with the meet and confer

26  requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

27  motion including the required declaration within 21 days (or 14 days, if applicable) shall

28  automatically waive the confidentiality designation for each challenged designation. In addition, the

1    Challenging Party may file a motion challenging a confidentiality designation at any time if there is

2    good cause for doing so, including a challenge to the designation of a deposition transcript or any

3    portions thereof. Any motion brought pursuant to this provision must be accompanied by a

4    competent declaration affirming that the movant has complied with the meet and confer

5    requirements imposed by the preceding paragraph.

6         The burden of persuasion in any such challenge proceeding shall be on the Designating

7    Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

8    unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

9    Unless the Designating Party has waived the confidentiality designation by failing to file a motion to

10   retain confidentiality as described above, all parties shall continue to afford the material in question

11   the level of protection to which it is entitled under the Producing Party's designation until the court

12   rules on the challenge.

13   **7.       ACCESS TO AND USE OF PROTECTED MATERIAL**

14        7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or

15   produced by another Party or by a Non-Party in connection with this case only for prosecuting,

16   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

17   the categories of persons and under the conditions described in this Order. When the litigation has

18   been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL

19   DISPOSITION).

20        Protected Material must be stored and maintained by a Receiving Party at a location and in a

21   secure manner that ensures that access is limited to the persons authorized under this Order.

22        The EEOC may use any information designated confidential in furtherance of its

23   enforcement activities in any other matter in which the party designating such information as

24   confidential has been named as a party, but only to the extent EEOC is permitted by law to use such

25   confidential information in such a manner notwithstanding other provisions of this Order. But the

26   EEOC must treat such information as confidential until such time as the confidential treatment

27   expires under this Order, is withdrawn either by agreement of the parties or by court order.

28        7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Nothing contained in this

1    Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the

2    court any Confidential Information, provided that reasonable notice of the intended use of such

3    material shall be given to all counsel of record in order to enable the parties to arrange for

4    appropriate safeguards including, but not limited to, seeking a court order authorizing the sealing of

5    the specific Confidential Information at issue.  Likewise, nothing in this Protective Order shall be

6    dispositive of any issues of relevance, discoverability, or admissibility.  Additionally, Tesla's

7    production to EEOC of documents previously produced in the CRD and Vaughn Cases does not

8    waive or abrogate any rights or obligations existing under the protective orders in force in those

9    cases.

10          Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

11   Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

12          (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

13   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

14   information for this litigation and who have signed the "Acknowledgment and Agreement to Be

15   Bound" that is attached hereto as Exhibit A;

16          (b)     the officers, directors, and employees (including House Counsel) of the

17   Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

18   the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19          (c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure

20   is reasonably necessary for this litigation and who have signed the "Acknowledgment and

21   Agreement to Be Bound" (Exhibit A);

22          (d)     the court and its personnel;

23          (e)     deposition and court reporters and their staff, professional jury or trial

24   consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for

25   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26          (f)     during their depositions, witnesses in the action, and their counsel, to whom

27   disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

28   Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages

1    of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

2    separately bound by the court reporter and may not be disclosed to anyone except as permitted under

3    this Stipulated Protective Order;

4           (g)     any witnesses, potential witnesses, and informants in the proceeding, and their

5    counsel, to whom disclosure is reasonably necessary for this litigation and who have signed the

6    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7           (h)     intervenors or aggrieved persons on whose behalf EEOC is seeking monetary

8    relief in this proceeding, and their counsel, to whom disclosure is reasonably necessary for this

9    litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

10           (i)     the author or recipient of a document containing the information or a

11    custodian or other person who otherwise possessed or knew the information.

12    ~~(j)     the counsel of record in *Department of Fair Employment and Housing v.*~~

13    ~~*Tesla, Inc.*, Alameda County Superior Court No. 22CV006830 (CRD Case), and *Vaughn, et al. v.*~~

14    ~~*Tesla, Inc., et al.*, Alameda County Superior Court No. RG 17882082 (Vaughn Case), and their staff~~

15    ~~who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).~~

> **Commented [A2]:** EEOC proposes addition, which Tesla opposes.

16    ~~For Discovery Material that has in identical form been protected from disclosure by court order~~

17    ~~in the Vaughn Case or CRD Case, any person who obtains such Discovery Material from a Receiving~~

18    ~~Party and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),~~

19    ~~specifically agrees that they will not use or disclose this Discovery Material for any other purpose than~~

20    ~~prosecuting, defending, or attempting to settle the litigation in the above-captioned case.~~

> **Commented [A3]:** Tesla proposes addition, which EEOC opposes.

21    Documents that are confidential only on the basis of containing PII, may be used in discovery

22    and filed as long as the portions containing the PII are redacted.

23    **8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER**

24    **LITIGATION**

25    If a Party is served with a subpoena or a court order issued in other litigation that compels

26    disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

27    must:

28           (a)     promptly notify in writing the Designating Party. Such notification shall

1   include a copy of the subpoena or court order;

2         (b)     promptly notify in writing the party who caused the subpoena or order to issue

3   in the other litigation that some or all of the material covered by the subpoena or order is subject to

4   this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

5         (c)     cooperate with respect to all reasonable procedures sought to be pursued by

6   the Designating Party whose Protected Material may be affected.

7         If the Designating Party timely seeks a protective order, the Party served with the subpoena

8   or court order shall not produce any information designated in this action as "CONFIDENTIAL"

9   before a determination by the court from which the subpoena or order issued, unless the Party has

10  obtained the Designating Party's permission. The Designating Party shall bear the burden and

11  expense of seeking protection in that court of its confidential material – and nothing in these

12  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

13  disobey a lawful directive from another court.

