ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER JR, SBN 291836 (CA)
KENA C. CADOR, SBN 321094 (CA).
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

CHRISTINA T. TELLADO, SBN 298597 (CA)
MARY VU, SBN 323088 (CA)
POLSINELLI LLP
20249 Century Park East
Suite 2900
Los Angeles, CA 90067
Telephone (310)-556-1801
Fax No. (310)-556-1802
ttellado@polsinelli.com
mvu@polsinelli.com

*Attorneys for Defendant TESLA, INC.*

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.<br><br>Defendant. | Case No.: 3:23-cv-04984-JSC<br><br>**UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

SARA A. BEGLEY (*admitted pro hac vice*)
POLSINELLI LLP
Three Logan Square
1717 Arch St, Suite 2800
Philadelphia, PA 19103
Telephone: 215-267-3001
Facsimile: 215-267-3002
sbegley@polsinelli.com

RAYMOND A. CARDOZO, SBN 173263 (CA)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone No. (415) 543-8700
Fax No. (415) 391-8269
rcardozo@reedsmith.com

TYREE P. JONES JR., SBN 127631 (CA)
REED SMITH LLP
1301 K Street, N.W., Suite 1000
Washington, DC  20005-3317
Telephone No. (202) 414-9200
Fax No. (202) 414-9299
tpjones@reedsmith.com

*Attorneys for Defendant TESLA, INC*.

Pursuant to the Court's Pretrial Order No. 1 (ECF 52), Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) and Defendant Tesla, Inc. (Tesla), (collectively, the parties), hereby submit the following Updated Joint Case Management Conference (CMC) Statement.

**1. Summary of Claims**

    **a. EEOC's Position**

This is a civil enforcement action brought in the public interest by the EEOC under Title VII. The EEOC alleges that since May 29, 2015, Tesla has subjected Black employees at its manufacturing hub in Fremont, California (Fremont Factory) to severe or pervasive racial harassment and has created and maintained a hostile work environment because of their race in a continuing violation of Title VII. The EEOC alleges that Black employees faced frequent and offensive, race-based misconduct, including racial slurs such as the N-Word, and other race-based slurs, insults, taunts, and stereotyping, as well as prevalent displays of racist imagery and graffiti. The EEOC further alleges that: 1) Tesla's management and/or human resources employees knew or should have known of the harassment and/or racially hostile work environment, 2) Tesla failed to take appropriate actions to prevent or promptly correct the harassment and/or racially hostile work environment, and 3) Tesla unlawfully retaliated against Black employees who opposed actions they perceived to constitute unlawful employment discrimination, also in violation of Title VII. These unlawful employment practices caused Black employees to suffer damages, including emotional distress and lost wages.

    **b. Tesla's Position**

Tesla denies EEOC's allegations of race-based discrimination, harassment and retaliation, and denies having failed to take action to prevent or correct unlawful discrimination, harassment or retaliation at its Fremont plant. Tesla highly values the diverse workforce that it has attracted to its Fremont plant, and is proud to provide well-paying, industry-leading jobs to its Fremont workforce. EEOC's allegation that race-based harassment and retaliation have been "pervasive" and "ongoing" at the Fremont plant since 2015 is false, and belied by the declarations of hundreds of Black employees filed in a concurrent state court action in which similarly baseless claims are alleged. Throughout the entire period covered by EEOC's Complaint, Tesla's has maintained anti-harassment

and -discrimination policies that confirm Tesla's commitment to providing a workplace that is free from unlawful discrimination and harassment. Tesla has also maintained robust systems and processes for employees to report what they perceive to be unlawful conduct, and for Tesla to respond effectively and appropriately to such reports.

