Roberta L. Steele, SBN 188198 (CA)
Marcia L. Mitchell, SBN 18122 (WA)
James H. Baker, JR, SBN 291836 (CA)
Mariko Ashley, SBN 311897 (CA)
Kena C. Cador, SBN 321094 (CA)
U.S. Equal Employment Opportunity Commission
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

Christina T. Tellado (SBN 298597)
ttellado@polsinelli.com
Mary Vu (SBN 323088)
mvu@polsinelli.com
POLSINELLI LLP
2049 Century Park East Suite 2900 Los Angeles, CA 90067
Telephone: 310-556-1801
Facsimile: 310-556-1802

*Attorneys for Defendant TESLA, INC.*

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.<br><br>Defendant. | Case No.: 3:23-cv-04984-JSC<br><br>**JOINT STIPULATION AND PROPOSED ORDER REGARDING A PROTOCOL TO LIMIT DISCOVERY FOR POTENTIALLY AGGRIEVED INDIVIDUALS** |

Sara A. Begley (*admitted pro hac vice*)
sbegley@polsinelli.com
POLSINELLI
Three Logan Square 1717 Arch St, Suite 2800
Philadelphia, PA 19103
Telephone: 215-267-3001
Facsimile: 215-267-3002

Tyree P. Jones Jr., SBN 127631 (CA)
POLSINELLI
1401 I Street, N.W.,
Washington, DC 2005-3317
Telephone No. (202) 783-3300
tjones@polsinelli.com

Raymond A. Cardozo, SBN 173263 (CA)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone No. (415) 543-8700
Fax No. (415) 391-8269

*Attorneys for Defendant TESLA, INC.*

1        Pursuant to Pretrial Order No. 2, (ECF 65), Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) and Defendant Tesla, Inc. (Tesla), (collectively, the parties), hereby submit the following Joint Stipulation and Proposed Order Regarding a Protocol to Limit Discovery for Potentially Aggrieved Individuals.

        The parties' proposal seeks to reduce some of the expected discovery burdens regarding discovery into the potentially aggrieved individuals. The parties also see benefits in a mechanism for the mutual, rolling exchange of certain documents and information. While the parties seek to manage the discovery volume in this initial stage, they reserve the right to develop their claims and defenses and to articulate to the Court how the next phase of discovery and the case should proceed. *See* ECF 63, p. 8 ". . . [A]the end of the Initial Fact Discovery Period, [the parties] will have a better understanding of our respective claims and defenses, and be better positioned to brief the Court on our proposal(s) for completing fact and expert discovery and resolving any subjects that may aid the Court in narrowing issues and managing the case through trial, such as the appropriateness of bifurcation, the timing of dispositive motions, models of proof."

        In proposing these discovery limitations, the parties do not limit, waive, or prejudice either party's right to seek additional information during the Initial Fact Discovery period or at any point prior to close of discovery. For example, the protocol will not restrict the parties' ability to pursue other information and communications concerning complaints or evidence of racial harassment or retaliation and Tesla's responses to them. Nor shall this protocol limit the objections and defenses otherwise available to the parties in discovery. The parties further do not waive the right to select, propose, or stipulate to other discovery methods during this Initial Fact Discovery periods or in subsequent phases of the case. Lastly, the information exchanged through this protocol does not bind either party to a particular theory, model of proof, or defense, and does not limit either party to only using evidence relating to the PAIs (as defined below).

        The parties are still negotiating their proposed Supplemental ESI Protocol which will also apply to productions of records pursuant to this stipulation.

1. **Proposed Protocol**

    (a) **Scope of Potentially Aggrieved Individuals Subject to Discovery:**

    During the Initial Fact Discovery Period, the parties will limit the direct discovery on the potentially aggrieved individuals (PAIs), hereinafter defined as Black current and former Tesla employees employed since May 29, 2015, at Tesla's Fremont, California factory (ECF 1 p. 1-2), to a subset of those who have specifically sought advice or assistance from the EEOC in connection with this lawsuit to date. At present, EEOC has identified to Tesla roughly 1,100 such individuals (PAIs). The EEOC anticipates that additional individuals will seek the Commission's advice or assistance during discovery, particularly after EEOC receives a more complete class list from Tesla. The EEOC agrees to regularly and timely update Tesla regarding the existence of additional PAIs. During the Initial Fact Discovery Period the parties will not seek records from PAIs except as provided in this protocol, absent a stipulation or court order.

    (b) **Selection Criteria:**

    Each party will select 50 PAIs (100 total) for whom they will each make stipulated disclosures during the Initial Fact Discovery Period. The parties are limited to 10 total depositions during the Initial Fact Discovery Period. *See* ECF 63 p. 9.

