ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER JR, SBN 291836 (CA)
KENA C. CADOR, SBN 321094 (CA)
MARIKO M. ASHLEY, SBN 311897 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

CHRISTINA T. TELLADO, SBN 298597 (CA)
MARY VU, SBN 323088 (CA)
POLSINELLI LLP
20249 Century Park East
Suite 2900
Los Angeles, CA 90067
Telephone (310)-556-1801
Fax No. (310)-556-1802
ttellado@polsinelli.com
mvu@polsinelli.com

*Attorneys for Defendant TESLA, INC.*

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>         Plaintiff,<br><br>    vs.<br><br>TESLA, INC.<br><br>         Defendant. | Case No.:  3:23-cv-04984-JSC<br><br>**SECOND UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

| | |
|---|---|
| 1 | SARA A. BEGLEY (*admitted pro hac vice*)<br>DANA E. FEINSTEIN (*admitted pro hac vice*) |
| 2 | POLSINELLI LLP<br>Three Logan Square |
| 3 | 1717 Arch St, Suite 2800<br>Philadelphia, PA 19103 |
| 4 | Telephone: 215-267-3001<br>Facsimile: 215-267-3002 |
| 5 | sbegley@polsinelli.com<br>dfeinstein@polsinelli.com |
| 6 | |
| 7 | TYREE P. JONES JR., SBN 127631 (CA)<br>POLSINELLI |
| 8 | 1401 I Street, N.W.,<br>Washington, DC 2005-3317 |
| 9 | Telephone No. (202) 783-3300<br>tjones@polsinelli.com |
| 10 | RAYMOND A. CARDOZO, SBN 173263 (CA) |
| 11 | REED SMITH LLP<br>101 Second Street, Suite 1800 |
| 12 | San Francisco, California 94105-3659<br>Telephone No. (415) 543-8700 |
| 13 | Fax No. (415) 391-8269<br>rcardozo@reedsmith.com |
| 14 | *Attorneys for Defendant TESLA, INC.* |

Pursuant to the Court's Pretrial Order No. 1 (ECF 65), Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) and Defendant Tesla, Inc. (Tesla), (collectively, the parties), hereby submit the following Updated Joint Case Management Conference Statement (CMC Statement). In accordance with the Court's Pretrial Order No. 2 and Civil Standing Order this CMC Statement only addresses new issues. *See* ECF 65; Civil Standing Order at 2, Section E.

**1. Motions**

There are no pending motions, though the parties are continuing to meet and confer on discovery disputes that they anticipate will be submitted to the Court in Discovery Dispute Letters, summarized below in Section 3 (Discovery).

**2. Evidence Preservation**

The parties are negotiating their proposed Supplemental ESI Protocol which is due to be filed by December 6, 2024. *See* ECF 71. It is unclear whether there will be outstanding disputes to submit to the Court as Tesla's proposed revisions to the EEOC's November 22, 2024 draft are still pending as of the timing of this filing. The Supplemental ESI Protocol will address issues of evidence preservation, including ESI sources and relevant custodians, as well as document searches and review, and privilege log exclusions.

**3. Discovery**

  a. Status

The parties exchanged their first rounds of formal discovery, including requests for production and interrogatories.

On December 2, 2024, in accordance with the parties' Protocol to Limit Discovery for Potentially Aggrieved Individuals (ECF 67-68), the EEOC and Tesla each identified 10 potentially aggrieved individuals (20 total) for whom they will disclose certain information as defined by the protocol. The parties' disclosures for these identified PAIs are due March 3, 2024.

Tesla stated at the parties' December 3 meet and confer video conference that it may need additional information from the EEOC to identify certain individuals in its HRIS systems who have informed the EEOC of their desire to seek legal advice and assistance from the EEOC in connection with this case (Potential Aggrieved Individuals). *See* EEOC-Tesla_0039837-60. Tesla clarified

information it is requesting from the EEOC by correspondence sent on December 5, 2024, and the EEOC will provide its response to Tesla's request, after which the parties will meet and confer as needed. The parties will continue to meet and confer to try to resolve these issues without Court intervention. The parties will be better positioned to assess the efficacy of this protocol and the need for any other changes to the standard discovery rules after this first round of disclosures.

