ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER JR, SBN 291836 (CA)
KENA C. CADOR, SBN 321094 (CA)
MARIKO M. ASHLEY, SBN 311897 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

CHRISTINA T. TELLADO, SBN 298597 (CA)
MARY VU, SBN 323088 (CA)
POLSINELLI LLP
20249 Century Park East
Suite 2900
Los Angeles, CA 90067
Telephone (310)-556-1801
Fax No. (310)-556-1802
ttellado@polsinelli.com
mvu@polsinelli.com

*Attorneys for Defendant TESLA, INC.*

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.<br><br>Defendant. | Case No.: 3:23-cv-04984-JSC<br><br>**JOINT UPDATE REGARDING STATUS OF SUPPLMENTAL ESI PROTOCOL** |

| | |
|---|---|
| 1 | SARA A. BEGLEY (*admitted pro hac vice*) |
| 2 | DANA E. FEINSTEIN (*admitted pro hac vice*)<br>POLSINELLI LLP |
|   | Three Logan Square |
| 3 | 1717 Arch St, Suite 2800<br>Philadelphia, PA 19103 |
| 4 | Telephone: 215-267-3001<br>Facsimile: 215-267-3002 |
| 5 | sbegley@polsinelli.com<br>dfeinstein@polsinelli.com |
| 6 | |
|   | TYREE P. JONES JR., SBN 127631 (CA) |
| 7 | POLSINELLI<br>1401 I Street, N.W., |
| 8 | Washington, DC 2005-3317 |
|   | Telephone No. (202) 783-3300 |
| 9 | tjones@polsinelli.com |
| 10 | RAYMOND A. CARDOZO, SBN 173263 (CA) |
|    | REED SMITH LLP |
| 11 | 101 Second Street, Suite 1800<br>San Francisco, California 94105-3659 |
| 12 | Telephone No. (415) 543-8700<br>Fax No. (415) 391-8269 |
| 13 | rcardozo@reedsmith.com |
| 14 | *Attorneys for Defendant TESLA, INC.* |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Pursuant to the Court's Order Granting the Parties' Stipulation to Extend The Deadline to Submit a Second ESI Protocol (ECF 75), Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) and Defendant Tesla, Inc. (Tesla), (collectively, the parties), hereby submit the following joint updates on the status of their efforts to finalize the supplemental ESI protocol.

**1.   EEOC Position**

As the EEOC feared would be the case last Friday (*see* ECF 74), the parties' three-day extension was insufficient for the parties to resolve the supplemental ESI protocol (2nd ESI Protocol). It did not help that the EEOC received Tesla's first round of revisions only on Monday, December 9. *Id*. But the main obstacle, by far, has been a lack of substantive ESI discussions: Tesla has not yet disclosed which of its sources/systems contain relevant ESI, including which are inaccessible, as well as what it has preserved, as of the filing of this update. The EEOC disclosed its ESI sources/systems by letter on April 15, 2024, and expected Tesla to identify its own in the draft supplemental protocol that the EEOC circulated on November 22, which included a section specifically for the purpose. But Tesla did not do so. Yet, this basic information is a predicate to finishing the 2nd ESI Protocol, which is meant to "address issues of ESI sources, relevant custodians, document searches and review, [etc.]" *See* ECF 50, p. 8.

If the parties had not initially sought to defer discussing substantive ESI issues (*see Id*.), then they would have been required topics at the parties' April Rule 26(f) Conference. *See* Rule 26(f) (mandating that the parties, among other things, discuss "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced."); *see also*, Scheindlin & Daniel J. Capa, Electronic Discovery and Digital Evidence 257 (2015) (Rule 26(f) Conference is an "opportunity for the parties to . . . anticipate and resolve electronic discovery disputes before they escalate, expedite the progress of their case, and assess and manage litigation costs.").

This district's ESI guidelines and checklists also reinforce the need for early and robust discussions about ESI, particularly ESI systems and sources. *See* NDCA Guidelines for the Discovery of Electronically Stored Information (Updated December 1, 2015)("At the required Rule 26(f) meet and confer conference, when a case involves electronic discovery, the topics that the

parties should consider discussing include: 1) preservation; 2) systems that contain discoverable ESI . . ."); *see also*, NDCA Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information (Updated December 1, 2015), Section 3 (topics to be discussed include description and location of systems potentially containing ESI). Thus, in accordance with the parties' plans, the Court's orders, and the federal rules, the EEOC has sought to engage in these discussions.

The EEOC does not intend to sift through every grain of sand on all matters ESI-related. Nor does it anticipate resolving all ESI related disputes before the 2nd ESI Protocol can be finalized. But the EEOC cannot engage in meaningful discussions about the protocol, including Tesla's recent proposal to not preserve certain "legacy systems that they no longer have the licenses or software to search," without Tesla disclosing its ESI systems.

