ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
JAMES H. BAKER JR, SBN 291836 (CA)
KENA C. CADOR, SBN 321094 (CA)
MARIKO M. ASHLEY, SBN 311897 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0950
Fax No. (415) 522-3425
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

CHRISTINA T. TELLADO, SBN 298597 (CA)
MARY VU, SBN 323088 (CA)
POLSINELLI LLP
20249 Century Park East
Suite 2900
Los Angeles, CA 90067
Telephone (310)-556-1801
Fax No. (310)-556-1802
ttellado@polsinelli.com
mvu@polsinelli.com

*Attorneys for Defendant TESLA, INC.*

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.<br><br>Defendant. | Case No.: 3:23-cv-04984-JSC<br><br>**THIRD UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

SARA A. BEGLEY (*admitted pro hac vice*)
DANA E. FEINSTEIN (*admitted pro hac vice*)
POLSINELLI LLP
Three Logan Square
1717 Arch St, Suite 2800
Philadelphia, PA 19103
Telephone: 215-267-3001
Facsimile: 215-267-3002
sbegley@polsinelli.com
dfeinstein@polsinelli.com

TYREE P. JONES JR., SBN 127631 (CA)
POLSINELLI
1401 I Street, N.W.,
Washington, DC 2005-3317
Telephone No. (202) 783-3300
tjones@polsinelli.com

RAYMOND A. CARDOZO, SBN 173263 (CA)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone No. (415) 543-8700
Fax No. (415) 391-8269
rcardozo@reedsmith.com

*Attorneys for Defendant TESLA, INC.*

Pursuant to the Court's Pretrial Order No. 1 (ECF 77), Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) and Defendant Tesla, Inc. (Tesla), (collectively, the parties), hereby submit the following Updated Joint Case Management Conference Statement (CMC Statement). In accordance with the Court's Civil Standing Order, this CMC Statement only addresses new issues. *See* ECF 65; Civil Standing Order at 2, Section E.

**1. Motions**

There are no pending motions, though the parties are continuing to meet and confer on the following issues, some of which may be submitted to the Court in Discovery Dispute Letters, summarized below in Section 2 (Pending Discovery Disputes).

**2. Pending Discovery Disputes**

   **a. Supplemental ESI Protocol**

      1) EEOC's Update

The EEOC has sought from Tesla its sources of ESI that it believes to be potentially relevant, the applicate date ranges for these sources, confirmation that Tesla has taken reasonable steps and other information that the District's guidance on ESI anticipates that the parties will meet and confer about. *See* e.g., NDCA Guidelines for the Discovery of Electronically Stored Information (Updated December 1, 2015). This information is predicate to finalizing a 2nd ESI Protocol, as the EEOC explained in the parties' update on the status of the 2nd ESI Protocol. *See* ECF 76. Tesla eventually identified some ESI sources in late-December, which the parties met and conferred about on January 3. On January 6, the EEOC circulated a revised draft ESI Protocol and a separate letter (January 6 Letter) explaining the agency's revisions and inquiring about the sources of ESI that Tesla identified and other potential sources, as well as whether the data on these sources has been preserved. The EEOC awaits Tesla's reply and anticipates that the parties will need to meet next with their respective liaisons.

Besides identifying key ESI sources and confirming their preservation, the main remaining disputes concern:

- The parties' respective relevant date ranges for preserving ESI;
- The date each party's preservation obligation arose;

- Whether Tesla needs to preserve ESI contained in certain sources it describes as "legacy systems" for which it lacks a license or software to access and the identity of those sources;
- Whether the use of search terms to review data, such as emails, should be guided by specific timeframes for the exchange of proposed search terms, reports, counter-proposals, etc., and the information that the parties should disclose during technologically assisted reviews; and,
- The scope of any exclusions to the parties' privilege logs.

As the parties are just now engaging in substantive conversations concerning the ESI sources Tesla identified last month, it is unclear to the EEOC which, of any, of the outstanding disputes will end up before the Court. Tesla's response to the EEOC's January 6 Letter, however, will help to clarify the breadth of any lingering disputes.

