Christina T. Tellado (SBN 298597)
ttellado@polsinelli.com
Mary Vu (SBN 323088)
mvu@polsinelli.com
POLSINELLI P.C.
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: 310-556-1801
Facsimile: 310-556-1802

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.<br><br>Defendant. | Case No.: 3:23-cv-04984-JSC<br><br>**DEFENDANTS' SUBMISSION REGARDING PRESERVATION OF SOURCES OF ELECTRONICALLY STORED INFORMATION** |

Sara A. Begley (admitted pro hac vice)
Dana E. Feinstein (admitted pro hac vice)
sbegley@polsinelli.com
dfeinstein@polsinelli.com
POLSINELLI P.C.
Three Logan Square
1717 Arch Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215-267-3001
Facsimile: 215-267-3002

Tyree P. Jones Jr., SBN 127631 (CA)
tjones@polsinelli.com
POLSINELLI P.C.
1401 I Street, N.W., Suite 800
Washington, DC 20005-3317
Telephone: 202-783-3300

Raymond A. Cardozo, SBN 173263 (CA)
rcardozo@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone: 415-543-8700
Facsimile: 415-391-8269

Attorneys for Defendant TESLA, INC.

Pursuant to this Court's February 3, 2025 Order regarding Second ESI Protocol Discovery Dispute (ECF No. 84), Defendant, Tesla, Inc. submits the following information related to its Relevant ESI Sources identified in the parties' Second Stipulated Order Regarding Discovery of Electronically Stored Information for Standard Litigation, Attachment 1, filed with the Court on February 7, 2025 (ECF No. 88).

**Microsoft Outlook Data**

As a matter of practice, Tesla preserves .pst data on all Human Resources, Employee Relations, employees affiliated with Legal and all employees Director level and above. Messages exchanged via Microsoft Teams are also preserved as a matter of practice but Microsoft Teams was launched at Tesla in 2018. Therefore, Teams related data is only available since its inception in 2018. As stated in the parties' Second ESI Protocol, Tesla's email and Teams messages are maintained on the Microsoft Office Outlook system.

With regard to all other users at Tesla, while Tesla has a Records Retention & Disposal Policy, .pst data has not been subject to destruction and therefore is accessible.

**Convercent and CaseIQ**

Tesla also maintains and preserves all internal employee complaints and issues documented in Convercent and CaseIQ since each application's inception [Convercent since mid-2017 and CaseIQ since mid-2023]. Data in these databases is never destroyed.

**Inside Tesla Application**

Finally, Tesla maintains and preserves employment related data within Tesla's MySQL database and employment related documents are stored within the Document Management System ("DMS"). Inside Tesla sources this employment data from the MySQL dataset and DMS.

**OneDrive**

To the extent users store documents on OneDrive, that data is not subject to deletion.

**Tesla-Issued Devices**

With regard to Tesla-issued devices including laptops and cellular phones, when an employee separates from employment at Tesla, and to the extent said employee follows Tesla's protocols for return of Tesla property upon separation, returned devices (laptops, cellular phones) are repurposed or recycled generally within thirty days unless the user is subject to a Legal Hold. However, any documents saved by said employee on Tesla's servers are maintained.

**Document Retention Notices and Legal Holds in Related Matters**

On December 15, 2017 and later on January 7, 2018, Document Retention Notices were issued in relation to *Marcus Vaughn, et al. v. Tesla, Inc.*, Superior Court of Alameda County, No. RG17882082. The Notice required users to preserve data relevant to the allegations in that action for the period November 9, 2016 to the present and was served on a number of custodians including the relevant Human Resources and Employee Relations professionals (who were already subject to a hold). Additionally, the .pst data for each of the Lead Plaintiffs in the *Vaughn* matter and other related witnesses identified in the Complaint in the *Vaughn* matter were also subject to a Legal Hold and the data has been and continues to be preserved.

In April 2022, Document Retention Notices were issued in relation to *DFEH v. Tesla, Inc.*, Superior Court of Alameda County, No. 22cv006830. The Notice required users to preserve data relevant to the allegations in that action, which are broader than those asserted in this action, for the period June 1, 2018 to the present and was served on a number of custodians including the relevant Human Resources and Employee Relations professionals (who were already subject to a hold).

As a matter of practice, Tesla issues Legal Holds once it is served with notice of any Charge filed with the EEOC or the California Civil Rights Department. Additionally, Tesla issues Legal Holds for individuals who received a Notice of Right to Sue from the EEOC or the California Civil Rights Department when provided notice of same.

Tesla is in the process of issuing Legal Holds for the Potentially Aggrieved Individuals recently identified by the EEOC and will continue to do so as the EEOC identifies additional individuals. That said, relevant employment data would not be subject to deletion anyway.

Defendant would also request that for mutual clarity this Court direct the EEOC to identify the specific ESI sources it has preserved for this case, when the preservation order(s) was placed, the beginning date of the preserved ESI, and a general description of the information in each source. The submission shall also identify whether any of the sources of data identified on Exhibit A are inaccessible and why they are inaccessible.

Respectfully submitted,

Dated: February 13, 2025         */s/ Tyree P. Jones, Jr.*
Tyree P. Jones, Jr., SBN 127631 (CA)

*Attorneys for Defendant, Tesla Inc.*