ROBERTA L. STEELE, SBN 188198 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
BEATRIZ ANDRE, SBN 4394599 (NY)
KENA C. CADOR, SBN 321094 (CA)
MARIKO M. ASHLEY, SBN 311897 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone No. (650) 684-0933
Fax No. (415) 522-3425
kena.cador@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TESLA, INC.,<br><br>　　　　　Defendant. | Case No.: 3:23-cv-04984-JSC<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO AMEND JOINT DISCOVERY PROTOCOL AND VACATE DISCOVERY DEADLINES** |

1   Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) respectfully moves to
2   amend the Parties' Joint Stipulation Regarding a Protocol to Limit Discovery for Potentially
3   Aggrieved Individuals (ECF 67 & ECF 68) and to vacate remaining deadlines concerning such
4   individuals until June 17, 2026, when the Parties will present the Court with a proposal for the
5   second and final phase of discovery.

6   In support of this motion the EEOC states the following:

7   1.   On September 28, 2023, the EEOC initiated this lawsuit against Tesla for subjecting
8   Black employees to hostile work environment based on race and retaliation against Black employees
9   who complained of race discrimination, in violation of Sections 706(f)(1) and (3) of Title VII of the
10  Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) (Title VII), and Section
11  102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. *See* ECF 1.

12  2.   On April 12, 2024, Defendant filed its Answer and Affirmative Defenses to Plaintiff's
13  Complaint. (ECF 44)

14  3.   On October 30, 2024, the Parties submitted a proposed protocol that sought to reduce
15  the expected discovery burdens regarding discovery into "potentially aggrieved individuals" or PAIs,
16  defined as "Black current and former Tesla employees employed since May 29, 2015, at Tesla's
17  Fremont, California factory and who specifically sought advice or assistance from the EEOC in
18  connection with the EEOC's lawsuit." (ECF 67). On November 1, 2024, the Court granted the
19  Parties' Joint Stipulation Regarding a Protocol to Limit Discovery for Potentially Aggrieved
20  Individuals (hereinafter the "Protocol"). (ECF 68)

21  4.   On December 5, 2024, and January 6, 2025, Defendant produced names, dates of
22  employment, and last known contact information for its Black employees at Tesla's Fremont
23  California factory. (ECF 78).

24  5.   On April 2, 2025, the EEOC provided to Tesla a supplemental list of PAIs. Thus, the
25  total number of PAIs the EEOC disclosed to date is just over 4,200.

26  6.   To date, the Parties have identified 80 PAIs that would be subject to stipulated
27  disclosures under the Protocol. The Parties have also made stipulated disclosures as to 60 PAIs.

28  7.   If the Parties were to complete the remaining procedures set forth in the Protocol the

Parties would identify an additional 20 PAIs that would be subject to stipulated disclosures and would need to complete stipulated discovery as to 40 PAIs. Specifically, the remaining PAI related deadlines in this case are as follows (ECF 103):

    a.   January 27, 2026: 5th Round of PAI Selections:

    b.   February 24, 2026:  Disclosures for 4th Round PAI Selections

    c.   April 28, 2026: Disclosures for 5th Round PAI Selections

    d.   May 18, 2026: Complete Initial Fact Discovery Period

8. At this time however—given the status of the EEOC's outreach to PAIs and upcoming ADR process—the EEOC respectfully requests these remaining deadlines be vacated and the Parties submit a new proposal on or before June 17, 2026.

**The EEOC's Outreach to PAIs and Identification of Aggrieved Individuals**

9. Throughout the Initial Fact Discovery Period, and in conjunction with the Protocol, the EEOC conducted outreach to PAIs.  The EEOC is now prepared to begin a rolling disclosure of Aggrieved Individuals—Black employees employed at Tesla's Fremont facility with viable claims on whose behalf the EEOC will seek monetary relief at trial.  Aggrieved Individuals are among the Black employees the EEOC has already identified to Tesla as PAIs.

10. On or before January 30, 2026, the EEOC will disclose to Tesla approximately 250 Aggrieved Individuals. The EEOC will continue to disclose Aggrieved Individuals to Tesla on a rolling basis. The EEOC expects that it will disclose an additional 300-500 Aggrieved Individuals during the subsequent discovery phase.

11. Due to the EEOC's diligent discovery efforts, the issues in this case have been significantly narrowed and now focus on the claims of hundreds of disclosed Aggrieved Individuals. Accordingly, the EEOC seeks to tailor future discovery efforts to focus on the disclosed Aggrieved Individuals.

**ADR Process**

12. To date, the Parties have met and conferred regarding an Alternative Dispute Resolution procedure.  The Parties agree to private mediation and are in the process of selecting a mediator. The Parties anticipate mediation to take place in or around March or April of 2026.

13.  In the interest of preparing for mediation, the EEOC seeks to vacate the remaining deadlines under the Protocol to enable the Parties to continue to focus on preparing for mediation.

**Vacate Remaining Deadlines & New Discovery Protocol for Second/Final Phase**

14.  Should this matter not resolve through settlement discussions and mediation efforts, the Parties will submit to the Court on or before June 17, 2026, a proposed protocol for the next phase of the litigation.

15.  The EEOC believes that, at this juncture, the remaining deadlines under the Protocol do not serve to advance the narrowed issues in the case, namely, the need to focus on Aggrieved Individuals and preparation for settlement negotiations pursuant to the Parties' chosen ADR process. For this reason, the EEOC believes that efficiency will be served by vacating remaining deadlines until the Parties submit a new joint proposal to the Court in June 2026.

16.  A schedule may be modified for good cause. *See* FRCP 16(b)(4). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff EEOC has been diligent in its discovery efforts. Since the beginning of the Initial Fact Discovery Phase and continuing through to the present, the EEOC has engaged in extensive discovery to identify, locate, and interview over 4,000 current and former Tesla employees who sought the EEOC's advice and assistance in connection with this lawsuit. To date, the EEOC has identified approximately 250 individuals on whose behalf the EEOC will seek monetary relief at trial, and expects to identify an additional 300-400 Aggrieved Individuals during the subsequent discovery phase.

17.  Moreover, the EEOC's motion to vacate remaining discovery deadlines concerning PAIs is not sought for any improper purpose or delay. The EEOC seeks to amend the scheduling order in part to allow the Parties to explore whether they can efficiently and effectively settle this Action through private mediation and conserve judicial resources. Given the circumstances, the EEOC has been diligent and good cause exists to grant the instant motion.

18.  The Parties will file a joint status report regarding settlement no later than June 17, 2026, or 30 days after the Parties' final mediation session, whichever occurs first.

19. Accordingly, for the reasons stated herein, good cause exists to grant the motion to vacate remaining discovery deadlines concerning PAIs.

20. The EEOC has met and conferred with Tesla counsel who have authorized EEOC to represent to the Court that Tesla does not oppose this motion.

Dated: January 13, 2026

| ROBERTA STEELE | CATHERINE ESCHBACH |
| Regional Attorney | Acting General Counsel |
| | |
| BEATRIZ ANDRE | CHRISTOPHER LAGE |
| Assistant Regional Attorney | Deputy General Counsel |
| | |
| KENA C. CADOR | GWENDOLYN YOUNG REAMS |
| Senior Trial Attorney | Associate General Counsel |

Office of the General Counsel
131 M Street, N.E.
Washington, D.C. 20507

BY:  */s/ Kena C. Cador*
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA 94102
Telephone (650) 684-0953
Kena.cador@eeoc.gov

*Attorneys for Plaintiff EEOC*