DAMIEN A. LEE SBN 430135 (DC)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Seattle Field Office
909 First Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 576-3038
Email: damien.lee@eeoc.gov

MARCIA L. MITCHELL, SBN 18122 (WA)
BEATRIZ ANDRE, SBN 4394599 (NY)
KENA C. CADOR, SBN 321094 (CA)
MARIKO M. ASHLEY, SBN 311897 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
450 Golden Gate Ave., 5th Floor West
P.O. Box 36025
San Francisco, CA  94102
Telephone No. (650) 684-0933
Fax No. (415) 522-3425
Kena.cador@eeoc.gov

*Attorneys for Plaintiff EEOC*

Christina T. Tellado (SBN 298597)
ttellado@polsinelli.com
Mary Vu (SBN 323088)
mvu@polsinelli.com
POLSINELLI LLP
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: 310-556-1801
Facsimile: 310-556-1802

(*Additional counsel listed on next page*)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>TESLA, INC.<br><br>Defendant. | Case No.:  3:23-cv-04984-JSC<br><br>**JOINT STIPULATION AND ~~PROPOSED~~ ORDER RE PROTOCOL FOR PHASE TWO DISCOVERY** |

SARA A. BEGLEY (*admitted pro hac vice*)
DANA E. FEINSTEIN (*admitted pro hac vice*)
POLSINELLI LLP
Three Logan Square
1717 Arch St, Suite 2800
Philadelphia, PA 19103
Telephone: 215-267-3001
Facsimile: 215-267-3002
sbegley@polsinelli.com
dfeinstein@polsinelli.com

TYREE P. JONES JR., SBN 127631 (CA)
POLSINELLI
1401 I Street, N.W.,
Washington, DC 2005-3317
Telephone No. (202) 783-3300
tjones@polsinelli.com

RAYMOND A. CARDOZO, SBN 173263 (CA)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California 94105-3659
Telephone No. (415) 543-8700
Fax No. (415) 391-8269
rcardozo@reedsmith.com

*Attorneys for Defendant TESLA, INC.*

Pursuant to the Court's June 24, 2026 Pretrial Order, (ECF 112), Plaintiff U.S. Equal Employment Opportunity Commission (EEOC) and Defendant Tesla, Inc. (Tesla), (collectively, the Parties), hereby submit the following Joint Stipulation Regarding a Protocol for Phase Two Discovery and Proposed Order.

## I. PURPOSE

This Protocol will govern discovery in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, The First Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation (ECF 55), The Second Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation (ECF 88), and any other applicable orders and rules.

## II. PENDING DISPUTES

The Parties agree to meet and confer on or before July 24, 2026, regarding the following pending discovery disputes:

a. EEOC Communications with plaintiffs in *Department of Fair Employment and Housing v. Tesla, Inc.*, Alameda County Superior Court No. 22CV006830, and *Vaughn, et al. v. Tesla, Inc.*, et al., Alameda County Superior Court No. RG 17882082

b. EEOC's Interrogatories and Requests for Production of Information (RFPs) to Tesla

Should the Parties be unable to reach agreement as to the above, they will submit to the court a Joint Dispute Letter on or before August 14, 2026.

## III. PROTOCOL PROPOSAL

The Parties' proposal limits certain factual issues, number of discovery requests, and deposition hours for the second phase of discovery in this case. The protocol is intended to make large-scale discovery in this case efficient and manageable to the Court and the Parties, and focus discovery on core, relevant information

### A. Discovery Deadlines

The Parties shall issue all discovery requests at least two (2) months prior to Phase 2 discovery cut-off.

### B. Discovery as to Aggrieved Individuals

Discovery requests pertaining to Aggrieved Individuals between the parties shall be limited to the following topics: (1) work conditions, (2) employment at Tesla, and (3) damages. Such limitation ensures that large-scale discovery is focused on most relevant information at issue in this case.

Tesla and the EEOC's discovery will be further limited as follows:

 i. Interrogatories will be limited to twenty (20) interrogatories that apply to all Aggrieved Individuals, and to seven (7) individual-specific interrogatories for each identified Aggrieved Individual.

 ii. Requests for production will be limited to twenty-five (25) requests for production that apply to all Aggrieved Individuals, and to ten (10) individual-specific requests for each identified Aggrieved Individuals.

 iii. Requests for admission will be limited to twenty-five (25) requests for admission that apply to all Aggrieved Individuals, and to ten (10) individual-specific requests for each identified Aggrieved Individuals.