14  **9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**
           **THIS LITIGATION**
15

16        (a)     The terms of this Order are applicable to information produced by a Non-

17  Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-

18  Parties in connection with this litigation is protected by the remedies and relief provided by this

19  Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

20  additional protections.

21        (b)     In the event that a Party is required, by a valid discovery request, to produce a

22  Non-Party's confidential information in its possession, and the Party is subject to an agreement with

23  the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

24             (1)     promptly notify in writing the Requesting Party and the Non-Party that

25                     some or all of the information requested is subject to a confidentiality

26                     agreement with a Non-Party;

27             (2)     promptly provide the Non-Party with a copy of the Stipulated

28                     Protective Order in this litigation, the relevant discovery request(s),

and a reasonably specific description of the information requested; and

(3)    make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.  Unless otherwise specified or addressed by a separate stipulation or order, when a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision also applies to any inadvertent disclosure by Tesla of documents or information produced by other parties in the CRD Case and Vaughn Case and protected from disclosure by the protective

1   orders in those proceedings. This provision is not intended to modify whatever procedure may be

2   established in an e-discovery order that provides for production without prior privilege review.

3   Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the

4   effect of disclosure of a communication or information covered by the attorney-client privilege or

5   work product protection, the parties may incorporate their agreement in the stipulated protective

6   order submitted to the court.

7   **12.     MISCELLANEOUS**

8         12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

9   its modification by the court in the future.

10        12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

11  no Party waives any right it otherwise would have to object to disclosing or producing any

12  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

13  Party waives any right to object on any ground to use in evidence of any of the material covered by

14  this Protective Order.

15        12.3    Filing Protected Material. Without written permission from the Designating Party or a

16  court order secured after appropriate notice to all interested persons, a Party may not file in the

17  public record in this action any Protected Material, unless the Protected Materials encompass only

18  information addressed in Federal Rule of Civil Procedure 5.2 or PII, in which case a Party may file

19  such materials after redacting the Protected Material. A Party that seeks to file under seal any

20  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

21  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

22  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing

23  that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to

24  protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant

25  to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information

26  in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

27        12.4    Barring *Ex Parte* Communications. Unless otherwise addressed by a separate

28  stipulation or court order, or with permission from their representative, no Party's counsel may,

[PROPOSED] STIPULATED PROTECTIVE ORDER              13                          3:23-cv-04984-JSC

directly or indirectly, communicate informally or *ex parte* with Represented Individuals. Upon a Party learning that it has engaged in Ex Parte Communications with a Represented Individual, that Party shall promptly cease the communication, notify the Represented Individual's representative, and provide the date and summary of the communication and, where one exists, a copy of any written communication to or from the Represented Individual.

**Commented [A4]:** EEOC proposes addition, which Tesla opposes.

13.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

The entry of this Protective Order should not be interpreted as limiting or overriding the Equal Employment Opportunity Commission's obligation to maintain copies of its files pursuant to and in accordance with the Federal Records Act. *See* 44 U.S.C. § 3301.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  July 17, 2024

ROBERTA STEELE                                          KARLA GILBRIDE
Regional Attorney                                          General Counsel

1   MARCIA L. MITCHELL                          CHRISTOPHER LAGE
    Assistant Regional Trial Attorney            Deputy General Counsel
2   JAMES H. BAKER                               Office of the General Counsel
    Senior Trial Attorney                        131 M Street, N.E.
3                                                Washington, D.C. 20507
    KENA C. CADOR
4   Trial Attorney

5
    BY:  /s/  James H. Baker
6        James H. Baker
         U.S. EQUAL EMPLOYMENT
7        OPPORTUNITY COMMISSION
         San Francisco District Office
8        450 Golden Gate Ave., 5th Floor West
         P.O. Box 36025
9        San Francisco, CA 94102
         Telephone (650) 684-0950
10       james.baker@eeoc.gov
                        *Attorneys for Plaintiff EEOC*
11

12
    BY:  /s/  Thomas E. Hill
13       Thomas E. Hill
         thomas.hill@hklaw.com
14       Christina T. Tellado
         christina.tellado@hklaw.com
15       HOLLAND & KNIGHT LLP
         400 South Hope Street, 8th Floor
16       Los Angeles, California 90071
         Telephone: (213) 896-2400
17       Facsimile: (213) 896-2450
                        *Attorneys for Defendant Tesla Inc.*
18

19

20  PURSUANT TO STIPULATION, **IT IS SO ORDERED**.

21

22   Dated:  _____

23                        HON. JACQUELIN S. CORLEY
                           UNITED STATES DISTRICT JUDGE
24

25

26

27              **LOCAL RULE 5-1(i)(3) ATTESTATION**

28       I, James H. Baker, am the ECF User whose ID and password are being used to file this

[PROPOSED] STIPULATED PROTECTIVE ORDER          15                    3:23-cv-04984-JSC

1    document. In compliance with Local Rule 5-1(i)(3), I hereby attest that Thomas E. Hill concurs in
     this filing.

2

3           Dated: July 17, 2024                      */s/ James H. Baker*
                                                James H. Baker, Senior Trial Attorney
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Northern District of California on [date] in the case of _____ **[insert formal name of the**

**case and the number and initials assigned to it by the court]**. I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related

to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

[PROPOSED] STIPULATED PROTECTIVE ORDER          17                    3:23-cv-04984-JSC