**2.    Legal Issues**

    **a.    EEOC's Position**

The key disputed legal issues raised by the EEOC's Complaint and Tesla's Answer are whether:

    i.    Tesla violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) (Title VII).

    ii.    Black employees faced race-based misconduct.

    iii.    Black employees found any such race-based misconduct offensive.

    iv.    The race-based misconduct experienced by Black employees was sufficiently severe or pervasive to alter the terms and conditions of their employment with Telsa and did so.

    v.    Tesla's management or human resources employees knew or should have known of the harassment and/or racially hostile work environment.

    vi.    Tesla failed to take appropriate actions to prevent or promptly correct the harassment and/or racially hostile work environment.

    vii.    Black employees engaged in protected activity by opposing race-based misconduct and were subjected to adverse employment actions for engaging in such protective activity.

    viii.    The adversely affected Black employees suffered damages, including emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, back pay, and out-of-pocket expenses pursuant to Sections 706 of Title VII, Section, 42 U.S.C. §2000e-5, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

      ix.    The adversely affected Black employees are entitled to affirmative relief, including but not limited to back pay, reinstatement, front pay, and interest.

      x.    The EEOC is entitled to injunctive relief, including permanent injunctions enjoining Tesla from engaging in unlawful employment practices that discriminate based on race.

      xi.    The alleged unlawful employment practices were done with malice or in reckless indifference to the federally protected rights of the Tesla's Black employees warranting an award of punitive damages.

      xii.    To what extent there is factual support for Tesla's remaining affirmative defenses.

    **b.**    **Tesla's Position**

In addition to what EEOC has outlined above in Section 2.a, EEOC's Complaint and Tesla's Answer raise the following key legal issues:

As to every purportedly aggrieved individual on whose behalf EEOC seeks monetary relief for a hostile work environment or retaliation on the basis of race:

      i.    Whether the aggrieved individual is a Tesla "employee" under Title VII.

      ii.    Whether Tesla took reasonable care to prevent and promptly correct any unlawful race discrimination or harassment, and whether the aggrieved individual failed to take advantage of any preventative or corrective opportunities that Tesla provided.

      iii.    Whether the aggrieved individual engaged in a protected activity by opposing or objecting to unlawful race discrimination or harassment, and whether the individual suffered an adverse employment decision because of his or her opposition or objection to unlawful race discrimination or harassment.

      iv.    Whether the aggrieved individual experienced at least one instance of unlawful retaliation or race discrimination or harassment within the 300-day statutory period before the EEOC filed its Charge in May 2019 (i.e., since August 2018).

    v.  Whether EEOC disclosed (or Tesla reasonably had notice of) and investigated the factual predicates of the unlawful race discrimination, harassment and/or retaliation claims it alleges in the Complaint.

    vi.  Whether Tesla is entitled to attorney's fees as a prevailing party.

**3. Motions**

There are no pending motions. Tesla previously filed motions to dismiss the Complaint and to stay the lawsuit, both of which the Court denied. *See* ECF 43. The parties also submitted a Joint Discovery Dispute Letter concerning their stipulated Protective Order, which the Court resolved. *See* ECF 57 & ECF 59.

The parties anticipate and/or are considering filing motions to bifurcate trial or discovery, for summary judgment and/or summary adjudication of certain issues.

**4. Amendment of Pleadings**

Neither party moved to amend their pleadings before the July 11, 2024, deadline set by the Court. *See* ECF 52.

**5. Evidence Preservation**

The parties previously identified EEOC Assistant General Counsel (Technology), Maria Salacuse, and Holland & Knight LLP eDiscovery Senior Project Manager, Arnulfo Flores, as their respective E-Discovery Liaisons for this case. Considering Holland & Knight LLP has withdrawn as counsel of records, Tesla now identifies David Cohen of Reed Smith as its new E-Discovery Liaison. The parties' initial ESI Protocol focused on matters directly applicable to their Initial Disclosures, including production formatting and metadata. The parties are in the process of negotiating the supplemental ESI protocol that will address issues of ESI sources, relevant custodians, document searches and review, and privilege log exclusions. *See* ECF 50 at p. 8.

The parties request a deadline to submit the ESI Protocol, or any related disputes, to the Court within 60 days from the Court's CMC order.

**6. Disclosures**

The parties exchanged documents on July 23, 2024, in accordance with the Court's Pretrial Order No. 1. *See* ECF 52.

**7.     Discovery**

   **a.   Status**

The parties have not begun formal discovery beyond the document exchange previously ordered by the Court (*see* ECF 52), although EEOC intends to serve an initial set of discovery, including for supplementation of the list of current and former Black employees at the Fremont Factory before the Case Management Conference. Tesla also reserves the right to serve a limited initial set of discovery in advance of the Case Management Conference. The parties are in the process of negotiating the supplemental ESI protocol that will address issues of ESI sources, relevant custodians, document searches and review, and privilege log exclusions with a goal of finalizing these documents no later than 60 days from the Court's CMC order. *See* Section 5, *supra*.