    (c) **Disclosures:**

    For each PAI selected during the Initial Fact Discovery Period, parties will produce the following records and information concerning them:

    (1) From Tesla:

    (i) Available employee data (e.g., complete "personnel" records and data, performance evaluations, disciplinary records, termination records, job descriptions, etc.), regardless of how such data is maintained;

    (ii) Non-privileged complaint/investigation records and all related non-privileged correspondence and documentation, if any, concerning allegations of mistreatment based on race, or retaliation;

    (iii) Available records reflecting the identities of the PAI's leads, supervisors and managers, and assigned HR staff, and records reflecting the departments they

worked in, and,

(iv)   Any other document(s) in Tesla's possession upon which it may rely to support its defenses concerning any allegations of harassment or retaliation from the PAI, including but not limited to any relevant declarations produced in or depositions taken in the *CRD* and *Vaughn* cases.

(2)   From the EEOC

(i)   Any non-privileged EEOC records and communications concerning the selected PAI's allegations of harassment or retaliation to the extent not already produced in the litigation;

(ii)   Available diary, journal, calendar entries, and non-privileged communications maintained by the PAI concerning the factual allegations or claims at issue in this lawsuit;

(iii)   Available documentation regarding any complaints submitted by the PAI to Tesla; and

(iv)   Any other available document(s) in the PAI's possession upon which the EEOC may rely to support its claims.

(3)   The EEOC intends to seek items #2(ii)-2(iv) directly from the selected PAIs.

The parties do not agree as to the procedure to be followed if the Commission is unable to obtain this information from the PAIs within the specified deadline. Tesla's position is that the Commission should agree not to oppose Tesla's right to subpoena information in the above-listed categories directly from the PAIs, which is the most efficient and comprehensive method of document collection. The Commission's position is that if either party cannot comply with the Protocol, they should meet and confer and, if necessary, seek appropriate guidance or relief from the Court.

**(d)   Timing of Selections and Disclosures:**

The selections will occur on a rolling basis beginning December 1, 2024, or the first Monday following Court approval of this Protocol, whichever is later. Thereafter, each party may select up to

1  10 PAIs at a time every 90 days with the disclosures due every 90 days after the selection. The
2  parties reserve the right to conduct discovery regarding PAIs in further phases of discovery, up to the
3  close of fact discovery.

4              **(e)    Changes or Modifications to the Protocol:**

5      The parties will meet and confer about the proposed protocol, as may be warranted, after they
6  assess the efficacy of this protocol, and particularly after additional potentially aggrieved individuals
7  are identified. Neither party shall be prejudiced from seeking a modification of these limitations by
8  stipulation or Court order at any time.

9  Dated:  October 30, 2024

10 ROBERTA STEELE                                    KARLA GILBRIDE
11 Regional Attorney                                  General Counsel

12 MARCIA L. MITCHELL                                 CHRISTOPHER LAGE
   Assistant Regional Trial Attorney                  Deputy General Counsel

13 JAMES H. BAKER                                     Office of the General Counsel
14 Senior Trial Attorney                              131 M Street, N.E.
                                                      Washington, D.C. 20507
15 KENA C. CADOR
   Senior Trial Attorney

16 MARIKO ASHLEY
17 Senior Trial Attorney

18 BY:  */s/  James H. Baker*
        James H. Baker
19      U.S. EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
20      San Francisco District Office
        450 Golden Gate Ave., 5th Floor West
21      P.O. Box 36025
        San Francisco, CA 94102
22      Telephone (650) 684-0950
        james.baker@eeoc.gov

23                    *Attorneys for Plaintiff EEOC*

24

25 BY:  */s/           Tyree P. Jones, Jr.*
        Tyree P. Jones Jr., SBN 127631 (CA)
26      POLSINELLI
27      1401 I Street, N.W.,
        Washington, DC 2005-3317
28      Telephone No. (202) 783-3300

tjones@polsinelli.com

*Attorneys for Defendant Tesla Inc.*

**<u>LOCAL RULE 5-1(i)(3) ATTESTATION</u>**

    I, James H. Baker, am the ECF User whose ID and password are being used to file the Joint Case Management Conference Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that Tyree P. Jones concurs in this filing.

Dated: October 30, 2024          */s/ James H. Baker*
                                         James H. Baker, Senior Trial Attorney

**[PROPOSED] ORDER**

The parties' Joint Stipulation Regarding a Protocol to Limit Discovery for Potentially Aggrieved Individuals is hereby ordered as stipulated.

DATED:_____          _____
                                     JACQUELINE SCOTT CORLEY
                                     United States District Judge