 b. <u>Pending Discovery Disputes</u>

  i. **Identifying Information Concerning Black Employees (Employee List)**

On September 24, 2024, the EEOC issued an Interrogatory pursuant to Fed. R. Civ. P. 33, for identifying information for Black employees at Tesla's Fremont Facility. The parties met and conferred regarding when Tesla would produce the employee list and other disputes concerning Tesla's response to the Interrogatory on November 5, 2024, and December 3, 2024. On December 5, 2024, Tesla produced documents in Relativity format that it states includes a contact list containing names, dates of employment, last known home address, last known email address, last known telephone number, last known job title, last known supervisor, last known job family, last known job function, and separation reason (if applicable) for all Black/African American employees at its Fremont, California factory from May 29, 2015 to May 13, 2024. Tesla's production at 4:00 pm December 5, 2024 was in Relativity format, which the EEOC will need to load into the platform to assess for completeness. Tesla committed to supplement its contact list with the remaining historical job title and supervisor data that it is currently in the process of collecting, and the EEOC seeks a date certain for providing this information, which will enable the EEOC to focus its identification of Potentially Aggrieved Individuals. The parties are finalizing a discovery dispute letter which will be filed no later than Friday, December 6, addressing (1) whether Tesla must produce all identifying information for its Black employees that EEOC requested, specifically the last 4 digits of each person's SSN, and birthdate, to which requests Tesla objected; and (2) a deadline for Tesla to give the EEOC a date certain by which it will identify each Black employee's historical supervisors, departments, and job titles.

ii. **EEOC Communications with plaintiffs in *Department of Fair Employment and Housing v. Tesla, Inc.*, Alameda County Superior Court No. 22CV006830, and *Vaughn, et al. v. Tesla, Inc.*, et al., Alameda County Superior Court No. RG 17882082**

The parties met and conferred on December 3, 2024, regarding EEOC's objections to Tesla's request to produce all certain communications between the EEOC, the California Civil Rights Department, and private plaintiffs' counsel in the aforementioned cases, and to log all privileged communications re: same. Counsel are preparing a discovery dispute regarding this disagreement to be submitted after the EEOC has an opportunity to respond to the draft dispute letter it received on December 5, 2024.

iii. **Deposition transcripts in actions concerning race harassment at Fremont Facility.**

On December 5, 2024, the EEOC requested to meet and confer with Tesla regarding its objections to the EEOC's request to produce deposition transcripts in *Department of Fair Employment and Housing v. Tesla, Inc.*, Alameda County Superior Court No. 22CV006830; and *Vaughn et al., v. Tesla, Inc., et al.*, Alameda County Superior Court No. RG 17882082, as well as other actions raising allegations of harassment based on race (Black or African American) or retaliation at Tesla's Fremont facility. After the parties meet and confer and Tesla learns the substance of the EEOC's concern and has an opportunity to respond to same, this issue will be submitted to the Court in a discovery dispute letter, if necessary.

**4.  Settlement and ADR**

The parties' position that ADR is premature has not changed. The deadline for the parties to select an ADR process is May 26, 2025. *See* ECF 65.

**5.  Privilege**

The parties are continuing to negotiate whether certain categories of documents need not be included on a privilege log. If the parties agree, these stipulations will be detailed in their Supplemental ESI Protocol.

Dated: December 5, 2024

| | |
|---|---|
| ROBERTA STEELE<br>Regional Attorney | KARLA GILBRIDE<br>General Counsel |
| MARCIA L. MITCHELL | CHRISTOPHER LAGE |

| | |
|---|---|
| Assistant Regional Trial Attorney | Deputy General Counsel |
| JAMES H. BAKER<br>Senior Trial Attorney | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |
| KENA C. CADOR<br>Senior Trial Attorney | |
| MARIKO M. ASHLEY<br>Senior Trial Attorney | |

BY:   /s/ James H. Baker
      James H. Baker
      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
      San Francisco District Office
      450 Golden Gate Ave., 5th Floor West
      P.O. Box 36025
      San Francisco, CA 94102
      Telephone (650) 684-0950
      james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

BY:   /s/ Tyree P. Jones Jr.
      Tyree P. Jones Jr., SBN 127631 (CA)
      POLSINELLI
      1401 I Street, N.W.,
      Washington, DC 2005-3317
      Telephone No. (202) 783-3300

*Attorneys for Defendant Tesla Inc.*

## LOCAL RULE 5-1(i)(3) ATTESTATION

I, James H. Baker, am the ECF User whose ID and password are being used to file the Joint Case Management Conference Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that Tyree P. Jones concurs in this filing.

Dated: December 5, 2024            /s/ James H. Baker
                                                          James H. Baker, Senior Trial Attorney