Tesla asserted on Tuesday, December 10, that it is still identifying its ESI sources and does intend, at some point, to disclose them to the EEOC.[1] So, the EEOC understands that the main question to be "when," not "whether," Tesla will do so.[2] Therefore, a reasonably prompt timeframe both for sharing information and circulating revisions will enable the parties to narrow, if not resolve, the remaining disagreements in the 2nd ESI Protocol.

Therefore, the EEOC believes the parties would benefit from a specific timeframe for:

1. Identifying ESI sources and systems, including those Tesla believes 1) should be preserved and searched, 2) preserved and not searched, and 3) not preserved, as well as any preservation issues concerning them, and,

2. Exchanging revisions to the draft 2nd ESI Protocol once this information has been provided.

---

[1] It would seem Tesla has had more than enough time in the 14-months that this case has been pending to identify its ESI sources, particularly as the company has already produced some ESI to the EEOC, including emails and employee data for 14,000 of its Black employees. *Cf. McLaughlin vs. Tesla, Inc*., 22-cv-07849-SVK, (NDCA Apr. 19, 2023), Order on Joint Discovery Submission. Dkt. 20 (ordering Tesla to identify relevant custodians and data sources less than five months into litigation).

[2] But if Tesla changes its position on this, then the parties may need to address this issue in a discovery dispute letter.

1    We look forward to discussing these matters at the case management conference.

3    **2.    Tesla's Position**

4    On November 22, 2024, the EEOC first circulated a draft Second ESI Protocol. Due to the technical nature of the protocol, Tesla needed to consult with its ESI liaison prior to entering into specific agreements regarding electronic discovery. As a result, Tesla was unable to provide revisions to the EEOC's draft until December 9, 2024. Tesla then offered to meet and confer at the EEOC's convenience to discuss and reach an agreement on the Second ESI Protocol before the extended deadline of December 11, 2024.

During a meet and confer on December 10, 2024, the EEOC informed Tesla *for the first time* that it might not be able to propose further revisions to the Second ESI Protocol until Tesla provided a list of relevant ESI sources. Despite this, it appeared the parties were close to an agreement on several of the provisions of the protocol as the conference continued. After the call, Tesla expected to receive further revisions from the EEOC in anticipation of reaching at least partial agreement prior to the December 11, 2024 filing deadline. However, in the afternoon of December 11, 2024 that the EEOC indicated it would not be prepared to propose further revisions until it is informed of the ESI sources that have been and will be preserved, including those that Tesla believes are inaccessible, and any preservation issues. At no point prior to December 10, 2024 was Tesla made aware that the Second ESI Agreement could not be agreed upon without a list of relevant ESI sources.

Tesla disagrees with the EEOC's assertion that it has not engaged in substantive ESI discussions with the Commission. Tesla has been forthright in all its discussions with the EEOC and invited its ESI liaison to join the December 10, 2024 discussion to ensure transparency and clarity regarding Tesla's revisions to the Second ESI Protocol. During that conversation, Tesla and its ESI liaison highlighted the challenge of providing a complete list of relevant ESI sources without knowing the specifics of the EEOC's future requests. Despite this challenge, Tesla reiterated that it is actively working on compiling a list of relevant ESI sources and will provide it as soon as possible. Tesla also made it clear that the parties could reach a temporary agreement without

prejudice, preserving the opportunity to address any future concerns the EEOC may have regarding Tesla's relevant ESI source list.

Dated: December 11, 2024

| | |
|---|---|
| ROBERTA STEELE<br>Regional Attorney | KARLA GILBRIDE<br>General Counsel |
| MARCIA L. MITCHELL<br>Assistant Regional Trial Attorney | CHRISTOPHER LAGE<br>Deputy General Counsel |
| JAMES H. BAKER<br>Senior Trial Attorney | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |
| KENA C. CADOR<br>Senior Trial Attorney | |
| MARIKO M. ASHLEY<br>Senior Trial Attorney | |

BY:  /s/ James H. Baker
James H. Baker
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone (650) 684-0950
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

BY:  /s/   Tyree P. Jones Jr.
Tyree P. Jones Jr., SBN 127631 (CA)
POLSINELLI
1401 I Street, N.W.,
Washington, DC 2005-3317
Telephone No. (202) 783-3300

*Attorneys for Defendant Tesla Inc.*

### LOCAL RULE 5-1(i)(3) ATTESTATION

I, James H. Baker, am the ECF User whose ID and password are being used to file the Joint Case Management Conference Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that Tyree P. Jones concurs in this filing.

Dated: December 11, 2024         /s/ James H. Baker
James H. Baker, Senior Trial Attorney