2) Tesla's Update

Although Tesla highlighted to the EEOC the difficulty of providing a comprehensive list of relevant ESI sources without knowing the specifics of the EEOC's forthcoming discovery requests, Tesla nonetheless worked diligently to identify potential sources of ESI that it deems relevant and to timely provide same to the EEOC as a basis for further discussion. On December 23, 2024, Tesla submitted its revisions to the Second ESI Protocol, which included its list of potentially relevant ESI sources. On January 3, 2025, the parties met and conferred, and the EEOC posed additional questions to Tesla that it requested Tesla address before the EEOC would agree to the Second ESI Protocol. Tesla requested that the EEOC submit these requests in writing, and the EEOC provided the requests 9:51 pm PT on January 6, 2025. Tesla is in the process of reviewing the EEOC's requests in order to determine whether any additional responsive potential sources of ESI exist, and the preservation dates of same, and will provide an update to the EEOC regarding same. Tesla is committed to continued collaboration with the EEOC regarding the Second ESI Protocol and will provide prompt feedback to the EEOC's correspondence received on January 6, 2025.

While the parties are still in negotiations over the Second ESI Protocol and several terms remain unresolved, Tesla looks forward to continuing to collaborate with the EEOC to reach an agreement and to minimize any outstanding disputes to be brought before the Court. Throughout the process, Tesla continues to emphasize to the EEOC that the parties could reach a temporary

agreement on protocol terms without prejudice, leaving room to address any future concerns the parties may have regarding their respective relevant ESI source lists or their respective "legacy systems."

    **b. EEOC Interrogatory: Identifying Information Concerning Black Employees (Employee List)**

    1) <u>EEOC's Update</u>

On September 24, 2024, the EEOC issued an Interrogatory pursuant to Fed. R. Civ. P. 33, for identifying information for Black employees at Tesla's Fremont Facility. On December 5, 2024, Tesla produced names, dates of employment, last known home address, last known email address, last known telephone number, last known job title, last known supervisor, last known job family, last known job function, and separation reason (if applicable) its Black employees. Although the Interrogatory also sought Social Security Numbers (last four digits) and birth dates for these individuals, the EEOC agreed to relinquish its pursuit of this information without prejudice to seek it later.

Therefore, the only remaining dispute is over outstanding information for an estimated 430 remaining employees. On January 3, Tesla committed to providing the outstanding information early this week. Assuming Tesla does so, then this dispute will be at least temporarily resolved.

    2) <u>Tesla's Update</u>

On January 6, 2025, Tesla produced a supplemental contact list which provided outstanding information for the estimated 430 remaining employees. As such, this dispute is resolved for the time being.

    **c. EEOC Request for Production: Deposition transcripts in actions concerning race harassment at Fremont Facility.**

    1)     <u>EEOC's Update</u>

On September 24, 2024, the EEOC issued a Request for Production for deposition transcripts in any actions alleging harassment based on race (Black or African American) or retaliation at Tesla's Fremont Facility. On January 3, Tesla committed to answering this week whether:

- Tesla will stand on objections to producing any deposition transcripts except for certain non-confidential depositions taken in *Department of Fair Employment and Housing v. Tesla, Inc*.,

Alameda County Superior Court No. 22CV006830; and *Vaughn et al., v. Tesla, Inc., et al.*, Alameda County Superior Court No. RG 17882082, and,

- Tesla has withheld any transcripts for non-confidential depositions taken in these cases.

Once the EEOC has Tesla's answers, the parties will proceed with preparing a discovery dispute letter regarding the remaining disputes.

2) <u>Tesla's Update</u>

The parties met and conferred on January 3, 2025, regarding the EEOC's additional questions about Tesla's production of deposition transcripts. Tesla is actively working to address these questions and expects to provide responses this week.  To the extent that the parties cannot reach agreement regarding same, the parties will submit a discovery dispute letter for the Court's review.