Tesla shall provide the EEOC with at least one month notice of each claimant who it seeks to depose during Phase 2 discovery. Moreover, Tesla shall be limited to 600 deposition hours for Aggrieved Individual depositions.

### C. Non-Aggrieved Individual Discovery

The EEOC shall be limited to 400 hours of deposition time to depose Tesla/Employee Witnesses (e.g., supervisors, managers, leads, employee relations officials, executives, operations officials) and non-Tesla witnesses (e.g., non-management or supervisory employees who are witnesses to harassment). The 400-hour limit shall not apply to witnesses designated to testify as Rule 30(b)(6) witnesses. Rule 30(b)(6) witness depositions shall proceed as per FRCP.

The EEOC will serve on Tesla, discovery focused on Tesla actions, conduct, and policies. Topics will include: (1) policies and procedures from 2016 through the present (e.g., complaint procedures, investigative procedures, training); (2) information pertaining to Employee Relations (e.g., policies, investigations, actions); and (3) information pertaining to operations at Fremont Factory sufficient to understand the organization of the factory (e.g. layout of the factory, workers at

the factory to uncover potential witnesses to alleged harassment).

Party discovery not related to Aggrieved Individuals will be limited as follows:

    i.    Interrogatories will be limited to twenty (20) additional interrogatories.

    ii.    Requests for production will be limited to forty (40) additional requests for production.

    iii.    Requests for admission will be limited to ten (10) requests for admission.

### D.    Third Party Discovery

Topics for third-party discovery shall include damages and mitigation information from other employers, and records from treating providers to the extent discovery alleges more than garden variety emotional distress. The Parties shall sequence third-party discovery to occur after depositions of selected Aggrieved Individuals. Such third-party discovery shall only apply to Aggrieved Individuals alleging retaliatory termination or constructive discharge, or seeking economic damages including backpay or frontpay. Discovery will be further limited as follows:

    i.    Within 15 days of conducting the deposition of an identified Aggrieved Individual, Tesla shall provide notice to the EEOC of the Rule 45 subpoena before issuance;

    ii.    The Parties shall confer as soon as practicable on objections.

## IV.    MODIFICATION

Should either party require amending these discovery limitations and protocols, the parties will first attempt to reach agreement on amendment and reduce that agreement to writing. Neither party shall be prejudiced from seeking a modification of these limitations by stipulation or Court order at any time.

Dated: July 8, 2026

BEATRIZ BISCARDI ANDRE
Acting Regional Attorney
Los Angeles District Office

DAMIEN A. LEE
Acting Regional Attorney
San Francisco District Office

MARCIA L. MITCHELL
Assistant Regional Trial Attorney

KENA C. CADOR
Senior Trial Attorney

MARIKO M. ASHLEY
Senior Trial Attorney


BY:  /s/ Kena C. Cador
      Kena C. Cador
      U.S. EQUAL EMPLOYMENT
      OPPORTUNITY COMMISSION
      San Francisco District Office
      450 Golden Gate Ave., 5th Floor West
      P.O. Box 36025
      San Francisco, CA 94102
      Telephone (650) 684-0933
      kena.cador@eeoc.gov

                    *Attorneys for Plaintiff EEOC*


BY:  /s/ Tyree P. Jones                                    .
      Tyree P. Jones Jr., SBN 127631 (CA)
      POLSINELLI
      1401 I Street, N.W.,
      Washington, DC 2005-3317
      Telephone No. (202) 783-3300
      tjones@polsinelli.com

                  *Attorneys for Defendant Tesla Inc.*



## LOCAL RULE 5-1(i)(3) ATTESTATION

I, Kena C. Cador, am the ECF User whose ID and password are being used to file the Joint Case Management Conference Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that Tyree P. Jones concurs in this filing.

Dated: July 8, 2026                    /s/ Kena C. Cador
                                        Kena C. Cador, Senior Trial Attorney

[PROPOSED] ORDER

The Parties' Protocol for Phase Two Discovery is hereby ordered as stipulated.

DATED: July 9, 2026

_____
HON. JACQUELINE SCOTT CORLEY
United States District Judge