   **b.   Discovery Plan Proposals**

   a.   Initial Fact Discovery Period

Since the EEOC filed this lawsuit, over 1,000 Black current and former employees at the Fremont Factory have informed the EEOC of their desire to seek legal advice and assistance from the EEOC in connection with this case (Potential Aggrieved Individuals). *See* EEOC-Tesla_0039837-60.[1] This number is likely to grow after the EEOC obtains supplemental employee data, including last-known contact information, job title(s), department(s), supervisor(s) for each department, dates of employment, including in each department, reason for separation, if any, for Tesla's Black Employees. *See* ECF 1, p. 1-2.

As such, the parties agree on the need for a phased factual discovery rollout that will reasonably balance their respective discovery needs with the discovery burdens of a case involving a large workforce. The parties anticipate at least two phases. The first phase (Initial Fact Discovery Period) would last 18-months. During this period, both parties would generally engage in formal

---

[1] During the underlying investigation, EEOC obtained contact information for Black employees at the Fremont Facility predating Fall 2020. The EEOC has thus far not received a list of potential aggrieved individuals covering the period from Fall 2020 to the present. The EEOC will serve Tesla with discovery requesting this information before the Case Management Conference. The discovery will also request that Tesla produce all transcripts from depositions taken in the *CRD* and *Vaughn* cases, which were not produced in July with Tesla's initial disclosures. Tesla also reserves the right to serve the EEOC with limited discovery requests in advance of the Case Management Conference. As discussed above, the parties agree that due to the voluminous nature of the responses to the anticipated discovery requests of both parties, the parties will meet and confer as may be necessary concerning the 30-day response period set forth in the Federal Rules of Civil Procedure 33 and 34.

written discovery and depositions concerning their respective claims and defenses. By way of illustrative example, the EEOC plans to seek discovery regarding Tesla's EEO policies and practices, complaint reporting procedures, and evidence of complaints, formal and informal, of race harassment and/or retaliation. Tesla plans to seek discovery regarding the potentially aggrieved individuals and/or any other employee with claims against Tesla, as well as information regarding the EEOC's investigation of same.

Given the number of Potential Aggrieved Individuals, the parties propose modifying the discovery rules with respect to them during the Initial Fact Discovery Period (discussed *infra*). The parties also propose forgoing formal expert discovery during the Initial Fact Discovery Period. The parties anticipate reassessing the litigation at the end of the Initial Fact Discovery Period, at which time they will have a better understanding of their respective claims and defenses, and be better positioned to brief the Court on their proposal(s) for completing fact and expert discovery and resolving any subjects that may aid the Court in narrowing issues and managing the case through trial, such as the appropriateness of bifurcation, the timing of dispositive motions, models of proof, etc.

### b. Discovery Limitations

####  i. Protocol Governing Discovery Concerning Potential Aggrieved Individuals.

The parties propose limiting discovery during the Initial Fact Discovery period concerning Potential Aggrieved Individuals to a subset of the Black Fremont Factory employees who have now, or will have at some time in the future, informed EEOC of their interest in participating in this lawsuit. The parties have not yet ironed out a process, but agree in principal that it will be critical to establish a balanced protocol that is fair to both parties and that limits the scope and amount of discovery concerning Potential Aggrieved Individuals (AI Protocol). The Protocol would dictate the 1) size of the subset, i.e. number of persons selected, 2) when and how they would be selected, 3) the information that the parties would produce concerning the subset, which would include from Tesla certain personnel records, complaint/investigation records, if any, the identity of managers, etc., and from the EEOC any information already in the EEOC's possession concerning the selected individuals

to the extent it has not already produced that information, 4) as well as the deadlines for each disclosure.[2]

This limitation would only apply during the Initial Fact Discovery Period, as the parties will need to engage in additional fact discovery concerning the aggrieved individuals and other witnesses during the next phase of discovery.