**d. Tesla's Request for Production: EEOC Communications with plaintiffs in Department of Fair Employment and Housing v. Tesla, Inc., Alameda County Superior Court No. 22CV006830, and Vaughn, et al. v. Tesla, Inc., et al., Alameda County Superior Court No. RG 17882082**

1) <u>Tesla's Update</u>

On September 26, 2024, Tesla requested that the EEOC produce documents provided to it by the California Civil Rights Department ("CRD"), private plaintiffs' firms California Civil Rights Law Group and Bryan Schwartz Law, P.C., and/or any other non-party that the EEOC reviewed, relied upon, or otherwise referenced in its investigation and/or litigation of its claims against Tesla. *See* Tesla's First Requests for Production Nos. 12-15. This request encompasses all relevant communications, as per Tesla's definition of "Documents" contained in its First Set of Requests for Production of Documents.[1]  During a meet and confer call on November 4, 2024, the EEOC referenced purported information that led Tesla to understand that the EEOC engaged in communications with non-parties to this litigation that were not produced in response to RFPs 12-15. As a result, on December 4, 2024, Tesla requested that the EEOC supplement its productions to include these additional communications, as well as any other responsive documents that had not yet

---

[1] Tesla's Requests define documents as including "communications, electronic messages, text messages, e-mails, correspondence…any kind of records of meetings or conversations…"

been provided.

The parties met and conferred again regarding this request on January 3, 2025, and the EEOC agreed to provide a privilege log once the Second ESI Protocol is finalized. This log will help clarify the scope of the communications at issue and narrow any disputes over documents that have been withheld. To the extent that the parties cannot reach agreement regarding same following Tesla's review of the EEOC's privilege log, the parties will submit a discovery dispute letter for the Court's review.

    2)    <u>EEOC's Update</u>

The parties have been negotiating, through the 2nd ESI protocol, potential categories of communications and documents that need not be included on a privilege log. This, of course, needs to be finalized before either party can provide a privilege log, which Tesla has requested in connection with this dispute. The EEOC, and presumably Tesla also, is committed to promptly producing an initial privilege log once the 2nd ESI Protocol containing any privilege log exclusions has been finalized. Thereafter, the EEOC's log, which will include the subset of communications with plaintiffs' counsels in the aforementioned cases that Tesla seeks and which the EEOC asserts are protected from disclosure by the common interest doctrine, should inform the parties and Court on the scope of the communications at issue and hopefully narrow this dispute.

    e.  **Additional Information for Potentially Aggrieved Individuals.**

    1)    <u>Tesla's Update</u>

On December 4, 2024, Tesla requested identifying information about approximately 106 individuals who have contacted the EEOC regarding this matter, whom Tesla has not yet been able to identify based on the limited information provided by the EEOC regarding these individuals. The EEOC represented to Tesla that it agreed to provide email addresses and/or phone numbers for each of the identified potentially aggrieved individuals. To the extent Tesla still cannot identify these individuals with the additional information, the parties will meet and confer further.

    2)    <u>EEOC's Update</u>

The EEOC will provide Tesla with email addresses and/or phone numbers for each of the potential aggrieved individuals Tesla has identified, by the end of January. To the extent Tesla later

requests additional information for some of these individuals, the parties can meet and confer further. The EEOC believes this issue can be resolved without additional Court guidance.

Dated: January 7, 2024

| | |
|---|---|
| ROBERTA STEELE<br>Regional Attorney | KARLA GILBRIDE<br>General Counsel |
| MARCIA L. MITCHELL<br>Assistant Regional Trial Attorney | CHRISTOPHER LAGE<br>Deputy General Counsel |
| JAMES H. BAKER<br>Senior Trial Attorney | Office of the General Counsel<br>131 M Street, N.E.<br>Washington, D.C. 20507 |
| KENA C. CADOR<br>Senior Trial Attorney | |
| MARIKO M. ASHLEY<br>Senior Trial Attorney | |

BY:  /s/ James H. Baker
James H. Baker
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone (650) 684-0950
james.baker@eeoc.gov

*Attorneys for Plaintiff EEOC*

BY:  /s/ Tyree P. Jones Jr.
Tyree P. Jones Jr., SBN 127631 (CA)
POLSINELLI
1401 I Street, N.W.,
Washington, DC 2005-3317
Telephone No. (202) 783-3300

*Attorneys for Defendant Tesla Inc.*

## LOCAL RULE 5-1(i)(3) ATTESTATION

I, James H. Baker, am the ECF User whose ID and password are being used to file the Joint Case Management Conference Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that Tyree P. Jones concurs in this filing.

Dated: January 7, 2024             /s/ James H. Baker
James H. Baker, Senior Trial Attorney