The parties intend to submit their Proposed AI Protocol and/or a Joint Discovery Dispute Letter to the Court for adjudication within 35 days of the Court's CMC Order.

### ii. Other Proposed Discovery Limitations

#### 1. Depositions

The parties agree to be held by the ten (10) deposition limit imposed by Rule 30 during the Initial Fact of Discovery Period. Given the size of this case, the parties recognize that they will eventually need to take additional depositions to complete fact and expert discovery before trial. But the parties anticipate addressing the need for additional discovery at the end of the Initial Fact Discovery Period.

#### 2. Written Discovery

The parties do not, for now, propose any other modifications to the standard discovery rules, e.g., Fed. R. Civ. Pro. 33, 34 and 36, beyond the anticipated AI Protocol governing discovery on Potential Aggrieved Individuals (discussed *supra*).
During this initial phase, the parties recommend recurring Case Management Conferences with the Court at least every 60 days to resolve any outstanding disputes and to apprise the Court of the progress of discovery.

#### 3. Stipulated Protective Order

The parties agree that all discovery will be conducted subject to the parties' previously negotiated Stipulated Protective Order.

---

[2] The EEOC also anticipates that the parties will meet and confer to negotiate the extent to which they can engage in additional discovery in the event that they choose to use one of their 10 depositions to depose a Potential Aggrieved Individual during the Initial Fact Discovery Period.

| PROPOSED SCHEDULE FOR INITIAL FACT DISCOVERY | |
|---|---|
| **October 31, 2024 (35 Days after the September 26, 2024, Case Management Conference)** | File Protocol Regarding Disclosure of Employment Data for Potential Aggrieved Individuals or submit Joint Letter on Dispute. |
| **November 26, 2024 (60 Days after the September 26, 2024, Case Management Conference)** | Deadline to:<br>　i.　File Supplemental ESI Protocol or Proposed Order or Joint Letter on Dispute. |
| **Case Management Conference** | December 5, 2024, or as soon thereafter as may be practicable, and recurring every 60 days. |
| **March 20, 2026** | End of Initial Fact Discovery Period |

**8.　Class Actions**

　　This case is not a class action and the Procedural Guidance for Class Action Settlements is inapplicable.

**9.　Related Cases**

　　**a.　EEOC's Position**

　　The EEOC reiterates that no other cases meet the standard for a related case under Local Rule 3-12(a), which requires the related case to contain "substantially the same parties, property, transaction, or event." The parties and the Court are, of course, aware of the *Vaughn* and *CRD* cases and the EEOC will endeavor to avoid duplicating discovery in those cases to the extent it can.

　　**b.　Tesla's Position**

　　Under Local Rule 3-12(a)'s definition, the following are related cases to this action: (1)

*Department of Fair Employment and Housing v. Tesla, Inc.*, Alameda County Superior Court No. 22CV006830; and (2) *Vaughn, et al. v. Tesla, Inc., et al.*, Alameda County Superior Court No. RG 17882082.

**10.   Relief**

    **a.   EEOC's Position**

The EEOC detailed the relief it seeks in its Complaint. *See* ECF 1, pg. 8-9. The relief includes permanent injunctions against further discrimination, an order for Tesla to institute and implement policies, practices, and programs as may be necessary to afford equal employment opportunities for Black employees and to eradicate any prior discrimination. *Id.* The EEOC also seeks monetary damages, including for back pay and pecuniary and non-pecuniary losses, such as emotional distress for aggrieved individuals and punitive damages. *Id*. While the exact computation of monetary damages is currently uncertain, Title VII claims are subject to a $300,000 statutory cap on compensatory and punitive damages per aggrieved individual. *See* 42 U.S.C. § 1981a(b).

    **b.   Tesla's Position**

Tesla believes that EEOC is not entitled to any relief and reserves the right to seek costs and fees from the EEOC, *see* 42 U.S.C. § 2000e-5(k). Given the vague nature of EEOC's allegations, and the failure to identify any particularized facts regarding any identified employees, Tesla cannot provide a description of the bases for any potential damages calculations at this time.

**11.   Settlement and ADR**

The parties previously engaged in confidential, conciliation negotiations prior to the filing of this lawsuit, pursuant to 42 U.S.C. § 2000e-5(b). The parties believe that additional discovery and/or motions practice continues to be needed before conducting additional ADR or proposing an ADR plan in accordance with ADR L.R. 3-5. Therefore, the parties request that the Court set May 26, 2025, as the deadline for the parties to revisit selection of an ADR process and, if appropriate, to propose an appropriate deadline for completion of ADR.

**12.   Other References**

The parties agree that this case is not suitable for referral to binding arbitration or the Judicial Panel on Multidistrict Litigation. Although in May 2024 the parties represented that a special master

was not necessary, the anticipated discovery the parties have discussed to date, and the appointment of a discovery referee in the *CRD* and *Vaughn* cases, leads Tesla to reserve the right to request a special master if necessary at a later date. The EEOC continues to believe that this case is not suitable for referral to a special master and would oppose Tesla's request.

**13.   Stipulated Narrowing of Any Issues**

Please see the parties' proposals regarding the Discovery Plan, at Section 7, *supra*.

**14.   Scheduling**

Please see the parties' proposals regarding the Discovery Plan, at Section 7, *supra*.

**15.   Trial**

The parties believe that it is currently premature to determine the length of a trial on any of the issues in this case. The parties anticipate that they will be able to further inform the Court about the timing of a trial when they present their Discovery Plan[s]. *See* Section 7, *supra*.

**16.   Disclosure of Non-Party Interested Entities or Persons**

The EEOC is not subject to the disclosure requirements of L.R. 3-15(a). Tesla filed its disclosure statement on December 26, 2023 (ECF 25).

**17.   Professional Conduct**

  **a.   EEOC**

The EEOC previously confirmed that its attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

  **b.   Tesla**

Tesla confirms that its attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**18.   Such other matters as may facilitate the just, speedy, and inexpensive disposition of this matter**

  **a.   Privilege**

The parties are negotiating whether certain categories of documents need not be included on a privilege log.

      **b.**      **Electronic Service**

The parties stipulate to electronic service, with documents being deemed timely served if they are emailed to the parties' attorneys of record and to their respective email lists (below) on or before the date that the documents would otherwise be due to be served.

      i.      EEOC's Current Email List:

            (a)      James.baker@eeoc.gov

            (b)      Kena.cador@eeoc.gov

            (c)      Roberta.steele@eeoc.gov

            (d)      Marcia.mitchell@eeoc.gov

            (e)      SFDO_tesla@eeoc.gov

      ii.      Tesla Email List:

            (a)      sbegley@polsinelli.com

            (b)      ttellado@polsinelli.com

            (c)      mvu@polsinelli.com

            (d)      Rcardozo@reedsmith.com

            (e)      tpjones@reedsmith.com

Dated: September 19, 2024

| | |
|---|---|
| ROBERTA STEELE<br>Regional Attorney | KARLA GILBRIDE<br>General Counsel |
| MARCIA L. MITCHELL<br>Assistant Regional Trial Attorney | CHRISTOPHER LAGE<br>Deputy General Counsel |
| JAMES H. BAKER<br>Senior Trial Attorney | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |
| KENA C. CADOR<br>Trial Attorney | |

BY:   /s/ *James H. Baker*
      James H. Baker
      U.S. EQUAL EMPLOYMENT
      OPPORTUNITY COMMISSION
      San Francisco District Office
      450 Golden Gate Ave., 5th Floor West
      P.O. Box 36025
      San Francisco, CA 94102

Telephone (650) 684-0950
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

BY: <u>/s/      Tyree P. Jones Jr.</u>
Tyree P. Jones Jr.
REED SMITH LLP
1301 K Street, N.W., Suite 1000
Washington, DC  20005-3317
Telephone No. (202) 414-9200
Fax No. (202) 414-9299
tpjones@reedsmith.com

*Attorneys for Defendant Tesla Inc.*

## LOCAL RULE 5-1(i)(3) ATTESTATION

I, James H. Baker, am the ECF User whose ID and password are being used to file the Joint Case Management Conference Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that Tyree P. Jones concurs in this filing.

Dated: September 19, 2024         <u>/s/ James H. Baker</u>
                                   James H. Baker, Senior Trial Attorney